United States Bankruptcy Court
Southern District of Texas

**ENTERED**

February 03, 2026

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>CARBON HEALTH TECHNOLOGIES, INC., et al.,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 26-90306 (CML)<br><br>(Jointly Administered |

### INTERIM ORDER (I) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS; (II) AUTHORIZING CONTINUANCE OF EXISTING CASH MANAGEMENT SYSTEM; (III) AUTHORIZING CONTINUANCE OF INTERCOMPANY TRANSACTIONS AND FUNDING; (IV) GRANTING LIMITED WAIVER OF SECTION 345(b) DEPOSIT REQUIREMENTS; AND (V) GRANTING RELATED RELIEF

(Related Docket No. 5)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Interim Order"), (i) authorizing the Debtors to (a) continue operating the Cash Management System, (b) honor and pay the Bank Fees in the ordinary course, including any prepetition Bank Fees, and (c) maintain existing business forms and books and records; (ii) continue certain intercompany transactions and funding; (iii) granting a waiver of the deposit and investment requirements imposed by section 345(b) of the Bankruptcy Code as to certain Bank Accounts; and (iv) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with

---

[1]   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth.The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

[2]   A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      Subject to the limitations of this Interim Order, the Debtors are authorized, but not directed, to: (a) continue using the Cash Management System in the ordinary course of business and honor any prepetition obligations related to the use thereof; (b) designate, maintain, close, and continue to use on an interim basis any or all of their existing Bank Accounts, including, but not limited to, the Bank Accounts identified on Exhibit 1 attached to the Motion, in the names and with the account numbers existing immediately before the Petition Date; (c) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, electronic fund transfers, ACH transfers, and other debits or electronic means; (d) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts; and (e) open new debtor-in-possession Bank Accounts; *provided* that in the case of each of (a) through (e), such action is taken in the ordinary course of business and consistent with prepetition practices.

2.      The Debtors are authorized to continue using, in their present form, the Business Forms, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date; *provided* that once the Debtors have exhausted their existing stock of Business Forms, they shall ensure that any new Business Forms are clearly labeled "Debtor in Possession" as soon as it is reasonably practicable to do so. To the extent the Debtors print any new checks or use any electronic Business Forms, they will include the designation "Debtor in Possession" and the corresponding bankruptcy number on all such checks as soon as reasonably practicable.

3.      To the extent any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have until thirty (30) days following entry of this Interim Order, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code or to make other arrangements to which the U.S. Trustee agrees; *provided* that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The Debtors may obtain a further extension of the time-period referenced above by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

4.      The relief granted in this Interim Order is extended to any new bank account opened by the Debtors subject to the terms of this Interim Order, in the ordinary course of business after the date hereof, which account shall be deemed a "Bank Account," and to the bank at which such account is opened, which bank shall be deemed a "Bank."

5.      The Debtors are authorized to open new bank accounts so long as (a) any such new account is with a bank (i) that is insured with the FDIC or the Federal Savings and Loan Insurance

Corporation, (ii) that is designated as an authorized depository by the U.S. Trustee or is subject to arrangements acceptable to the U.S. Trustee, and (iii) that agrees to be bound by the terms of this Interim Order, and (b) the Debtors provide notice to the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases; *provided* that all accounts opened by any of the Debtors on or after the Petition Date at any bank shall, for purposes of this Interim Order, be deemed a Bank Account as if it had been listed on Exhibit 1 attached to the Motion.

6.      Nothing contained herein shall prevent the Debtors from closing any Bank Accounts as they may deem necessary and appropriate, to the extent consistent with any orders of this Court relating thereto. Any relevant Bank is authorized to honor the Debtors' requests to close such Bank Accounts, and the Debtors shall provide reasonable prior written notice of the closure of any account to the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases.

7.      Those certain prepetition deposit, cash management, and treasury services agreements, if any, existing between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks and, subject to applicable bankruptcy or other law, all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, offset rights, and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with any Bank (including, for the avoidance of doubt, any rights of a Bank to use funds from the Bank Accounts to remedy any overdraft of another Bank Account to the extent permitted under the applicable deposit agreement), unless the Debtors and such Bank agree otherwise in the ordinary course of business consistent with prepetition practices (provided that any such changes are in accordance with the terms of this Interim Order), and any other legal rights

and remedies afforded to the Banks under applicable law shall be preserved, subject to applicable bankruptcy law.

8.      Except as otherwise expressly provided in this Interim Order and only to the extent sufficient funds are available in each applicable Bank Account, all Banks at which the Bank Accounts are maintained are authorized to continue to administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course of business consistent with prepetition practices, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wire transfers, and ACH and other transfers issued, whether before or after the Petition Date, including any transfers drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided* that the Debtors will instruct the Banks as to which checks, drafts, wire, or other transfers (excluding any wire transfers or ACH transactions that the Banks are obligated to settle), or other items presented, issued, or drawn, shall not be honored. Except for those checks, drafts, wires, or other ACH transfers that are authorized or required to be honored under an order of the Court, no Debtor shall instruct or request any Bank to pay or honor any check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Bank for payment after the Petition Date. All such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

9.      Notwithstanding anything to the contrary herein, any payment to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with the Cash Collateral Orders. To the extent there is any inconsistency between the terms of the Cash Collateral Order or the Approved Budget (as defined in the Cash Collateral order), on the one

hand, and this Order, on the other hand, the terms of the Cash Collateral Order and Approved Budget, as applicable, shall control.

10.     The Banks are authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (a) all checks drawn on the Debtors' accounts that are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of the Debtors' accounts with such Bank prior to the Petition Date that have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

11.     Subject to the terms set forth herein, any bank, including the Banks, may rely upon the representations of the Debtors with respect to whether any check, draft, wire payment, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors any such prepetition payment drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

12.     All banks maintaining any of the Bank Accounts that are provided with notice of this Interim Order shall not honor or pay any bank payments drawn on the Bank Accounts or

otherwise issued before the Petition Date for which the Debtors specifically issue stop payment orders in accordance with the documents governing such Bank Accounts. The Cash Management Banks may rely, without a duty of inquiry, upon the failure of the Debtors to issue a stop payment order with respect to any item, whether such item is issued prepetition or postpetition, as a direction by the Debtors that such item be paid.

13.     Any banks, including the Banks, are further authorized to honor the Debtors' directions with respect to the opening and closing of any Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; *provided* that the Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

14.     Except as otherwise provided in this Interim Order, the Banks are authorized to charge, and the Debtors are authorized, but not directed, to pay, honor, or allow prepetition and postpetition Bank Fees, whether such items were deposited prepetition or postpetition, to the Bank Accounts in the ordinary course of business consistent with prepetition practices. Any such postpetition Bank Fees that are not so paid shall be entitled to priority as administrative expenses pursuant to section 503(b)(1) of the Bankruptcy Code.

15.     The Debtors are authorized, but not directed, to continue Intercompany Transactions, pay Intercompany Claims, and to take any actions related thereto so long as such Intercompany Transactions, the payment of such Intercompany Claims and such other related actions are on the same terms as, and materially consistent with, the Debtors' operation of the business in the ordinary course during the prepetition period. All Intercompany Claims on account of valid postpetition transfers from a Debtor to another Debtor be accorded administrative expense status, subject and junior only to the claims, including adequate protection claims, granted in

connection with the Debtors' use of cash collateral, and in accordance with the Cash Collateral Orders; *provided* that any Intercompany Claims on account of an antecedent debt shall not be accorded administrative expense status. The Debtors shall maintain accurate, current, and detailed records of all transfers, including Intercompany Transactions and the payment of Intercompany Claims, so that all transactions may be readily ascertained, traced, recorded properly on applicable intercompany accounts, and distinguished between prepetition and postpetition transactions. Debtors shall make such records available to the U.S. Trustee and any statutory committee upon request. To the extent that the transfers within the Cash Management system are disbursements, they will be noted and reflected on the monthly operating reports and post confirmation reports filed by Debtors.

16.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing contained in the Motion or this Interim Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim or finding that any particular claim is an administrative expense claim or other priority claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Interim Order are valid and the Debtors and all

other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens. Any payment made pursuant to this Interim Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

17.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

18.     The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' Chapter 11 Cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Interim Order.

19.     Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, authorizing or approving any postpetition debtor-in-possession financing or use of cash collateral for the Debtors (such orders, the "DIP Order") and any budget in connection with any such post-petition debtor-in-possession financing or use of cash collateral authorized herein. To the extent there is any inconsistency

between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

20.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

21.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

22.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

23.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

24.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

25.     A final hearing to consider the relief requested in the Motion shall be held on February 27, 2026 at 1:00 p.m. (prevailing Central Time) and any objections or responses to the Motion shall be filed on or prior to February 20, 2026 at 4:00 p.m. (prevailing Central Time).

Signed:  February 03, 2026

Christopher Lopez
United States Bankruptcy Judge