United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 03, 2026
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| CARBON HEALTH TECHNOLOGIES, INC., et al., | Case No. 26-90306 (CML) |
| Debtors. [1] | (Jointly Administered) |

### INTERIM ORDER (I) ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON (A) CERTAIN TRANSFERS OF INTERESTS IN DEBTORS AND (B) CERTAIN WORTHLESS STOCK DEDUCTION CLAIMS; AND (II) GRANTING RELATED RELIEF

(Related Docket No. 7)

Upon the motion, (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to sections 362 and 105(a) of the Bankruptcy Code (i) establishing procedures to protect the potential value of the Debtors' net operating loss carryforwards and other tax benefits (collectively, the "Tax Attributes") for use during the Chapter 11 Cases and in connection with any post-emergence disposition of assets of the Debtors; and (ii) granting related relief, as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth.The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion with respect to the Stock Procedures; and all objections, if any, to the Motion with respect to the requested relief pertaining to Stock Procedures having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Debtors' Tax Attributes are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code.

2.      The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "Stock Procedures") are approved and shall apply to all trading and transfers in the beneficial ownership of, and claiming a Worthless Stock Deduction with respect to, CHTI Stock (including directly and indirectly, and including Options to acquire beneficial ownership of CHTI Stock); *provided, that*, the Debtors may, in their sole and exclusive discretion, waive in writing, any and all restrictions, stays, and notification procedures set forth in the Stock Procedures. The Debtors shall provide the Court with notice of any such waiver.

3.      Absent further order of this Court to the contrary, any acquisition, disposition, or trading in the beneficial ownership of, or claiming a Worthless Stock Deduction with respect to its beneficial ownership of CHTI Stock (including directly and indirectly, and including Options to

acquire beneficial ownership of CHTI Stock) in violation of the Stock Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

4.     Any person or Entity (as such term is defined in section 1.382-3(a) of the U.S. Department of Treasury Regulations promulgated under the Tax Code ("Treasury Regulations") acquiring (including by exercising any right of conversion), disposing of, and/or trading in the beneficial ownership of CHTI Stock (including directly and indirectly, and including Options to acquire beneficial ownership of CHTI Stock) in violation of this Order or the Stock Procedures, or otherwise failing to comply with their requirements, including with respect to claiming a Worthless Stock Deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code.

5.     The notices substantially in the form annexed here to as **Exhibit 2** through **Exhibit 6** are hereby approved in every respect.

6.     As soon as is practicable following the date hereof, and in any event, no more than (3) business days of the entry of the Order, the Debtors will have the notice (the "Notice of Stock Procedures") annexed hereto as **Exhibit 6** served upon registered holders of CHTI Stock. Furthermore, within three (3) business days of the entry of the Order, the Debtors will send the Notice of Stock Procedures to (i) the Securities and Exchange Commission; (ii) any other party entitled to notice pursuant to Bankruptcy Rule 2002; and (iii) any other party entitled to notice pursuant to Local Rule 9013-1(d).  The Debtors shall also post the Notice of Stock Procedures to a website established by the Debtors' claims and noting agent, Epiq Corporate Restructuring, LLC (which website shall be identified in the Notice of Stock Procedures), such notice being reasonably

calculated to provide notice to all parties that may be affected by the Stock Procedures and Claims Procedures, whether known or unknown, and no further notice of the Stock Procedures being necessary.

7.      Nothing herein shall preclude any person or Entity desirous of acquiring or transferring any beneficial ownership in, or claiming a Worthless Stock Deduction with respect to its beneficial ownership of, CHTI Stock (including directly or indirectly, and including Options to acquire beneficial ownership of CHTI Stock), from requesting relief from this Order from this Bankruptcy Court, subject to the rights of the Debtors and other parties-in-interest to oppose such relief.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice thereof.

9.      The relief granted in this Order is intended solely to permit the Debtors to protect, preserve and maximize the value of their Tax Attributes. Accordingly, to the extent that this Order expressly conditions or restricts trading in its beneficial ownership of, or claiming a Worthless Stock Deduction with respect to, CHTI Stock (including Options to acquire beneficial ownership of CHTI Stock), nothing in this Order or in the Motion shall be deemed to prejudice, impair or otherwise alter or affect rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under the any chapter 11 plan or any applicable bankruptcy court order.

10.     The requirements of Bankruptcy Rule 6003(b) have been satisfied.

11.     Notice of this Motion is adequate under Bankruptcy Rule 6004(a).

12.     Notwithstanding anything in the Bankruptcy Code or Bankruptcy Rules, including Bankruptcy Rule 6004(h), to the contrary, this Order shall be immediately effective and enforceable upon its entry.

13.     The requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3001(e), applicable securities, corporate and other laws, and do not excuse compliance therewith.

14.     The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

15.     This Court shall retain exclusive jurisdiction and power to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

16.     A hearing to consider the relief requested in the Motion with respect to the Claims Procedures shall be held on February 27, 2026 at 1:00 p.m. (Prevailing Central Time). Objections must be filed with the Court so as to be received no later than 4:00 p.m. (Prevailing Central Time) on February 2026.

Signed:  February 03, 2026

Christopher Lopez
United States Bankruptcy Judge

# **EXHIBIT 1**

**(*Stock Procedures*)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CARBON HEALTH TECHNOLOGIES, INC., et al., | Case No. 26-90306 (CML) |
| Debtors. [1] | (Joint Administration Requested) |

**NOTICES, RESTRICTIONS, AND OTHER PROCEDURES
REGARDING (A) CERTAIN TRANSFERS OF INTERESTS IN
DEBTORS AND (B) CERTAIN WORTHLESS STOCK DEDUCTION CLAIMS**

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS:[2]**

Pursuant to that certain *Order (I) Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in Debtors and (B) Certain Worthless Stock Deduction Claims; and (II) Granting Related Relief* [Docket No. ____] (the "Order") entered by the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") on February __, 2026, the following restrictions, notification requirements, and/or other procedures apply to all trading and transfers in the beneficial ownership of CHTI Stock (including directly and indirectly, and Options to acquire beneficial ownership of CHTI Stock), and all claims of Worthless Stock Deductions by a Majority Holder with respect to its beneficial ownership of CHTI Stock.

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth. The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

[2]    A capitalized term used but not defined herein shall have the meaning ascribed to it in the Order.

A.   **Stock Procedures**

(i)     <u>Definitions Relating to Trading in Stock</u>. For purposes of these Procedures regarding CHTI Stock Ownership, Acquisition, and Disposition (the "<u>Stock Procedures</u>"), the following terms have the following meanings:

(1)     "<u>CHTI Stock</u>" shall mean any stock issued by Debtor CHTI. For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire CHTI Stock may be treated as the owner of such CHTI Stock.

(2)     "<u>Option</u>" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent, subject to vesting or otherwise not currently exercisable.

(3)     "<u>Beneficial ownership</u>" (and any variation thereof including "beneficially owns") of CHTI Stock and Options to acquire CHTI Stock shall be determined in accordance with applicable rules under section 382 of the Tax Code, Treasury Regulations, and rulings issued by the Internal Revenue Service (the "<u>IRS</u>"), and as provided herein, thus, shall include, without limitation, (i) direct and indirect ownership of CHTI Stock, without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire CHTI Stock.

(4)     "<u>Entity</u>" shall mean any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

(5)     "<u>Majority Holder</u>" shall mean any person that either (i) beneficially owned at any time since December 31, 2025 at least 61,917,982 shares of CHTI Stock (representing approximately 45.0% of the lowest amount of outstanding shares of CHTI Stock at any time since that date (approx. 137,595,516 shares)), or (ii) would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of CHTI Stock if such person claimed a Worthless Stock Deduction on its federal income tax return at any time on or after the Petition Date.

(6)     "<u>Substantial Stockholder</u>" shall mean any person or Entity that beneficially owns at least 6,535,787 shares of CHTI Stock (representing approximately 4.75% of all issued and outstanding common shares as of the Petition Date (approx. 137,595,516 shares)). For the avoidance of doubt, by operation of the definition of Beneficial Ownership, an owner of an Option to acquire CHTI Stock may be treated as the owner of such CHTI Stock.

(7)     "<u>Worthless Stock Deduction</u>" shall mean any claim (for U.S. federal income tax reporting purposes) of a worthlessness deduction under section 165 of the Tax Code with respect to the beneficial ownership of CHTI Stock.

(8)    "Disclosure Parties" shall mean  (i) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, Attn: James O'Neill (joneill@pszjlaw.com) and Brooke Wilson (bwilson@pszjlaw.com), (ii) counsel to the DIP Agent, KTBS Law LLP, Attn: Nir Maoz (nmaoz@ktbslaw.com) and (iii) counsel for any statutory committee of unsecured creditors appointed in these cases.

(ii)    Notice of Substantial Ownership. Any person or Entity that beneficially owns, at any time on or after the Petition Date, CHTI Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with the Bankruptcy Court, and serve upon the Disclosure Parties, a notice (a "Substantial Stock Ownership Notice") in substantially the form annexed to the Order as **Exhibit 2**, which describes specifically and in detail the person's or Entity's beneficial ownership of CHTI Stock, on or before the date that is the later of: (a) twenty (20) calendar days after the entry of the Order, and (b) ten (10) business days after that person or Entity qualifies as a Substantial Stockholder. At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with this Court (but not the Substantial Stock Ownership Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of CHTI Stock that the Substantial Stockholder beneficially owns.

(iii)    Acquisition of CHTI Stock. At least twenty (20) business days prior to the proposed date of any transfer in the beneficial ownership of CHTI Stock (including directly or indirectly, and including the grant or acquisition of Options, as defined herein, to acquire beneficial ownership of such stock), or exercise of any Option to acquire beneficial ownership of CHTI Stock, that would result in an increase in the amount of CHTI Stock beneficially owned by any person or Entity that currently is or that would result in a person or Entity becoming a Substantial Stockholder (a "Proposed Acquisition Transaction"), such acquiring or increasing person, Entity or Substantial Stockholder (a "Proposed Transferee") shall file with the Bankruptcy Court, and serve upon the Disclosure Parties, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate CHTI Stock (an "Acquisition Notice"), in the form annexed to the Order as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction. At the election of the Proposed Transferee, the Acquisition Notice to be filed with this Court (but not the Acquisition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Proposed Transferee's taxpayer identification number and the amount of CHTI Stock that the Proposed Transferee beneficially owns.

(iv)    Disposition of CHTI Stock. At least twenty (20) business days prior to the proposed date of any transfer or other disposition in the beneficial ownership of CHTI Stock (including directly and indirectly, and Options to acquire beneficial ownership of CHTI Stock) that would result in either a decrease in the amount of CHTI Stock beneficially owned by a Substantial Stockholder or a person or Entity ceasing to be a Substantial Stockholder (a "Proposed Disposition Transaction," and together with a Proposed Acquisition Transaction, a "Proposed Transaction"), such selling or decreasing person, Entity, or Substantial Stockholder (a "Proposed Transferor") shall file with the Bankruptcy Court, and serve upon the Disclosure Parties, a Notice of Intent to Sell, Trade, or Otherwise Transfer CHTI Stock (a "Disposition Notice", and together with an Acquisition Notice, a "Trading Notice"), in the form annexed to the Order as **Exhibit 4**, which describes specifically and in detail the proposed transaction in which CHTI Stock would be transferred. At the election of the Proposed Transferor, the Disposition Notice to be filed with this Court (but not the Disposition

Notice that is served upon the Disclosure Parties) may be redacted to exclude the Proposed Transferor's taxpayer identification number and the amount of CHTI Stock that the Proposed Transferor beneficially owns.

        (v)    <u>Notice of Intent to Claim a Worthless Stock Deduction.</u> At least twenty (20) business days before a Majority Holder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Holder ending on or before the effective date of a chapter 11 plan for the Debtors, such Majority Holder shall file with this Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "<u>Worthless Stock Deduction Notice</u>"), in substantially the form annexed to the Order as **<u>Exhibit 5</u>**. At the election of the Majority Holder, the Worthless Stock Deduction Notice to be filed with this Court (but not the Worthless Stock Deduction Notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Holder's taxpayer identification number and the amount of CHTI Stock that the Proposed Transferor beneficially owns.

        (vi)    <u>Objection Procedures.</u> The Debtors shall have fifteen (15) business days after the filing of a Trading Notice or Worthless Stock Deduction Notice (the "<u>Objection Period</u>") to file with the Bankruptcy Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, an objection (an "<u>Objection</u>") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction Notice. For the avoidance of doubt, the Debtors do not seek to limit the rights that any other parties in interest may have to object to any Proposed Transaction. If the Debtors file an Objection by the expiration of the Objection Period (the "<u>Objection Deadline</u>"), then the Proposed Transaction shall not be effective unless approved by a final and non-appealable order of the Bankruptcy Court. If the Debtors do not file an Objection by the Objection Deadline or if the Debtors provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Holder, as applicable, approving the Proposed Transaction or the Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or the Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction Notice. Any further Proposed Transaction or Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

## C.    <u>Noncompliance with the Procedures.</u>

        Any acquisition, disposition, or trading in the beneficial ownership of, or Worthless Stock Deduction with respect to, CHTI Stock (including directly and indirectly, and Options to acquire beneficial ownership of CHTI Stock) in violation of the Stock Procedures shall be null and void *ab initio* pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code and as an act in violation of the automatic stay under section 362 of the Bankruptcy Code. Furthermore, any person or Entity that acquires, disposes of, or trades in the beneficial ownership of, or claims a Worthless Stock Deduction with respect to, CHTI Stock (including directly and indirectly, and Options to acquire beneficial ownership of CHTI Stock) in violation of the Stock Procedures shall be subject to sanctions as provided by law.

**D.**     <u>**Debtors' Right to Waive.**</u>

The Debtors may, in their sole and exclusive discretion, waive, in writing, any and all of the foregoing restrictions, stays, and notification procedures.

## EXHIBIT 2

### (*Form of Substantial Stock Ownership Notice*)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CARBON HEALTH TECHNOLOGIES, INC., et al., | Case No. 26-90306 (CML) |
| Debtors. [1] | (Joint Administration Requested) |

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

      **PLEASE TAKE NOTICE** that, pursuant to that certain *Order (I) Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in Debtors and (B) Certain Worthless Stock Deduction Claims; and (II) Granting Related Relief* [Docket No. [●]]*, dated* [●] (collectively with all exhibits thereto, the "<u>Order</u>"), [Name of Filer] (the "<u>Filer</u>") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

      (i)      _____ shares of CHTI Stock,[2] and/or

      (ii)     Options to acquire _____ shares of CHTI Stock.

      **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is_____.

      **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

      For CHTI Stock and/or Options to acquire CHTI Stock that are owned directly by the Filer, the following table sets forth (i) the number of such shares, and/or the number of shares subject to Options beneficially owned by such Filer, and (ii) the date(s) on which such shares and/or Options were acquired.

      In the case of CHTI Stock and/or Options to acquire CHTI Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of such shares of CHTI Stock and/or Options to acquire shares of CHTI Stock beneficially owned by the Filer, (ii) the number of shares of CHTI Stock and/or the number of shares of CHTI Stock subject to Options beneficially owned by such Filer and (iii) the date(s) on which such CHTI Stock and/or Options were acquired.

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth.The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

[2]    A capitalized term used but not defined herein shall have the meaning ascribed to it in the Order.

| Name of Owner | Shares Owned | Shares Subject to Options | Date(s) Acquired |
|---|---|---|---|
|  |  |  |  |

(attach additional pages if necessary)

[[IF APPLICABLE] The Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).]

Respectfully submitted,

[Name of Filer] _____

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

# EXHIBIT 3

**(*Form of Acquisition Notice*)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>CARBON HEALTH TECHNOLOGIES, INC., et al.,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 26-90306 (CML)<br><br>(Joint Administration Requested) |

**NOTICE OF INTENT TO PURCHASE,
ACQUIRE OR OTHERWISE ACCUMULATE CHTI STOCK**

  **PLEASE TAKE NOTICE** that, pursuant to that certain *Order (I) Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in Debtors and (B) Certain Worthless Stock Deduction Claims; and (II) Granting Related Relief* [Docket No. [●]], dated [●] (collectively with all exhibits thereto, the "Order"), [Name of Filer] (the "Filer") hereby provides notice of (i) its intention to purchase, acquire or otherwise accumulate directly (a) one or more shares of CHTI Stock,[2] (b) and/or Options to acquire CHTI Stock and/or (ii) a proposed purchase or acquisition of CHTI Stock and/or Options to acquire CHTI Stock that would result in an increase in the number of shares of CHTI Stock and/or number of shares underlying Options that are beneficially owned (as defined below) by the Filer (any proposed transaction described in (i) or (ii), a "Proposed Transfer").

  **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

  1. If the Proposed Transfer involves the purchase or acquisition directly by the Filer of CHTI Stock and/or Options to acquire CHTI Stock, the table sets forth (i) the number of shares of CHTI Stock and/or the number of shares of CHTI Stock underlying Options proposed to be purchased or acquired, and (ii) the date(s) of such Proposed Transfer.

  2. If the Proposed Transfer involves the purchase or acquisition of CHTI Stock and/or Options to acquire CHTI Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of CHTI Stock and/or number of shares of CHTI Stock underlying Options that are beneficially owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of CHTI Stock and/or Options, (ii) the number of shares of CHTI Stock and/or number of shares of CHTI

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth.The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Order.

Stock underlying Options proposed to be purchased or acquired, and (iii) the date(s) of such Proposed Transfer (broken out by class, as applicable).

| Name of Purchaser or Acquirer | Shares to be Purchased or Acquired | Shares Subject to Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|
|  |  |  |  |

(attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of CHTI Stock and/or Options to acquire CHTI Stock assuming the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the Proposed Transfer, (i) number of shares of CHTI Stock and/or the number of shares of CHTI Stock underlying Options that would be owned <u>directly</u> by the Filer and (ii) in the case of any beneficial ownership by the Filer of CHTI Stock and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner, and the number of shares of CHTI Stock and/or the number of shares of CHTI Stock underlying Options that would be owned by each such record/legal owner:

| Name of Owner | Shares to be Owned | Shares Underlying Options to be Owned |
|---|---|---|
|  |  |  |

(attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a purchase or acquisition of CHTI Stock and/or Options to acquire CHTI Stock directly by the Filer and such Proposed Transfer would result in (i) an increase in the beneficial ownership of CHTI Stock and/or Options to acquire CHTI Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (a) the name of each such person or Entity, the number of shares of CHTI Stock and/or the number of shares of CHTI Stock underlying Options that are beneficially owned by such person or Entity prior to the Proposed Transfer, and the number of shares of CHTI Stock and/or the shares of CHTI Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer.

| Name of Beneficial Owner | Shares Owned Prior to Proposed Transfer | Shares to be Owned Following Proposed Transfer | Shares Underlying Options prior to Proposed Transfer | Shares Underlying Options Following Proposed Transfer |
|---|---|---|---|---|
|  |  |  |  |  |

(attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is_____.

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, this Notice is being filed with the Bankruptcy Court and served upon the Disclosure Parties.

**PLEASE TAKE FURTHER NOTICE** that, *if the Debtors file an objection to the Proposed Transfer within fifteen (15) business days after the filing of this Notice, the Proposed Transfer described herein shall not be effective, unless approved by a final and non- appealable order of the Bankruptcy Court*. If the Proposed Transfer is approved by the Debtors, then such Proposed Transfer may proceed solely as specifically described in this Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions that may result in the Filer increasing its beneficial ownership of CHTI Stock and/or Options to acquire CHTI Stock will each require an additional notice filed with the Bankruptcy Court to be served in the same manner as this Notice.

[[IF APPLICABLE] The Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).]

Respectfully submitted,

[Name of Filer]_____

By:_____
Name: _____

Address: _____

_____
Telephone: _____
Facsimile: _____
Date: _____

# **EXHIBIT 4**

## (***Form of Disposition Notice***)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CARBON HEALTH TECHNOLOGIES, INC., et al., | Case No. 26-90306 (CML) |
| Debtors. [1] | (Joint Administration Requested) |

**NOTICE OF INTENT TO SELL, TRADE
OR OTHERWISE TRANSFER CHTI STOCK**

> **PLEASE TAKE NOTICE** that, pursuant to that certain *Order (I) Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in Debtors and (B) Certain Worthless Stock Deduction Claims; and (II) Granting Related Relief* [Docket No. [●]]*, dated [●]* (collectively with all exhibits thereto, the "Order"), [Name of Filer] (the "Filer") hereby provides notice of (i) its intention to sell, trade or otherwise transfer or dispose of (a) one or more shares of CHTI Stock[2] and/or (b) Options to acquire CHTI Stock; (ii) a proposed sale, transfer or disposition of CHTI Stock and/or (iii) Options to acquire CHTI Stock that would result in a decrease in the number of shares of CHTI Stock and/or number of shares of CHTI Stock underlying Options to acquire CHTI Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) through (iii), a "Proposed Transfer").

> **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

> 1.  If the Proposed Transfer involves the sale, transfer or disposition directly by the Filer of CHTI Stock and/or Options to acquire CHTI Stock, the table sets forth (i) the number of shares of CHTI Stock and/or the number of shares of CHTI Stock underlying Options proposed to be sold, transferred or disposed of, and (ii) the date(s) of such Proposed Transfer.

> 2.  If the Proposed Transfer involves the sale, transfer or disposition of CHTI Stock and/or Options to acquire CHTI Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of CHTI Stock and/or number of shares of CHTI Stock underlying Options that are beneficially owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to sell, transfer or dispose of such CHTI Stock and/or Options, (ii) the number of shares of CHTI Stock and/or number of shares of CHTI

---

[1]   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth. The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

[2]   A capitalized term used but not defined herein shall have the meaning ascribed to it in the Order.

Stock underlying Options proposed to be so sold, transferred or disposed of, and (iii) the date(s) of such Proposed Transfer (broken out by class, as applicable).

| Name of Transferor | Shares to be Sold, Transferred or Disposed | Shares to be Sold, Transferred or Disposed | Date(s) of Proposed Transfer |
|---|---|---|---|
|  |  |  |  |

(attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of CHTI Stock and/or Options to acquire CHTI Stock assuming the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the Proposed Transfer, (i) number of shares of CHTI Stock and/or the number of shares of CHTI Stock underlying Options that would be owned <u>directly</u> by the Filer and (ii) in the case of any beneficial ownership by the Filer of CHTI Stock and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner, and the number of shares of CHTI Stock and/or the number of shares of CHTI Stock underlying Options that would be owned by each such record/legal owner:

| Name of Owner | Shares to be Owned | Shares Underlying Options to be Owned |
|---|---|---|
|  |  |  |

(attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a sale, transfer or disposition of CHTI Stock and/or Options to acquire CHTI Stock directly by the Filer and such Proposed Transfer would result in (i) a decrease in the beneficial ownership of CHTI Stock and/or Options to acquire CHTI Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (a) the name of each such person or Entity, the number of shares of CHTI Stock and/or the number of shares of CHTI Stock underlying Options that are beneficially owned by such person or Entity prior to the Proposed Transfer, and the number of shares of CHTI Stock and/or the shares of CHTI Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer.

| Name of Beneficial Owner | Shares owned Prior to Proposed Transfer | Shares Owned Following Proposed Transfer | Shares Underlying Options Owned Prior to Proposed Transfer | Shares Underlying Options to be Owned Following Proposed Transfer |
|---|---|---|---|---|
|  |  |  |  |  |

(attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is_____.

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, this Notice is being filed with the Bankruptcy Court and served upon the Disclosure Parties.

**PLEASE TAKE FURTHER NOTICE** that *if the Debtors file an objection to the Proposed Transfer within fifteen (15) business days after the filing of this Notice, the Proposed Transfer described herein shall not be effective, unless approved by a final and non-appealable order of the Court*. If the Proposed Transfer is approved by the Debtors, then such Proposed Transfer may proceed solely as specifically described in this Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions that may result in the Filer decreasing its beneficial ownership of CHTI Stock and/or Options to acquire CHTI Stock will each require an additional notice filed with the Court to be served in the same manner as this Notice.

[[IF APPLICABLE] The Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).]

Respectfully submitted,


[Name of Filer]_____

By:_____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

# <u>EXHIBIT 5</u>

### (*Form of Worthless Stock Deduction Notice*)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CARBON HEALTH TECHNOLOGIES, INC., et al., | Case No. 26-90306 (CML) |
| Debtors. [1] | (Joint Administration Requested) |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

**PLEASE TAKE NOTICE** that, pursuant to that certain *Order (I) Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in Debtors and (B) Certain Worthless Stock Deduction Claims; and (II) Granting Related Relief* Docket No. [●]], dated [●], 2026 (collectively with all exhibits thereto, the "Order"), [Name of Filer] (the "Filer") hereby provides notice of its intention to claim a Worthless Stock Deduction[2] with respect to its beneficial ownership of CHTI Stock (a "Proposed Deduction").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2026, the Filer filed a Declaration of Status as a Majority Holder with this Court.

**PLEASE TAKE FURTHER NOTICE** that the Filer currently beneficially owns_____ shares of CHTI Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to its beneficial ownership of shares of CHTI Stock. If the Proposed Deduction is permitted to occur, the Filer will be treated as having acquired beneficial ownership of ___ shares of CHTI Stock on the first day of the Filer's next taxable year and shall be treated as never having owned such CHTI Stock during any prior year for the purposes of testing whether an Ownership Change has occurred.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is_____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of its knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth.The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

[2] Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in the Order.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,


[Name of Filer] _____

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

**<u>EXHIBIT 6</u>**

(***Notice of Stock Procedures***)

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF, (I) STOCK ISSUED BY CARBON HEALTH TECHNOLOGIES, INC. AND (II) CERTAIN CLAIMS AGAINST CARBON HEALTH TECHNOLOGIES, INC. OR ITS AFFILIATES:**

On [_____, 2026], the United States Bankruptcy Court for the Southern District of Texas (the "Court"), having jurisdiction over the chapter 11 cases of Carbon Health Technologies, Inc. ("CHTI"), and its affiliates (collectively, the "Debtors"), captioned as *In re Carbon Health Technologies, Inc., et al.*, Case No. 26-90306 (CML) (the "Chapter 11 Cases"), entered an order establishing procedures (the "Stock Procedures")[1] with respect to (i) transfers in the beneficial ownership (including directly or indirectly) of, and claiming a worthless stock deduction with respect to the beneficial ownership of, stock of the Debtors ("CHTI Stock") and options to acquire beneficial ownership of CHTI Stock. *See Order (I) Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in Debtors and (B) Certain Worthless Stock Deduction Claims; and (II) Granting Related Relief* [Docket No. ●] (the "Order").[2]

In certain circumstances, the procedures restrict transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that either (i) is a Substantial Stockholder of CHTI Stock or (ii) as a result of such a transaction, would become a Substantial Stockholder of CHTI Stock or (iii) claims by any Majority Holder of a worthless stock deduction under section 165 of the Internal Revenue Code with respect to the beneficial ownership of CHTI Stock (a "Worthless Stock Deduction"). For purposes of the Stock Procedures, a "Substantial Stockholder" is any person or entity (within the meaning of applicable U.S. Treasury regulations, including certain persons making a coordinated acquisition) that beneficially owns at least [#] shares of CHTI Stock (representing approximately 4.75% of all issued and outstanding common shares as of the Petition Date (approx. [#] shares)), or a "Majority Holder" shall mean any person that either (i) beneficially owned at any time since December 31, 2025 at least [#] shares of CHTI Stock (representing approximately 45.0% of the lowest amount of outstanding shares of CHTI Stock at any time since that date (approx. [#] shares)), or (ii) would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of CHTI Stock if such person claimed a Worthless Stock Deduction on its federal income tax return at any time on or after the Petition Date. ***Any prohibited acquisition or other transfer of, or claim of a Worthless Stock Deduction with respect to, CHTI Stock (including options to acquire beneficial ownership of CHTI Stock) will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.***

In addition, the Debtors have requested approval of additional Claims Procedures, to be considered at a continuation of the hearing, that set forth certain circumstances under which any person, group of persons, or entity that has acquired or, as a result of a proposed transaction would acquire, beneficial ownership of a substantial amount of claims against the Debtors can be required (i) to file notice of their holdings of such claims and of such proposed transaction, which transaction may be restricted, and (ii) upon a subsequent order of the Bankruptcy Court, after notice and

---

[1]   The Stock Procedures are annexed to the Order (defined herein) as Exhibit 1.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Order and the Stock Procedures.

hearing, to sell, by a specified date following the confirmation of a chapter 11 plan of the Debtors, all or a portion of any claims acquired during the Chapter 11 Cases.

***The Stock Procedures, are available on the website of the Debtors' Court-approved claims agent, Kroll Restructuring Administration LLC located at https://restructuring.ra.kroll.com/CarbonHealth, and also on docket of the Chapter 11 Cases, Docket No. 26-90306 (CML), which can be accessed via PACER at https://www.pacer.gov.***

**PLEASE TAKE FURTHER NOTICE** that the continuation of the hearing to consider the Claims Procedures shall be held on **[●], 2026, at [●] (Central Time)** and any objections or responses to the Motion shall be in writing, filed with the Court and served upon (i) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, at 700 Louisiana Street, Suite 4500, Houston Texas, 77002, Attn: James O'Neill (joneill@pszjlaw.com); (ii) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Jayson B. Ruff (jayson.b.ruff@usdoj.gov) and Ha Nguyen (ha.nguyen@usdoj.gov); and (iii) counsel for any statutory committee of unsecured creditors appointed in these cases in each case so as to be received no later than **4:00 p.m. on [●], 2026.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Stock Procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse non-compliance therewith.

**A direct or indirect holder of, or prospective holder of, CHTI Stock that may be or become a Substantial Stockholder, or a direct or indirect holder of, or prospective holder of, a substantial amount of claims against the Debtors, should consult the Stock Procedures.**

Dated:      [●], 2026

**BY ORDER OF THE COURT**