United States Bankruptcy Court
Southern District of Texas

**ENTERED**

February 03, 2026

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| CARBON HEALTH TECHNOLOGIES, INC., et al., | Case No. 26-90306 (CML) |
| Debtors. [1] | (Jointly Administered |

### ORDER (I) ESTABLISHING NOTIFICATION PROCEDURES
### AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF
### CLAIMS AGAINST DEBTORS; AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to sections 105(a) and 362 of the Bankruptcy Code (i) establishing certain procedures to protect the potential value of the Debtors' net operating loss carryforwards and other tax benefits (collectively, the "Tax Attributes") for use during these Chapter 11 Cases and in connection with any post-emergence disposition of assets of the Debtors; and in future periods; and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that

---

[1]   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth. The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having entered an Order with respect to the Stock Procedures on [●], 2026; and all objections, if any, to the Motion with respect to the requested relief pertaining to the Claims Procedures having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors' Tax Attributes are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code.

2. The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "Claims Procedures") are approved and shall apply to all trading and transfers in the beneficial ownership of, and claiming a Worthless Stock Deduction with respect to CHTI Stock (including directly and indirectly, and including Options to acquire beneficial ownership of CHTI Stock); *provided, that*, the Debtors may, in their sole and exclusive discretion, waive in writing, any and all restrictions, stays, and notification procedures set forth in the Claims Procedures.

3. Any acquisition, disposition, or trading in the beneficial ownership of Claims against the Debtors, in violation of the Claims Procedures shall be null and void *ab initio* pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code and as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

4. The notices substantially in the form annexed hereto as **Exhibit 2** through **Exhibit 5** are approved in every respect.

5.     Within three (3) business days of the entry of the Order, the Debtors will send the notice (the "Notice of Claims Procedures") annexed hereto as **Exhibit 5** to (i) the Securities and Exchange Commission; (ii) any other party entitled to notice pursuant to Bankruptcy Rule 2002; and (iii) any other party entitled to notice pursuant to Local Rule 9013-1(d). The Debtors shall also post the Claims Procedures to a website established by *Kroll Restructuring Administration LLC* (which website shall be identified in the Notice of Claims Procedures), such notice being reasonably calculated to provide notice to all parties that may be affected by the Claims Procedures, whether known or unknown, and no further notice of the Claims Procedures being necessary.

6.     Notice of the Motion as provided in therein and in the Stock Procedures Order shall be deemed good and sufficient notice of the Motion.

7.     Nothing herein shall preclude any person or entity desirous of acquiring or transferring any beneficial ownership of Claims against the Debtors from requesting relief from this Order from this Court, subject to the rights of the Debtors and other parties-in-interest to oppose such relief.

8.     The requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3001(e), applicable securities, corporate and other laws, and do not excuse compliance therewith.

9.     The relief granted in this Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Order expressly conditions or restricts trading in the beneficial ownership of Claims against the Debtors, nothing in this Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of, or Claims against the Debtors, including in

connection with the treatment of any such Claims under the Debtors' chapter 11 plan or any applicable bankruptcy court order.

10.     Entry of this order is not a determination that a Sell-Down Notice is necessary or warranted in this case and this Court's review of any request for the entry of a Sell-Down Notice shall be subject to notice and a hearing, thereby preserving the right of any affected party to oppose the entry of a Sell-Down Notice.

11.     Notwithstanding anything in the Bankruptcy Code or Bankruptcy Rules, including Bankruptcy Rule 6004(h), to the contrary, this Order shall be immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

13.     This Court shall retain exclusive jurisdiction and power to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed:  February 03, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

# EXHIBIT 1

**(*Claim Procedures*)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CARBON HEALTH TECHNOLOGIES, INC., et al., | Case No. 26-90306 (CML) |
| Debtors. [1] | (Joint Administration Requested) |

**NOTICES, RESTRICTIONS, AND OTHER PROCEDURES
REGARDING CERTAIN TRANSFERS OF CLAIMS AGAINST THE DEBTORS**

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN OR CLAIMS
AGAINST THE DEBTORS:[2]**

Pursuant to that certain *Order (I) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against Debtors; and (II) Granting Related Relief* [Docket No. ●] (the "Order") entered by the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") on February [●], 2026, the following restrictions, notification requirements, and/or other procedures apply to all trading and transfers in the beneficial ownership of Claims against the Debtors.

## **PROCEDURES**

A.    **Claims Procedures**

(i)    Definitions. For purposes of these procedures governing claims against the Debtors (the "Claims Procedures"), the following terms have the following meanings:

(1)    "Post-Emergence CHTI" means the post-emergence Debtors or any successor thereto.

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth.The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

[2]    A capitalized term used but not defined herein shall have the meaning ascribed to it in the Order.

(2)     "New CHTI Stock" means the common stock and any other equity securities (including securities that are treated as equity securities for U.S. federal income tax purposes) of Post-Emergence CHTI, including Options to acquire the same.

(3)     "Entity" shall mean any "entity" as such term is defined in section 1.382-3(a) of title 26 of the Code of Federal Regulations (the "Treasury Regulations"), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of Claims or New CHTI Stock.

(4)     A "Claim" means any claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors arising out of or relating to the period prior to the Petition Date, whether secured or unsecured.

(5)     "Option" includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent, subject to vesting or otherwise not currently exercisable.

(6)     A "382(l)(5) Plan" means a plan that contemplates the use of section 382(l)(5) of the title 26 of the United States Code (the "Tax Code") by a debtor to obtain certain incremental tax benefits.

(7)     "Beneficial ownership" of a Claim or Owned Interest means:

a.     the beneficial ownership of a Claim or Owned Interest (as hereinafter defined) as determined in accordance with applicable rules under section 382 of the Tax Code, the Treasury Regulations, rulings issued by the Internal Revenue Service (the "IRS"), and the rules described herein (for such purpose, a Claim or Owned Interest is treated as if it were stock) and, thus shall include, without limitation, (A) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to have beneficial ownership of all Claims or Owned Interests owned or acquired by its subsidiaries), (B) ownership by a holder's family members, and (C) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of Claims, Owned Interests, and/or stock; and

b.     the beneficial ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired) with respect to a Claim or Owned Interest.

c.     For the avoidance of doubt, beneficial ownership of a Claim or Owned Interests also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Claim or Owned Interests pursuant to a Plan or any applicable bankruptcy court order.

(8)     "Threshold Amount" means an amount of Claims that, when taking into account the Owned Interests that a holder of Claims has beneficial ownership of (including under the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage (as hereinafter defined) of New CHTI Stock. For this purpose, the beneficial ownership

of an Option to acquire Owned Interests shall be considered beneficial ownership of Owned Interests.

Notwithstanding the foregoing, if a beneficial owner of Claims does not agree to refrain from acquiring beneficial ownership of additional Owned Interests (as hereinafter defined) and Options to acquire the same or to dispose of immediately any such Owned Interests or Options (if acquired on or after the Petition Date but prior to submitting its Notice of Substantial Claim Ownership (as hereinafter defined)), the Threshold Amount for such beneficial owner of Claims shall be the amount of Claims a holder of Claims has beneficial ownership of continuously from the Petition Date to the Sell-Down Date (as hereinafter defined).

(9)    A "Substantial Claimholder" means any person or Entity that has beneficial ownership of an aggregate dollar amount of Claims against the Debtors, or any Entity controlled by such person or Entity through which such person or Entity has beneficial ownership of Claims against the Debtors, of more than the Threshold Amount.

For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or Entities must be aggregated when determining a person's (including an Entity's) status as a Substantial Claimholder (for such purpose, a Claim is treated as if it were stock).

(10)    "Applicable Percentage" means, if only one class of New CHTI Stock is to be issued pursuant to the terms of a 382(l)(5) Plan and holders within each class of Claims receiving New CHTI Stock will receive a *pro rata* distribution of the New CHTI Stock, 4.75% of the number of shares of New CHTI Stock that the Debtors reasonably estimate will be outstanding immediately after the effective date of such 382(l)(5) Plan, as determined for U.S. federal income tax purposes. If more than one class of New CHTI Stock is to be distributed pursuant to the terms of a 382(l)(5) Plan or if holders within a class of Claims may receive a disproportionate distribution of New CHTI Stock relative to other holders in the same class, the Applicable Percentage shall be determined by the Debtors in their reasonable judgment, in a manner consistent with the estimated range of values for the equity to be distributed (as reflected in the valuation analysis set forth in the 382(l)(5) Plan and disclosure statement) and shall be expressed in a manner that makes clear the number of shares or other interests in each class of New CHTI Stock that would constitute the Applicable Percentage.

(11)    "Holdings Report" means a Notice of Substantial Claim Ownership (as hereinafter defined) received by the Debtors with respect to the Determination Date

(12)    "Maximum Amount" means the maximum amount of Claims (by class or other applicable classification of Claims) that may be held, as of the effective date of the 382(l)(5) Plan, by a Substantial Claimholder that was a Substantial Claimholder as of the Determination Date, which the Debtors shall calculate as follows:

a.    Based upon the information provided by the Substantial Claimholders in the Holdings Reports, the Debtors shall calculate the aggregate amount of Claims that all such Substantial Claimholders must sell as a group to effectuate the 382(l)(5) Plan (the "Sell-Down Amount");

b.      The Debtors shall calculate for each Substantial Claimholder the amount of such Substantial Claimholder's *pro rata* share of the Sell-Down Amount (*i.e.*, the Sell-Down Amount multiplied by a fraction, (x) the numerator of which is the excess, if any, of the amount of Claims identified in such Substantial Claimholder's Holdings Report minus the greater of (A) the applicable Threshold Amount and (B) the Protected Amount for such Substantial Claimholder, and (y) the denominator of which is the sum of the numerators aggregate computed for all Substantial Claimholders; and

c.      For each such Substantial Claimholder, the Debtors shall subtract from the total Claims held by such Substantial Claimholder (as reported in the Holdings Report) such Substantial Claimholder's *pro rata* share of the Sell-Down Amount. The result shall be the Maximum Amount.

(13)    "Newly Traded Claims" means Claims (i) with respect to which a person or Entity acquired beneficial ownership after the date that was eighteen (18) months prior to the Petition Date and (ii) that are not "ordinary course" Claims, within the meaning of Treasury Regulations section 1.382-9(d)(2)(iv), of which the same person or Entity always has had beneficial ownership.

(14)    A "Permitted Transferee" with respect to a Substantial Claimholder is a person or Entity whose holding of a Claim would not result in such Substantial Claimholder having beneficial ownership of such Claim.

(15)    "Protected Amount" means the amount of Claims (by class or other applicable classification) of which a holder had beneficial ownership on the Petition Date *plus* the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Petition Date, but that had not yet closed as of the Petition Date, and the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into after the Petition Date that have been approved by the Debtors in accordance with these Procedures minus the amount of Claims of which such holder sells, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Petition Date, but that had not yet closed as of the Petition Date. For the avoidance of doubt, there shall be included in the Protected Amount of a claimant that is an insurer under an insurance policy, a guarantor or an issuer of a letter of credit or similar security arrangement as described in Treasury Regulations section 1.382-9(d)(5)(ii)(G) on the Petition Date, any Claims transferred to such claimant pursuant to a subrogation under such insurance policy or such guarantee, letter of credit or similar security arrangement on or after the Petition Date (without the need for any prior approval by the Debtors), so long as such transfer is not for a principal purpose of obtaining New CHTI Stock or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii).

(ii)    Disclosure of 382(l)(5) Plan. If the proponent of a Plan (a "Plan Proponent") determines that the Debtors likely will benefit from the application of section 382(l)(5) of the Tax Code and reasonably anticipates that Post-Emergence CHTI will invoke such section, then the Plan Proponent, in proposing a 382(l)(5) Plan shall, to the extent applicable, disclose the following in

its proposed disclosure statement or, in the case of items (3) through (5) below, a later, separate notice (collectively, the "Proposed 382(l)(5) Disclosure Statement"):

(1)      Adequate information about the incremental tax benefits anticipated to be realized through the use of section 382(l)(5) of the Tax Code that, taking into account the Debtors' anticipated net unrealized built-in gains or net unrealized built-in losses, would not otherwise be available;

(2)      A summary of any restrictions expected to be imposed on the transferability of securities issued under the Plan in order to preserve such incremental tax benefits;

(3)      The (i) dollar amount of Claims (by class or other applicable classification) expected to result in a one-percent (1%) interest in New CHTI Stock and (ii) number of any specified interests ("Owned Interests") in the Debtors which shall include, but not necessarily be limited to, CHTI Stock expected to result in a one-percent (1%) interest in New CHTI Stock, in each case based upon then-available information;

(4)      A specified date (the "Determination Date") that is not less than ten (10) calendar days after the service of the notice of the hearing with respect to the Proposed 382(l)(5) Disclosure Statement; and

(5)      A specified date (the "Reporting Deadline") that is not less than five (5) calendar days after the Determination Date, by which persons or Entities must serve on various parties the notice required by these Procedures (the "Notice of Substantial Claim Ownership").

(iii)      Notice of Substantial Claim Ownership.

(1)      Any person or Entity that has beneficial ownership of either (i) more than a specified amount of Claims[3] or (ii) a lower amount of Claims that (based on the applicable information set forth in the Proposed 382(l)(5) Disclosure Statement), when taking into account any Owned Interests that a holder of Claims has beneficial ownership of (including pursuant to the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New CHTI Stock, in each case as of the Determination Date, shall serve upon the Plan Proponent and its attorneys (and the Debtors and their attorneys if not the Plan Proponent), and attorneys for any statutory committee appointed in the Chapter 11 Cases (each, an "Official Committee") a notice (a "Notice of Substantial Claim Ownership") in substantially the form annexed to the Order as **Exhibit 2** (or as adjusted and annexed to the Proposed 382(l)(5) Disclosure Statement) on or before the Reporting Deadline. Such person or Entity also shall set forth in the Notice of Substantial Claim Ownership its beneficial ownership, if any, of any Owned Interests and whether it agrees to refrain from acquiring beneficial ownership of additional Owned Interests (and Options to acquire the same) until after the effective date of the 382(l)(5) Plan and to immediately

---

[3]   This "specified amount" is to be reasonably established by the Plan Proponent, taking into account the terms of the 382(l)(5) Plan, and disclosed in the Proposed 382(l)(5) Disclosure Statement. The "specified amount" may be expressed by class or type of Claim(s), if applicable.

dispose of any Owned Interests or Options (if acquired on or after the Petition Date and prior to submitting its Notice of Substantial Claim Ownership). A person or Entity that is required to file a Notice of Substantial Claim Ownership may or may not be a Substantial Claimholder. The standard for a person's or Entity's being required to file a Notice of Substantial Claim Ownership is different than the definition of a Substantial Claimholder. At the election of the filer, the Notice of Substantial Claim Ownership to be filed with the Bankruptcy Court (but not the Notice of Substantial Claim Ownership that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for any Official Committee) may be redacted to exclude the filer's taxpayer identification number.

(2)    In order to assist in determining their eligibility to avail themselves of the relief set forth in section 382(l)(5) of the Tax Code, the Debtors may request[4] from any person or Entity that has beneficial ownership of either (i) more than a specified amount of Claims (which may be expressed by class or type of Claim(s), if applicable) or (ii) a lower amount of Claims that, when taking into account the Owned Interests that a holder of Claims has beneficial ownership of (including pursuant to the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New CHTI Stock, in each case as of the date specified in such request, information regarding its beneficial ownership of Claims and Owned Interests (and Options to acquire the same) prior to the filing of the Proposed 382(l)(5) Disclosure Statement, in a manner consistent with these Procedures.

(3)    Any person or Entity that fails to comply with its notification obligations set forth in this paragraph shall, in addition to the consequences set forth in paragraph A(v)(7) below, be subject to such remedy as the Bankruptcy Court may find appropriate upon motion by the Debtors, after service of the motion upon such person or Entity and a hearing on the motion in accordance, including, without limitation, ordering such noncompliant person or Entity to divest itself promptly of any beneficial ownership of Claims to the extent of such person's or Entity's ownership of an Excess Amount (as defined below) and imposing monetary damages for any costs reasonably incurred by the Debtors that were caused by the violation and enforcement of this paragraph.

(iv)    <u>Claims Trading Before and After the Determination Date</u>.

(1)    Any person or Entity generally may trade freely and make a market in Claims until the Determination Date.

(2)    After the Determination Date, any acquisition of Claims by a person or Entity who filed or is or was required to file a Notice of Substantial Claim Ownership or by a person or Entity who would be required to file a Notice of Substantial Claim Ownership as a result of the consummation of the contemplated transaction if the proposed acquisition date had been the Determination Date (each such person or Entity, a "<u>Proposed Claims Transferee</u>") shall not be effective unless consummated in compliance with these Procedures.

---

[4]    For purposes of making this determination, such request shall include information comparable to the information that would be required in a Proposed 382(l)(5) Disclosure Statement pursuant to these Procedures.

(3)     After the Determination Date, at least ten (10) business days prior to the proposed date of any acquisition of Claims by a Proposed Claims Transferee (each acquisition, a "<u>Proposed Claims Acquisition Transaction</u>"), such Proposed Claims Transferee shall serve upon the Plan Proponent and its attorneys (and the Debtors and their attorneys if not the Plan Proponent) and attorneys for any Official Committee a notice of such Proposed Claims Transferee's request to purchase, acquire, or otherwise accumulate a Claim (a "<u>Claims Acquisition Request</u>"), in substantially the form annexed to the Order as **<u>Exhibit 3</u>**, which describes specifically and in detail the Proposed Claims Acquisition Transaction, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements set forth in Bankruptcy Rule 3001. At the election of the Proposed Claims Transferee, the Claims Acquisition Request to be filed with the Bankruptcy Court (but not the Claims Acquisition Request that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Official Committee) may be redacted to exclude the Proposed Claims Transferee's taxpayer identification number.

(4)     The Plan Proponent may determine, in consultation with the Debtors (if not the Plan Proponent) and attorneys for any Official Committee, whether to approve a Claims Acquisition Request. If the Plan Proponent does not approve a Claims Acquisition Request in writing within ten (10) business days after the Claims Acquisition Request is filed with the Court, the Claims Acquisition Request shall be deemed rejected.

(v)     <u>Creditor Conduct and Sell-Downs.</u>

(1)     To permit reliance by the Debtors on Treasury Regulations section 1.382-9(d)(3), upon the entry of the Order, any Substantial Claimholder that participates in formulating any chapter 11 plan of or on behalf of the Debtors (which shall include, without limitation, making any suggestions or proposals to the Debtors or their advisors with regard to such a Plan) shall not disclose or otherwise make evident to the Debtors that any Claims in which such Substantial Claimholder has a beneficial ownership are Newly Traded Claims, unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement, *provided*, *however*, that the following activities shall not constitute participation in formulating a Plan *if*, in pursuing such activities, the Substantial Claimholder does not disclose or otherwise make evident (unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtors that such Substantial Claimholder has beneficial ownership of Newly Traded Claims: filing an objection to a proposed disclosure statement or to confirmation of a proposed Plan; voting to accept or reject a proposed Plan; reviewing or commenting on a proposed business plan; providing information on a confidential basis to attorneys for the Debtors; holding general membership on an official committee or an ad hoc committee; or taking any action required by an order of the Bankruptcy Court.

(2)     Following the Determination Date, if the Plan Proponent determines that Substantial Claimholders must sell or transfer all or a portion of their beneficial ownership of Claims acquired on or after the Petition Date in order to ensure that the requirements of section 382(l)(5) of the Tax Code will be satisfied, the Plan Proponent may file a motion with the Bankruptcy Court for entry of an order—after notice to attorneys for the Debtors (if not the Plan Proponent), any Official Committee, and the relevant Substantial

Claimholder(s) and a hearing—approving the issuance of a notice (each, a "Sell-Down Notice") that such Substantial Claimholder must sell, cause to sell, or otherwise transfer a specified amount of its beneficial ownership of Claims (by class or other applicable classification) equal to the excess of (x) the amount of Claims that such Substantial Claimholder has beneficial ownership of over (y) the Maximum Amount for such Substantial Claimholder (such excess amount, an "Excess Amount"). The motion shall be heard on expedited basis (subject to the availability of the Bankruptcy Court) such that the Bankruptcy Court can render a decision on the motion at or before the hearing on confirmation of the 382(l)(5) Plan. If the Bankruptcy Court approves the Plan Proponent's motion for the issuance of a Sell-Down Notice, the Plan Proponent shall provide the Sell-Down Notice to the relevant Substantial Claimholder(s).

(3)     Notwithstanding anything to the contrary in these Procedures, no Substantial Claimholder shall be required to sell, cause to sell, or otherwise transfer any beneficial ownership of Claims if such sale or transfer would result in the Substantial Claimholder's beneficial ownership of an aggregate amount of Claims (by class or other applicable classification) that is less than such Substantial Claimholder's Protected Amount.

(4)     Each Sell-Down Notice shall direct the Substantial Claimholder to sell, cause to sell, or otherwise transfer its beneficial ownership of the amount of Claims specified in the Sell-Down Notice to Permitted Transferees, *provided, however*, that such Substantial Claimholder shall not have a reasonable basis to believe that any such Permitted Transferee would own, immediately after the contemplated transfer, an Excess Amount of Claims and *provided, further*, that a Substantial Claimholder that has properly notified the Permitted Transferee of its Claims under these Procedures shall not be treated as having such reasonable basis in the absence of notification or actual knowledge that such Permitted Transferee would own, after the transfer, an Excess Amount of Claims.

(5)     By the date that is the later of (i) five (5) business days after the entry of an order confirming the 382(l)(5) Plan and (ii) such other date specified in the Sell-Down Notice, as applicable, but before the effective date of the 382(l)(5) Plan (the "Sell-Down Date"), each Substantial Claimholder subject to a Sell-Down Notice shall, as a condition to receiving New CHTI Stock, serve upon the Plan Proponent and its attorneys (and the Debtors and their attorneys if not the Plan Proponent) and any Official Committee a notice substantially in the form annexed to the Order as **Exhibit 4** that such Substantial Claimholder has complied with the terms and conditions set forth in these Procedures and that such Substantial Claimholder does not and will not hold an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(l)(5) Plan (each, a "Notice of Compliance"). Any Substantial Claimholder who fails to comply with this provision shall not receive any New CHTI Stock with respect to any Excess Amount of Claims. At the election of the Substantial Claimholder, the Notice of Compliance to be filed with the Bankruptcy Court (but not the Notice of Compliance that is served upon the Debtors, the attorneys for the Debtors and the attorneys for any Official Committee) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

(6)     Other than information that is public or in connection with an audit or other investigation by the IRS or other taxing authority, the Plan Proponent shall keep all Notices of Compliance and any additional information provided by a Substantial Claimholder pursuant to these Procedures (the "Confidential Information") strictly confidential and shall not disclose the Confidential Information to any other person or Entity, *provided*, *however*, that the Plan Proponent may disclose the identity of the Substantial Claimholder to its attorneys and professional financial advisors, attorneys for and the professional financial advisors of any Official Committee, and of any other person(s) that are subject to a nondisclosure agreement with the Plan Proponent, each of whom shall keep all Confidential Information strictly confidential, subject to further order of the Bankruptcy Court, and *provided*, *further,* that to the extent the Plan Proponent reasonably determines such Confidential Information is necessary to demonstrate to the Bankruptcy Court the need for the issuance of a Sell-Down Notice, such Confidential Information (determined by, among other things, whether such information was redacted in any public filing) shall be filed with the Bankruptcy Court under seal.

(7)     Any person or Entity that violates its obligations under these Procedures applicable to Claims or, if applicable, its agreement not to acquire beneficial ownership of Owned Interests (and Options to acquire the same) or to immediately dispose of any Owned Interests (if acquired on or after the Petition Date but prior to submitting its Notice of Substantial Claim Ownership) in its Notice of Substantial Claim Ownership shall, pursuant to these Procedures, be precluded from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New CHTI Stock that is attributable to the Excess Amount of Claims for such person or Entity and, if applicable, to the Owned Interests acquired (or not immediately disposed of) in violation of such agreement by such person or Entity (or if the Owned Interests acquired (or not immediately disposed of) in violation of such agreement become beneficial ownership of New CHTI Stock without the need to receive new equity interests, such person or Entity shall be precluded as a result of such violation (and, thus, in addition to any other amounts otherwise precluded hereunder) from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New CHTI Stock attributable to such person's or Entity's Claims up to and including an amount equivalent to that represented by such Owned Interests), in each case including any consideration in lieu thereof, *provided*, *however*, that such person or Entity may be entitled to receive any other consideration to which such person or Entity may be entitled by virtue of holding Claims (this provision, the "Equity Forfeiture Provision").  Any purported acquisition of, or other increase in the beneficial ownership of, New CHTI Stock that is precluded by the Equity Forfeiture Provision will be an acquisition of "Forfeited Equity." Any acquirer of Forfeited Equity shall, promptly upon becoming aware of such fact, return or cause to return the Forfeited Equity to the Debtors (or any successor to the Debtors, including Post-Emergence CHTI) or, if all of the equity consideration properly issued to such acquirer and all or any portion of such Forfeited Equity have been sold prior to the time such acquirer becomes aware of such fact, such acquirer shall return or cause to return to the Debtors (or any successor to the Debtors, including Post-Emergence CHTI) (i) any Forfeited Equity still held by such acquirer and (ii) the proceeds attributable to the sale of Forfeited Equity, calculated by treating the most recently sold equity as Forfeited Equity. Any acquirer that receives Forfeited Equity and deliberately fails to comply with the preceding sentence shall be subject to such additional sanctions as the Bankruptcy Court

may determine. Any Forfeited Equity returned to the Debtors, including Post-Emergence CHTI, shall be distributed (including a transfer to charity) or extinguished, in the Debtors' sole and independent discretion, in furtherance of the 382(l)(5) Plan.

(8)     In effecting any sale or other transfer of Claims pursuant to a Sell-Down Notice, a Substantial Claimholder shall, to the extent that it is reasonably feasible to do so within the normal constraints of the market in which such sale takes place, notify the acquirer of such Claims of the existence of these Procedures and the Equity Forfeiture Provision (it being understood that, in all cases in which there is direct communication between a salesperson and a customer, including, without limitation, communication via telephone, e-mail, and instant messaging, the existence of these Procedures and the Equity Forfeiture Provision shall be included in such salesperson's summary of the transaction).

(vi)     Exceptions.

(1)     No person or Entity shall be subject to the approval provisions of paragraph A(iv)(2)–(4) above or, in the case of Claims that are part of the transferor's Protected Amount, the sell-down provisions of paragraph A(v) above with respect to any transfer described in Treasury Regulations section 1.382-9(d)(5)(ii) so long as such transfer is not for a principal purpose of obtaining New CHTI Stock or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii), *provided*, *however*, that any such transferee who becomes a Substantial Claimholder following the filing of a Proposed 382(l)(5) Disclosure Statement shall serve upon the Plan Proponent and its attorneys (and the Debtors and their attorneys if not the Plan Proponent) and attorneys for any Official Committee, a Notice of Substantial Claim Ownership as provided in these Procedures; or for the avoidance of doubt, with respect to any transfer from a holder to an entity that is disregarded for U.S. federal income tax purposes as being separate from the holder or to a "grantor trust" for U.S. federal income tax purposes whose underlying assets are considered to be solely owned by the such holder/grantor (or a transfer in the opposite direction).

(2)     For the avoidance of doubt, the trustee of any trust, any indenture trustee, subordination agent, registrar, paying agent, transfer agent, loan or collateral agent, or any other entity serving in a similar capacity however designated, in each case for any Claim or any Owned Interests, notes, bonds, debentures, property, or other debt securities or obligations (i) issued by any of the Debtors, (ii) secured by assets of any of the Debtors or agreements with respect to such assets, or (iii) secured by assets leased to any of the Debtors shall not be treated as a Substantial Claimholder solely to the extent that such entities are acting in the capacity described above, *provided*, *however*, that neither any transferee of Claims nor any equity or beneficial owner of a trust shall be excluded from these Claims Procedures solely by reason of this provision.

## B.     Noncompliance with the Procedures

Any transfer of the beneficial ownership of CHTI Stock, or any claiming of a Worthless Stock Deduction by a Majority Holder, in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant

to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code. Any acquisition, disposition, or trading of the beneficial ownership of Claims against the Debtors in violation of these Procedures shall be null and void ab initio as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code. Furthermore, any person (including any Entity) that acquires or disposes of beneficial ownership of CHTI Stock, any Majority Holder that claims a Worthless Stock Deduction, or any person that violates these Claims Procedures shall be subject to sanctions as provided by law.

## C.   Debtors' Right to Waive

**The Debtors may, in their sole and exclusive discretion, waive, in writing, any and all of the foregoing restrictions, stays, and notification procedures contained in this Notice of Claims Procedures; *provided*, *however*, that after a 382(l)(5) Plan has been properly filed by a Plan Proponent (other than by, or jointly with, the Debtors) and is still actively being pursued before the Court, the consent of such Plan Proponent also shall be necessary for any subsequent waiver to be effective.**

[*Remainder of Page Intentionally Left Blank*]

## **EXHIBIT 2**

(***Form of Notice of Substantial Claim Ownership***)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>CARBON HEALTH TECHNOLOGIES, INC.,<br>et al.,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 26-90306 (CML)<br><br>(Joint Administration Requested) |

## NOTICE OF SUBSTANTIAL CLAIM OWNERSHIP

**PLEASE TAKE NOTICE** that, pursuant to that certain *Order (I) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against Debtors and (II) Granting Related Relief* [Docket No. ●], dated [●], 2026, (collectively with all exhibits thereto, the "Order"), [_____] (the "Filer") hereby provides notice that, as of the date hereof, the Filer beneficially owns (including directly or indirectly) either (i) more than $[_____] of Claims[2] against the Debtors, or (ii) a lesser amount of Claims that (based on the applicable information set forth in the Proposed 382(l)(5) Disclosure Statement), when taking into account any Owned Interests that a holder of Claims has beneficial ownership of (including under the aggregation rules described in the definition of Substantial Claimholder) could result in such holder of Claims holding the Applicable Percentage of New CHTI Stock.

**PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

In the case of Claims that are owned directly by the Filer, the table sets forth the dollar amount of all Claims that the Filer has beneficial ownership of (categorized by class or other applicable classification).

In the case of Claims that are not owned directly by the Filer but that the Filer nonetheless has beneficial ownership of, the table sets forth (a) the name(s) of each record or legal owner of such Claims that the Filer has beneficial ownership of and (b) the dollar amount of all Claims that such Filer has beneficial ownership of (categorized by class or other applicable classification).

---

[1]   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth. The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

[2]   Capitalized terms used but not defined herein, and the term "beneficial ownership" (and derivatives thereof) shall have the meanings ascribed to them the Order.

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|-------|---------------------|---------------|---------------------|
|       |                     |               |                     |

(attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims that the Filer has beneficial ownership of (whether owned by the Filer directly or indirectly) and that Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|-------|---------------------|---------------|------------------|
|       |                     |               |                  |

(attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

In the case of Owned Interests that are owned directly by the Filer, the table sets forth (a) the type and number of any Owned Interests that the Filer has beneficial ownership of (or that are subject to Options the filer has beneficial ownership of) and (b) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification); and

In the case of Owned Interests that are not owned directly by the Filer but that the Filer nonetheless has beneficial ownership of, the table sets forth (a) the name(s) of each record or legal owner of such Owned Interests that the Filer has beneficial ownership of, (b) the type and number of any such Owned Interests that the Filer has beneficial ownership of (or that are subject to Options that the Filer has beneficial ownership of), and (c) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification).

The Filer will provide any additional information in respect of such Owned Interests that the Debtors reasonably request.

| Name of Owner | Type and Number of Owned Interests Beneficially Owned | Type and Number of Owned Interests Subject to Options Beneficially Owned | Date Acquired |
|---------------|-------------------------------------------------------|-------------------------------------------------------------------------|---------------|
|               |                                                       |                                                                         |               |

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby [agrees ☐ / does not agree ☐— **PLEASE CHECK AS APPLICABLE**] that it will not acquire

beneficial ownership of additional Owned Interests (and Options to acquire the same) before Debtors' emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Petition Date and prior to submitting this Notice.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is_____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,


[Name of Filer]_____

By:_____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

## **EXHIBIT 3**

**(*Form of Notice of Request to Purchase, Acquire, or Otherwise Accumulate a Claim*)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CARBON HEALTH TECHNOLOGIES, INC., et al., | Case No. 26-90306 (CML) |
| Debtors. [1] | (Joint Administration Requested) |

**NOTICE OF REQUEST TO PURCHASE, ACQUIRE,
OR OTHERWISE ACCUMULATE A CLAIM AGAINST THE DEBTOR**

      **PLEASE TAKE NOTICE** that, pursuant to that certain *Order (I) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against Debtors and (II) Granting Related Relief* [Docket No. ●], dated [●], 2026, (collectively with all exhibits thereto, the "Order"), [_____] (the "Filer") hereby provides notice of (i) its intent to purchase, acquire, or otherwise accumulate directly a Claim[2] or Claims against the Debtors and/or (ii) a proposed purchase or acquisition of Claims that, following the proposed acquisition, the Filer would have beneficial ownership of by attribution (including indirectly) (any proposed transaction described in (i) or (ii), a "Proposed Transfer").

      **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [_____], the Filer served a Notice of Substantial Claim Ownership on the Plan Proponent and its attorneys (and the Debtors and their attorneys if not the Plan Proponent) and attorneys for any Official Committees.

      **PLEASE TAKE FURTHER NOTICE** that the Filer is filing this notice as (check one):

| | |
|---|---|
| *A person or Entity that filed or was required to file a Notice of Substantial Claim Ownership* | |
| *A person or Entity that, upon consummation of the Proposed Transfer, would have been required to file a Notice of Substantial Claim Ownership (if the proposed acquisition date had been the Determination Date)* | |

      **PLEASE TAKE FURTHER NOTICE** that the following tables set forth the following information:

      In the case of Claims and/or Owned Interests that are owned directly by the Filer, the tables set forth (a) the dollar amount of all Claims and the type and number of Owned Interests (and Options to acquire the same) that the Filer has beneficial ownership of (categorized by class or

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth. The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

other applicable classification), and (b) if applicable, the date such Owned Interests (or Options to acquire the same) were acquired.

In the case of Claims and/or Owned Interests that are not owned directly by the Filer but that the Filer nonetheless has beneficial ownership of, the tables set forth (a) the name(s) of each record or legal owner of the Claims and/or Owned Interests (and Options to acquire the same) that the Filer has beneficial ownership of, and (b) the dollar amount of all Claims and the type and number of Owned Interests that the Filer has beneficial ownership of (categorized by class or other applicable classification), and, (c), if applicable, the date such Owned Interests (and Options to acquire the same) were acquired.

The Filer will provide any additional information in respect of such Claims and/or Owned Interests that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|---|---|---|---|
|  |  |  |  |

(attach additional page if necessary.)

| Name of Owner | Type and Number of Owned Interests Beneficially Owned | Type and Number of Owned Interests Subject to Options Beneficially Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |

(attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims that the Filer has beneficial ownership of (whether owned by the Filer directly or indirectly).

The Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|---|---|---|---|
|  |  |  |  |

(attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

If the Proposed Transfer involves the purchase or acquisition of Claims directly by the Filer, the table sets forth the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

If the Proposed Transfer involves the purchase or acquisition of Claims by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the dollar amount of Claims that the Filer has beneficial ownership of, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such Claims and (b) the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

| Class | Description of Claim | Name of Owner | Dollar Amount to be Acquired |
|---|---|---|---|
|  |  |  |  |

(attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a purchase or acquisition of Claims directly by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Claims by a person or Entity (other than the Filer) that currently is a Substantial Claimholder or (b) a person or Entity (other than the Filer) becoming a Substantial Claimholder, the following tables set forth (i) the name of each such person or Entity, (ii) the dollar amount of all Claims such person or Entity has beneficial ownership currently (*i.e.*, prior to the Proposed Transfer) (categorized by class or other applicable classification), (iii) the dollar amount of all Claims that such person or Entity would have beneficial ownership of immediately following the Proposed Transfer (categorized by class or other applicable classification), (iv) the number and type of Owned Interests (and Options to acquire the same that such person or Entity has beneficial ownership of as of the date of the Proposed Transfer (categorized by class or other applicable classification), and (v) the date such Owned Interests (and Options to acquire the same) were acquired:

| Class | Description of Claim | Name of Owner | Dollar Amount of Claims Beneficially Owned Currently (i.e., Prior to Proposed Transfer) | Dollar Amount of Claims to be Beneficially Owned Following Proposed Transfer |
|---|---|---|---|---|
|  |  |  |  |  |

(attach additional page if necessary.)

| Name of Owner | Type and Number of Owned Interests Beneficially Owned | Type and Number of Owned Interests Subject to Options Beneficially Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |

(attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the Filer [agreed ☐ / did not agree ☐—**PLEASE CHECK AS APPLICABLE**] in its Notice of Substantial Claim Ownership filed with the Court that it would not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before the Debtors' emergence from bankruptcy protection and that it immediately would dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Petition Date and prior to submitting its Notice of Substantial Claim Ownership, and the Filer has complied with and intends to continue to comply with such statement.

**PLEASE TAKE FURTHER NOTICE** that, if the Debtors approve the Proposed Transfer and the Filer did not previously file a Notice of Substantial Claim Ownership, the Filer, under penalty of perjury, hereby [agrees ☐ / does not agree ☐—**PLEASE CHECK AS APPLICABLE**] that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before the Debtors' emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Petition Date and prior to submitting this Notice.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is_____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE** that the Filer hereby acknowledges that, if the Debtors do not approve the Proposed Transfer in writing within ten (10) business days after the filing of this Notice, such Proposed Transfer shall be deemed rejected. If the Debtors provide written authorization approving the Proposed Transfer prior to the end of such eight-business-day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,


[Name of Filer]

By:_____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

# **EXHIBIT 4**

**(*Notice of Compliance*)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CARBON HEALTH TECHNOLOGIES, INC., et al., | Case No. 26-90306 (CML) |
| Debtors. [1] | (Joint Administration Requested) |

---

**NOTICE OF COMPLIANCE**

---

      **PLEASE TAKE NOTICE** that, pursuant to that certain *Order (I) Establishing Notification Procedures and Approving Restrictions on Claims Against Debtors and (II) Granting Related Relief* [Docket No. ●], dated [●], 2026, (collectively with all exhibits thereto, the "Order"), [_____] (the "Filer") hereby provides notice that Filer has complied in full with the terms and conditions set forth in the Order and as further set forth in the Sell-Down Notice[2] issued to Filer, such that (i) Filer does not and will not have beneficial ownership of an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(l)(5) Plan and (ii) if Filer so agreed in its Notice of Substantial Claim Ownership, Filer does not and will not have beneficial ownership of any Owned Interests (and Options to acquire the same) unless acquired prior to the Petition Date.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of Filer is _____.

[IF APPLICABLE:]   The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

[Name of Filer]_____

By:_____

Name: _____

Address: _____

_____

_____

Telephone: _____

Facsimile: _____

Date: _____

---

1   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth.The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

2   A capitalized term used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meaning ascribed to them in the Order.

4917-3380-6469.2 12854.00001

# **EXHIBIT 5**

**(*Notice of Claims Procedures*)**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF CERTAIN CLAIMS AGAINST CARBON HEALTH TECHNOLOGIES, INC. OR ITS AFFILIATES:**

On [ ● ], 2026, the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), having jurisdiction over the chapter 11 cases of Carbon Health Technologies, Inc. ("CHTI"), and its affiliates (the "Debtors"), captioned as *In re Carbon Health Technologies, Inc., et al.*, Case No. 26-90306 (CML) (the "Chapter 11 Cases"), entered an order establishing procedures (the "Claims Procedures")[1] with respect to transfers in the beneficial ownership (including directly or indirectly) of claims against the Debtors. *See Order (I) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against Debtors and (II) Granting Related Relief* [Docket No. ●] (the "Order").[2]

The Claims Procedures set forth certain circumstances under which any person, group of persons, or entity that has acquired or, as a result of a proposed transaction would acquire, beneficial ownership of a substantial amount of claims against the Debtors can be required (i) to file notice of their holdings of such claims and of such proposed transaction, which transaction may be restricted, and (ii) upon a subsequent order of the Bankruptcy Court, after notice and hearing, to sell, by a specified date following the confirmation of a chapter 11 plan of the Debtors, all or a portion of such claims. ***Any acquisition or transfer of claims against the Debtors in violation of the Procedures will be null and void ab initio and any action in violation of the procedures may lead to sanctions being imposed by the Bankruptcy Court.***

***The Procedures are available on the website of the Debtors' Court-approved claims agent, Kroll Restructuring Administration LLC located at https://restructuring.ra.kroll.com/CarbonHealth, and also on docket of the Chapter 11 Cases, Docket No. 26-90306 (CML), which can be accessed via PACER at https://www.pacer.gov.***

The requirements set forth in the procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse non-compliance therewith.

**A direct or indirect holder of, or prospective holder of, a substantial amount of claims against the Debtors, should consult the Claims Procedures.**

Dated:      [●], 2026

**BY ORDER OF THE COURT**

---

[1]   The Claims Procedures are annexed to the Order (defined herein) as Exhibit 1.

[2]   A capitalized terms used but not otherwise defined herein shall have the meaning ascribed it in the Order and the Claims Procedures.