IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>CARBON HEALTH TECHNOLOGIES, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-90306 (CML)<br><br>(Jointly Administered) |

**NOTICE OF DEADLINES FOR THE FILING OF
(I) PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:

| | Debtor | Case Number |
|---|---|---|
| 1. | Carbon Health Technologies, Inc. | 26-90306 |
| 2. | Carbon Health Alpha Medical Group of California, P.C. | 26-90307 |
| 3. | Carbon Health Alpha Medical Group of Florida, P.A. | 26-90309 |
| 4. | Carbon Health Alpha Medical Group of Kansas, P.A. | 26-90310 |
| 5. | Carbon Health Alpha Primary Care of California, P.C. | 26-90311 |
| 6. | Carbon Health Alpha Primary Care of Florida, P.A. | 26-90312 |
| 7. | Carbon Health Alpha Primary Care of Kansas, P.A. | 26-90313 |
| 8. | Carbon Health East Bay Medical Group, P.C. | 26-90316 |
| 9. | Carbon Health East Bay Primary Care, P.C. | 26-90319 |
| 10. | Carbon Health Medical Group of California, P.C. | 26-90314 |
| 11. | Carbon Health Medical Group of Florida, P.A. | 26-90317 |
| 12. | Carbon Health Medical Group of Kansas, P. A. | 26-90308 |
| 13. | Carbon Health Medical Group of Massachusetts, P.C. | 26-90320 |
| 14. | Carbon Health Medical Group of New Jersey, P.A. | 26-90324 |
| 15. | Carbon Health Medical Group of Sunnyvale, Inc. | 26-90327 |
| 16. | Carbon Health Medical Group of Texas, PLLC | 26-90305 |
| 17. | Carbon Health Medical Group of Wisconsin, S.C. | 26-90329 |
| 18. | Carbon Health Primary Care of California, P.C. | 26-90330 |
| 19. | Carbon Health Primary Care of Florida, P.A. | 26-90331 |
| 20. | Carbon Health Primary Care of Kansas, P.A. | 26-90332 |
| 21. | Carbon Health Primary Care of New Jersey, P.A. | 26-90315 |
| 22. | Carbon Health Primary Care of Wisconsin, S.C. | 26-90318 |
| 23. | Carbon Health South Bay Medical Group, P.C. | 26-90325 |
| 24. | Carbon Health South Bay Primary Care, P.C. | 26-90326 |

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth. The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

|     | **Debtor**                                           | **Case Number** |
|-----|------------------------------------------------------|-----------------|
| 25. | Central Jersey Urgent Care Limited Liability Company | 26-30684        |
| 26. | Djavaherian Medical Practice, PLLC                   | 26-90321        |
| 27. | Ritecare Medical Center, LLC                         | 26-90323        |
| 28. | Treat Medical, Inc.                                  | 26-90328        |
| 29. | Hillcrest Urgent Care of Alabama PC                  | 26-90322        |

**PLEASE TAKE NOTICE THAT:**

On February 2, 2026 (the "Petition Date"), Carbon Health Technologies Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On February 27, 2026 the Court entered an order [Docket No. 193] (the "Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form, which, if applicable, identifies the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**I.   THE BAR DATES.**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these Chapter 11 Cases (the "Bar Dates").

   a.   *The Claims Bar Date*. Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim **no later than April 2, 2026** (the "Claims Bar Date"). Except as expressly set forth in this Notice and Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date,

---

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

          including secured claims, unsecured priority claims, and unsecured non-priority claims. For the avoidance of doubt, any landlord counterparty of an unexpired non-residential real property lease where the lease has not yet been rejected shall not be required to file a Proof of Claim by the Claims Bar Date with respect to prepetition amounts unless and until such real property lease is rejected by the Debtor. If a landlord counterparty's lease is rejected, the bar date for such prepetition claims shall be the Rejection Damages Bar Date as defined below.

    b. *The Governmental Bar Date*. Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim by **August 1, 2026** (the "Governmental Bar Date"). The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose or are deemed to have arisen prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

    c. *The Rejection Damages Bar Date.* Pursuant to the Bar Date Order, all entities holding claims arising from the Debtors' rejection of an executory contract or unexpired lease are required to file Proofs of Claim by the Rejection Damages Bar Date, (i.e., by the date that is the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days following entry of the order approving the rejection of the applicable executory contract or unexpired lease of the Debtors).

    d. *The Amended Schedules Bar Date*. Pursuant to the Bar Date Order, all entities holding claims affected by the amendment to the Debtors' Schedules are required to file Proofs of Claim by the Amended Schedules Bar Date (i.e., by the date that is the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules).

## II. WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date ***must*** file Proofs of Claim on or before the Claims Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

    a. any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed in such Schedules as "contingent," "unliquidated," or "disputed" if such person or entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

    b. any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

    c. any person or entity who believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules;

    d. any person or entity who believes that its claim against a Debtor is or may be an administrative expense that arises on or prior to the Petition Date, excluding claims for fees and expenses of professionals retained in these proceedings; and

    e.    any entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

### III. PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

Certain parties are not required to file Proofs of Claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need *not* file Proofs of Claims:

    a.    any person or entity who already has filed a signed Proof of Claim against the respective Debtor(s) with the Claims and Noticing Agent in a form substantially similar to Official Form 410;

    b.    any person or entity whose claim is listed on the Schedules if: (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

    c.    any entity whose claim has been allowed by a final order of the Court as of the applicable Bar Date;

    d.    any entity that is not required to file a proof of claim pursuant to a Court order;

    e.    any person or entity whose claim has been paid in full by the Debtors pursuant to a Court order;

    f.    the DIP Agent, the DIP Lenders, the Prepetition Agent or the Prepetition Lenders (as defined in the *Interim Order (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Debtors to Use Certain Cash Collateral; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Granting Adequate Protection to the Prepetition Secured Parties; (V) Modifying the Automatic Stay; (VI) Scheduling a Final Hearing; and (VII) Granting Related Relief* [Docket No. 49];

    g.    any Debtor having a claim against another Debtor;

    h.    any entity holding an equity interest in the Debtors;

    i.    any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases;

    j.    the U.S. Trustee pursuant to 28 U.S.C. § 1930;

    k.    any person or entity holding a claim for which a separate deadline is fixed by this Court;

    l.    any entity whose claim is solely against any non-Debtor affiliates;

    m.    a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit (including with respect to any accrued paid time off, notwithstanding such paid time off obligations may have been marked as contingent and/or unliquidated in the Debtors' Schedules); *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for

       wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

n.    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claim by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date.

## IV. INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a. *Contents*. Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b. *Section 503(b)(9) Claim*. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c. *Electronic Signatures Permitted*. With respect to Proofs of Claim submitted electronically, only *original* Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted. Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five (5) years after the Debtors' cases are closed, and upon request, such original document must be provided to the Court or other parties for review.

d. *Identification of the Debtor Entity*. Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (No. 24-90614) or otherwise without identifying a specific Debtor, will be deemed as filed only against Carbon Health Technologies, Inc.

e. *Claim Against Multiple Debtor Entities*. Unless otherwise ordered by the Court, each Proof of Claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Carbon Health Technologies, Inc.

f. *Supporting Documentation*. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d). \

g. *Timely Service* Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at **https://restructuring.ra.kroll.com/CarbonHealth/** or (iii) if submitted through

non-electronic means, by U.S. Mail or other hand delivery system, so as to be actually received by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, or other applicable Bar Date, at the following address:

**If by first class mail:**
**Carbon Health Technologies, Inc. Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**Grand Central Station, PO Box 4850**
**New York, NY 10163-4850**

**If by overnight courier or hand delivery:**
**Carbon Health Technologies, Inc. Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h. *Receipt of Service*. Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent), and (ii) a self-addressed, stamped envelope.

**V.   CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.**

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a. **YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);**

b. **THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;**

c. **YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND**

d. **YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.**

**VI.   AMENDMENTS TO THE DEBTORS' SCHEDULES**

If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed

Proof of Claim in respect of the amended scheduled claim on or before the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable to such claim and (b) the date that is thirty (30) days after the date that on which the Debtors mail notice of the amendment to the Schedules (or another time period as may be fixed by the Court) as the date by which claimants holding claims affected by the amendment must file Proofs of Claim with respect to such claim (any such date, an "<u>Amended Schedules Bar Date</u>").

### VII.     RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

### VIII.    THE DEBTORS' SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim form(s) regarding the nature, amount, and status of your claim(s). If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. However, you may rely on the enclosed form, which sets forth: (a) the amount of your claim (if any) as scheduled; (b) identifies the Debtor entity against which it is scheduled; (c) specifies whether your claim is listed in the Schedules as "contingent," "unliquidated," or "disputed; and (d) identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you do ***not*** need to file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you ***must*** do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

### IX.     ADDITIONAL INFORMATION.

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these Chapter 11 Cases are available for inspection free of charge on the Debtors' Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/CarbonHealth/. The Schedules and other filings in these Chapter 11 Cases also are available for a fee at the Court's website at http://ecf.txsb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("<u>PACER</u>") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Avenue, Houston, Texas 77002.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' Claims and Noticing Agent, at (888) 582-4146 (toll-free U.S.) or (646) 814-6429 (Non-U.S.).

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

Dated: February 27, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Maxim B. Litvak*
Maxim B. Litvak (SBT 24002482)
Theodore S. Heckel (SBT 24133488)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
mlitvak@pszjlaw.com
theckel@pszjlaw.com

-and-

Debra I. Grassgreen (admitted *pro hac vice*)
John W. Lucas (admitted *pro hac vice*)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
dgrassgreen@pszjlaw.com
jlucas@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*