**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Carbon Health Technologies, Inc.,[1] | Case No. 26-90306 (CML) |
| Debtors. | (Jointly Administered) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**NOTICE OF INTENT TO SERVE SUBPOENAS**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure Rule 45(a)(4), made applicable by Federal Rule of Bankruptcy Procedure 9016, notice is hereby given that counsel for the Official Committee of Unsecured Creditors in the above-captioned proceedings intends to serve the attached subpoenas upon: 1) Future Solution Investments LLC c/o Nir Moaz, KTBS Law LLP; 2) Hercules Capital, Inc. c/o United Agent Group Inc.; and 3) Fearless Capital Management, LLC c/o Harvard Business Services, Inc. True and correct copies of the subpoenas are attached hereto as **Exhibit 1, Exhibit 2** and **Exhibit 3,** respectively.

Dated: March 3, 2026

Respectfully submitted,

**BROWN RUDNICK LLP**

By: */s/ Eric R. Goodman*
David J. Molton (admitted *pro hac vice*)
Eric R. Goodman (admitted *pro hac vice*)
D. Cameron Moxley (admitted *pro hac vice*)
Gerard T. Cicero (admitted *pro hac vice*)
Susan E. Sieger-Grimm (admitted *pro hac vice*)
Seven Times Square

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth. The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

New York, NY 10036
Telephone: (212) 209-4800
Email: dmolton@brownrudnick.com
Email: egoodman@brownrudnick.com
Email: cmoxley@brownrudnick.com
Email: gcicero@brownrudnick.com
Email: ssieger-grimm@brownrudnick.com

-and-

Adam Schiffer (Texas Bar ID 17745763)
609 Main Street, Suite 3550
Houston, TX  77002
Telephone: (281) 815-0511
Email: aschiffer@brownrudnick.com

-and-

Michael W. Reining (admitted *pro hac vice*)
One Financial Center
Boston, MA  02111
Telephone: (617) 856-8200
Email: mreining@brownrudnick.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2026, a true and correct copy of the foregoing document was filed and served via the Court's electronic case filing and noticing system to all parties registered to receive electronic notices in this matter.

*/s/ Eric R. Goodman*
Eric R. Goodman

2

# **EXHIBIT 1**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of __Texas_____

In re __Carbon Health Technologies, Inc., et. al.__
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __26-90306 (CML)____

Chapter __11_____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Future Solution Investments LLC, c/o Nir Maoz, KTBS Law LLP, 1801 Century Park East, 26th Fl., Los Angeles, CA 90067
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | Brown Rudnick LLP<br>Seven Times Square<br>New York, NY 10036 | Attn: Samuel Kahn<br>skahn@brownrudnick.com | DATE AND TIME<br>March 13, 2026 at 5:00 p.m. ET |
|---|---|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __3/3/2026____

CLERK OF COURT

OR

_____          ____/s/ D. Cameron Moxley____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Official Committee of Unsecured Creditors  , who issues or requests this subpoena, are:

D. Cameron Moxley, Esq., Brown Rudnick LLP, Seven Times Square, New York, NY 10036, (212) 209-4800

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**DEFINITIONS**

1.      "Agent" means Future Solution Investment LLC and its present and former parents, subsidiaries, affiliates, directors, officers, members, managers, employees, agents, attorneys and representatives, and every other person acting on its or their behalf.

2.      "Carbon Health Clinics" means any or all of the "approximately 93 clinics across eight states with approximately 480 health care providers and approximately 1,400 employees" described in Paragraph 14 of the First Day Declaration.

3.      "Chapter 11 Case" means the above-captioned jointly administered chapter 11 cases of CHTI and its affiliated Debtors pending before the United States Bankruptcy Court for the Southern District of Texas.

4.      "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any ESI, including metadata (and any attachments thereto), Documents, telephone conversations, text messages, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

5.      "Company" means each of the Debtors, including Carbon Health Technologies, Inc., and their respective affiliates and/or subsidiaries, and any predecessor entities of the foregoing.

6.      "Concerning" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

7.     "Debtors" means CHTI and its affiliated debtors in the above-captioned jointly administered Chapter 11 Case and their respective present and former parents, subsidiaries, and affiliates, and their respective directors, officers, members, managers, employees, agents, attorneys and representatives, and every other person acting on their individual or collective behalf.

8.     "DIP Lenders" has the meaning ascribed to it in the First Day Declaration.

9.     "DIP Motion" means the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Debtors to Use Certain Cash Collateral; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Granting Adequate Protection to the Prepetition Secured Parties; (V) Modifying the Automatic Stay; (VI) Scheduling a Final Hearing; and (VII) Granting Related Relief*, dated February 2, 2026, and filed as docket number 13 in the Chapter 11 Case.

10.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Civil Rules, and includes without limitation electronic data, electronic databases, electronic media, the original and any draft, version or copy which differs in any way from the original of any written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received (or neither), and it shall include, without limitation, any paper, book, account, minutes, photograph, agreement, contract, memorandum, advertising material, letter, e-mail (or other electronic communication), any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any database or data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or

2

impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, e-mails, voicemails, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes or meetings, correspondence, and communications of any type (including, but not limited to, video files, audio files, inter- and intra-office communications), questionnaires, surveys, charts, graphs, photographs, phonographs, films, webcasts, presentations (*e.g.*, Microsoft PowerPoint), tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into useable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, electronically stored information (of any kind), object, report, record, summary accounting, transcript, study, notation, working paper, interoffice or intraoffice communication, charts or minutes, index sheet, computer software, check, check stub, ledger entry, delivery ticket, bill of sale, invoice, recording of telephone or other conversations (or of interviews or conferences), or any written, recorded, transcribed, punched, taped, filmed or other graphic matter or data compilations, however produced or reproduced, to which you have access or of which you are aware and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in your possession, custody or control, and/or in

3

the possession, custody or control of your former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

11. "ESI" or "electronically stored information" has the meaning ascribed to it in Rules 16, 26, and 34(a) of the Civil Rules.

12. "Fearless Capital" means Fearless Capital Management, LLC and its present and former parents, subsidiaries, affiliates, directors, officers, members, managers, employees, agents, attorneys and representatives, and every other person acting on its or their behalf.

13. "First Day Declaration" means the *Declaration of Kerem Ozkay in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, dated February 2, 2026, filed as Dkt. No. 16 in the Chapter 11 Case.

14. "Hercules Capital" means Hercules Capital, Inc. and its present and former parents, subsidiaries, affiliates, directors, officers, members, managers, employees, agents, attorneys and representatives, and every other person acting on its or their behalf.

15. "Lenders" means the DIP Lenders and the Prepetition Lenders and otherwise has the meaning ascribed to it in the First Day Declaration.

16. "NOLs" means net operating losses.

17. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association, a group of natural persons acting in a collegial capacity (*e.g.*, as a committee, board of directors), an entity, including without limitations sole proprietorship, firm, association, company, partnership, joint venture corporation or division or subsidiary thereof, trust, estate, and other incorporated or unincorporated business.

18. "Prepetition Lenders" has the meaning ascribed to it in the First Day Declaration.

19. "Prepetition Loan Documents" has the meaning ascribed to it in the First Day Declaration.

20.     "<u>Prepetition Secured Parties</u>" has the meaning ascribed to it in the First Day Declaration.

21.     "<u>Tax</u>" or "<u>Taxes</u>" each mean any federal, state, local, or non-U.S. income, gross receipts, payroll, employment, excise, withholding, property, or other tax of any kind whatsoever.

22.     "<u>You</u>" or "<u>Your</u>" each means the Agent.

## **<u>INSTRUCTIONS</u>**

The preceding Definitions apply to each of these Instructions, and for purposes of these Requests for Production, the following Instructions shall be followed:

1.     Rule 45 of the Federal Rules of Civil Procedure (the "<u>Civil Rules</u>"), made applicable to this proceeding pursuant to Bankruptcy Rule 9016, is hereby incorporated by reference and applies to each of the following instructions.

2.     All responses shall comply with the requirements of the Civil Rules and the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

3.     If You object to any of these requests for production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any request for production, You shall respond to any other portions of such request for production as to which there is no objection and state with specificity the grounds of the objection.

4.     References to "all," "any," and "each" shall each be construed as encompassing any and all.

5.     The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      Plural words include the singular equivalent, and singular words include the plural equivalent.

7.      The term "and" includes the disjunctive "or," and "or" includes the conjunction "and."

8.      References to "including" means "including without limitation."

9.      Each request is to be construed and considered to act independently, and is not to be referenced to any other request for purposes of limitation.

10.     Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as, for example without limitation, Gmail or Yahoo.

11.     You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes:  servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically

6

stored Documents or ESI include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents or ESI include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

12.     Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence (the "Evidence Rules"), of each Document requested together with all non-identical copies and drafts of that Document.  If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

13.     Documents not otherwise responsive to these Requests for Production should be produced:  (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

14.     Documents attached to each other should not be separated; separate Documents should not be attached to each other.

15.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

16.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

## REQUESTS FOR PRODUCTION

1.      Your Communications with the Debtors, Affiliates, Non-Debtor Affiliates, or any of their respective directors, officers, members, employees or anyone acting on their behalf concerning the Chapter 11 Case, the DIP Motion, or the Prepetition Loan and Security Agreement dated as of November 14, 2025, the respective November 24, 2025, and January 20, 2026, amendments thereto.

2.      Documents and Communications concerning the Prepetition Loan and Security Agreement dated as of November 14, 2025, the respective November 24, 2025, and January 20, 2026, amendments thereto, and the negotiations concerning and drafts thereof.

3.      Documents concerning, reflecting, or constituting diligence You undertook in connection with the Prepetition Loan and Security Agreement dated as of November 14, 2025, and the respective November 24, 2025, and January 20, 2026, amendments thereto.

4.      All Documents, including all related schedules and exhibits, Concerning the assignment of IP assets, including the "CARBYOS" and "CARBON HEALTH" trademarks to You on November 14, 2025.

5.      Documents concerning, reflecting, or constituting any first priority or other liens on CHTI's or other Debtors' assets.

6.      All Documents and Communications concerning the perfection of liens on the Debtors' assets.

7.      Documents sufficient to identify the valuation of collateral at each point in time provided under each of the Prepetition Loan and Security Agreement dated as of November 14, 2025, the respective November 24, 2025, and January 20, 2026, amendments thereto, and the loans previously provided by Hercules Capital, Inc and Fearless Capital Management LLC.

8

8. Documents and Communications supporting, contradicting, or concerning the statement in Paragraph 25 of the First Day Declaration that, "[a]s of the Petition Date, the applicable Debtors were indebted and liable to the Prepetition Secured Parties under the Prepetition Loan Documents, for (a) an aggregate principal amount of not less than $77 million, and (b) accrued and unpaid interest, fees, and costs, expenses (including any reasonable attorneys' and financial advisors' fees), charges, indemnities, all obligations incurred or accrued with respect to the foregoing pursuant to, and in accordance with, the Prepetition Loan Documents and all other Secured Obligations (as defined in the Prepetition Loan and Security Agreement) (including, without limitation, the Exit fee and the MOIC Amount (each as defined therein))."

9. All Documents and Communications concerning or reflecting any analysis performed by You, or any other agent or third party on Your behalf, concerning the perfection of liens on the Debtors' assets, including without limitation any Carbon Health Clinic-level liens.

10. All Documents and Communications concerning any cancellation or reinstatement of any liens on the Debtors' assets, including without limitation any Carbon Health Clinic-level liens.

11. All Communications You had with Hercules Capital concerning CHTI or any other Debtor or Non-Debtor Affiliate, including without limitation any discussions or legal or other analyses concerning financing to or for CHTI or the Debtors, or CHTI's or the Debtors' net operating losses.

12. All Communications You had with Fearless Capital concerning CHTI or any other Debtor or Non-Debtor Affiliate, including without limitation any discussions or legal or other analyses concerning financing to or for CHTI or the Debtors, or CHTI's or the Debtors' net operating losses.

9

13.     All Documents and Communications concerning Your purchase of the Prepetition Loan from Fearless Capital, including, but not limited to the purchase price conveyed by You.

14.     All Documents and Communications You had with PWC concerning CHTI or any other Debtor or Non-Debtor Affiliate, including without limitation any discussions or legal or other analyses concerning financing to or for CHTI or the Debtors, or CHTI's or the Debtors' net operating losses.

15.     All Documents and Communications, including any analysis, concerning the Company's foreign, U.S. federal, and state Tax attributes, including any planning memoranda or internal correspondence concerning Taxes and/or NOLs (whether or not related to Your purchase of the Prepetition Loan from Fearless Capital), including without limitation opinions, information memoranda and due diligence items provided to You or by You to any prospective partners, lenders, or investors, and memoranda and work papers or other analysis addressing the Tax consequences to the Company of any potential restructuring of the Company's outstanding indebtedness, including cancellation of indebtedness income and reduced Tax attributes.

16.     All Documents and Communications concerning the use of proceeds of the November 14, 2025 loan to be used for the "restructuring transaction contemplated by the Restructuring Support Agreement."

17.     All Documents and Communications concerning the Bridge Loan and Restructuring Support Agreement Summary of Principal Terms and Conditions.

18.     The Restructuring Support Agreement.

19.     All Documents and Communication concerning the warrants You obtained for 25.0% of the fully diluted outstanding equity of the Debtor.

10

20.     All Documents sufficient to identify Your advance of $62,250,000 to the Debtor's accounts in order to refinance existing indebtedness and pay for working capital and general corporate purposes.

21.     All Documents sufficient to identify the "several banks and other financial institutions" as stated in the agreements, that are not You, which may have been a lender under Prepetition Loan and Security Agreement dated as of November 14, 2025, the respective November 24, 2025, and January 20, 2026, amendments thereto, while You were the Administrative and Collateral Agent.

22.     All Documents and Communications concerning the California APA as stated in the Post-Closing Obligations of the Prepetition Loan and Security Agreement dated as of November 14, 2025.

23.     All Documents and Communications concerning Exhibit 1 Approved Budget in the Post-Closing Obligations of the Prepetition Loan and Security Agreement dated as of November 14, 2025, including, but not limited to the changes that transpired that led to a different outcome versus anticipated.

24.     All Documents sufficient to identify the inclusion of additional guarantors, collateral or security interests in the Prepetition Loan and Security Agreement dated as of November 14, 2025, the respective November 24, 2025, and January 20, 2026, amendments thereto, that were not previously included in the loans agreements of Fearless Capital or Hercules Capital.

25.     All Documents and Communications, including any analysis, concerning Gritstone bio, Inc.'s foreign, U.S. federal, and state net operating loss carryovers (and current net operating losses), including any planning memoranda or internal correspondence concerning Taxes, including without limitation opinions, marketing materials, information memoranda and

11

due diligence items provided to You or by You to any prospective buyers, lenders, or investors, and memoranda and work papers addressing the Tax consequences to Gritstone bio, Inc. of any potential restructuring of Gritstone bio, Inc.'s outstanding indebtedness, including cancellation of indebtedness income and reduced Tax attributes.

26. All Documents and Communications, including any analysis, concerning View, Inc.'s foreign, U.S. federal, and state net operating loss carryovers (and current net operating losses), including any planning memoranda or internal correspondence concerning Taxes, including without limitation opinions, marketing materials, information memoranda and due diligence items provided to You or by You to any prospective buyers, lenders, or investors, and memoranda and work papers addressing the Tax consequences to View, Inc. of any potential restructuring of View, Inc.'s outstanding indebtedness, including cancellation of indebtedness income and reduced Tax attributes.

27. All Documents and Communications concerning valuation analyses, financial models, or investment memoranda concerning or relating to CHTI, Gritstone bio, Inc., or View, Inc., including without limitation any assumptions concerning NOLs or other Tax attributes.

# **EXHIBIT 2**

4

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of ___Texas_____

In re __Carbon Health Technologies, Inc., et. al.__
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. __26-90306 (CML)____

Chapter __11_____

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Hercules Capital, Inc., c/o United Agent Group Inc., 2405 York Road, Suite 201-C, Lutherville-Timonium, MD 21093
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE   Brown Rudnick LLP<br>Seven Times Square<br>New York, NY 10036 | Attn: Samuel Kahn<br>skahn@brownrudnick.com | DATE AND TIME<br>March 13, 2026 at 5:00 p.m. ET |
|---|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___3/3/2026_____

CLERK OF COURT

OR

_____          ___/s/ D. Cameron Moxley___
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_Official Committee of Unsecured Creditors_ , who issues or requests this subpoena, are:

D. Cameron Moxley, Esq., Brown Rudnick LLP, Seven Times Square, New York, NY 10036, (212) 209-4800

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**DEFINITIONS**

1. "Agent" means Future Solution Investment LLC and its present and former parents, subsidiaries, affiliates, directors, officers, members, managers, employees, agents, attorneys and representatives, and every other person acting on its or their behalf.

2. "Carbon Health Clinics" means any or all of the "approximately 93 clinics across eight states with approximately 480 health care providers and approximately 1,400 employees" described in Paragraph 14 of the First Day Declaration.

3. "Chapter 11 Case" means the above-captioned jointly administered chapter 11 cases of CHTI and its affiliated Debtors pending before the United States Bankruptcy Court for the Southern District of Texas.

4. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any ESI, including metadata (and any attachments thereto), Documents, telephone conversations, text messages, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

5. "Concerning" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

6. "Debtors" means CHTI and its affiliated debtors in the above-captioned jointly administered Chapter 11 Case and their respective present and former parents, subsidiaries, and affiliates, and their respective directors, officers, members, managers, employees, agents,

attorneys and representatives, and every other person acting on their individual or collective behalf.

7.      "DIP Lenders" has the meaning ascribed to it in the First Day Declaration.

8.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Civil Rules, and includes without limitation electronic data, electronic databases, electronic media, the original and any draft, version or copy which differs in any way from the original of any written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received (or neither), and it shall include, without limitation, any paper, book, account, minutes, photograph, agreement, contract, memorandum, advertising material, letter, e-mail (or other electronic communication), any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any database or data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, e-mails, voicemails, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes or meetings, correspondence, and communications of any type (including, but not limited to, video files, audio files, inter- and intra-office communications), questionnaires, surveys, charts, graphs, photographs, phonographs, films,

2

webcasts, presentations (*e.g.*, Microsoft PowerPoint), tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into useable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, electronically stored information (of any kind), object, report, record, summary accounting, transcript, study, notation, working paper, interoffice or intraoffice communication, charts or minutes, index sheet, computer software, check, check stub, ledger entry, delivery ticket, bill of sale, invoice, recording of telephone or other conversations (or of interviews or conferences), or any written, recorded, transcribed, punched, taped, filmed or other graphic matter or data compilations, however produced or reproduced, to which you have access or of which you are aware and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in your possession, custody or control, and/or in the possession, custody or control of your former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

9.      "ESI" or "electronically stored information" has the meaning ascribed to it in Rules 16, 26, and 34(a) of the Civil Rules.

10.      "First Day Declaration" means the *Declaration of Kerem Ozkay in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, dated February 2, 2026, filed as Dkt. No. 16 in the Chapter 11 Case.

11.      "Lenders" means the DIP Lenders and the Prepetition Lenders and otherwise has the meaning ascribed to it in the First Day Declaration.

12.      "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association, a group of natural persons acting

3

in a collegial capacity (*e.g.*, as a committee, board of directors), an entity, including without limitations sole proprietorship, firm, association, company, partnership, joint venture corporation or division or subsidiary thereof, trust, estate, and other incorporated or unincorporated business.

13. "Prepetition Lenders" has the meaning ascribed to it in the First Day Declaration.

14. "Prepetition Loan Documents" has the meaning ascribed to it in the First Day Declaration.

15. "Prepetition Secured Parties" has the meaning ascribed to it in the First Day Declaration.

16. "You" or "Your" each means Hercules Capital, Inc. and its present and former parents, subsidiaries, affiliates, directors, officers, members, managers, employees, agents, attorneys and representatives, and every other person acting on its or their behalf.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions, and for purposes of these Requests for Production, the following Instructions shall be followed:

1. Rule 45 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9016, is hereby incorporated by reference and applies to each of the following instructions.

2. All responses shall comply with the requirements of the Civil Rules and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. If You object to any of these requests for production, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of any request for production, You shall respond to any other portions of such request for production as to which there is no objection and state with specificity the grounds of the objection.

4

4.      References to "all," "any," and "each" shall each be construed as encompassing any and all.

5.      The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      Plural words include the singular equivalent, and singular words include the plural equivalent.

7.      The term "and" includes the disjunctive "or," and "or" includes the conjunction "and."

8.      References to "including" means "including without limitation."

9.      Each request is to be construed and considered to act independently, and is not to be referenced to any other request for purposes of limitation.

10.     Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as, for example without limitation, Gmail or Yahoo.

11.     You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on

Your behalf.  You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes:  servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically stored Documents or ESI include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents or ESI include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

12.     Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence (the "Evidence Rules"), of each Document requested together with all non-identical copies and drafts of that Document.  If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

13.     Documents not otherwise responsive to these Requests for Production should be produced:  (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

14.     Documents attached to each other should not be separated; separate Documents should not be attached to each other.

15.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

6

16.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

## REQUESTS FOR PRODUCTION

1.     Documents and Communications concerning, reflecting, or constituting diligence You undertook in connection with financing You provided to CHTI.

2.     Your Communications with the Debtors, Affiliates, Non-Debtor Affiliates, or any of their respective directors, officers, members, employees or anyone acting on their behalf concerning the Prepetition Loan and Security Agreement dated as of November 14, 2025, the respective November 24, 2025, and January 20, 2026, amendments thereto.

3.     Documents and Communications concerning the Prepetition Loan and Security Agreement dated as of November 14, 2025, the respective November 24, 2025, and January 20, 2026, amendments thereto, and the negotiations concerning and drafts thereof.

4.     Documents concerning, reflecting, or constituting any first priority or other liens on CHTI's or other Debtors' assets.

5.     All Documents and Communications concerning the perfection of liens on the Debtors' assets.

6.     Documents sufficient to identify the valuation of collateral at each point in time provided under the loans You provided to CHTI.

7.     All Documents and Communications concerning or reflecting any analysis performed by You, or any other agent or third party on Your behalf, concerning the perfection of liens on the Debtors' assets, including without limitation any Carbon Health Clinic-level liens.

7

8.	All Documents and Communications concerning any cancellation or reinstatement of any liens on the Debtors' assets, including without limitation any Carbon Health Clinic-level liens.

9.	All Documents and Communications concerning the sale of Your interest in the Prepetition Loan to Fearless Capital Management, LLC, including without limitation the price at which the loan was conveyed and who You received the proceeds from (via CHTI or Fearless Capital Management, LLC).

# **EXHIBIT 3**

5

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of ___ Texas _____

In re __ Carbon Health Technologies, Inc., et. al. __
Debtor

<em>(Complete if issued in an adversary proceeding)</em>

_____
Plaintiff<br>v.

_____
Defendant

Case No. __ 26-90306 (CML) ____

Chapter ___ 11 _____

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: __Fearless Capital Management, LLC, c/o Harvard Business Services, Inc., 16192 Coastal Hwy., Lewes, DE 19958__
<em>(Name of person to whom the subpoena is directed)</em>

☒ _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE Brown Rudnick LLP<br>Seven Times Square<br>New York, NY 10036 | Attn: Samuel Kahn<br>skahn@brownrudnick.com | DATE AND TIME<br>March 13, 2026 at 5:00 p.m. ET |
|---|---|---|

☐ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___ 3/3/2026 _____

CLERK OF COURT

OR

_____          ___ /s/ D. Cameron Moxley ___
<em>Signature of Clerk or Deputy Clerk</em>     <em>Attorney's signature</em>

The name, address, email address, and telephone number of the attorney representing _(name of party)_
__Official Committee of Unsecured Creditors__ , who issues or requests this subpoena, are:

D. Cameron Moxley, Esq., Brown Rudnick LLP, Seven Times Square, New York, NY 10036, (212) 209-4800

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

        I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**DEFINITIONS**

1.      "Agent" means Future Solution Investment LLC and its present and former parents, subsidiaries, affiliates, directors, officers, members, managers, employees, agents, attorneys and representatives, and every other person acting on its or their behalf.

2.      "Carbon Health Clinics" means any or all of the "approximately 93 clinics across eight states with approximately 480 health care providers and approximately 1,400 employees" described in Paragraph 14 of the First Day Declaration.

3.      "Chapter 11 Case" means the above-captioned jointly administered chapter 11 cases of CHTI and its affiliated Debtors pending before the United States Bankruptcy Court for the Southern District of Texas.

4.      "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any ESI, including metadata (and any attachments thereto), Documents, telephone conversations, text messages, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

5.      "Concerning" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

6.      "Debtors" means CHTI and its affiliated debtors in the above-captioned jointly administered Chapter 11 Case and their respective present and former parents, subsidiaries, and affiliates, and their respective directors, officers, members, managers, employees, agents,

attorneys and representatives, and every other person acting on their individual or collective behalf.

7.     "DIP Lenders" has the meaning ascribed to it in the First Day Declaration.

8.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Civil Rules, and includes without limitation electronic data, electronic databases, electronic media, the original and any draft, version or copy which differs in any way from the original of any written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received (or neither), and it shall include, without limitation, any paper, book, account, minutes, photograph, agreement, contract, memorandum, advertising material, letter, e-mail (or other electronic communication), any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any database or data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, e-mails, voicemails, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes or meetings, correspondence, and communications of any type (including, but not limited to, video files, audio files, inter- and intra-office communications), questionnaires, surveys, charts, graphs, photographs, phonographs, films,

2

webcasts, presentations (*e.g.*, Microsoft PowerPoint), tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into useable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, electronically stored information (of any kind), object, report, record, summary accounting, transcript, study, notation, working paper, interoffice or intraoffice communication, charts or minutes, index sheet, computer software, check, check stub, ledger entry, delivery ticket, bill of sale, invoice, recording of telephone or other conversations (or of interviews or conferences), or any written, recorded, transcribed, punched, taped, filmed or other graphic matter or data compilations, however produced or reproduced, to which you have access or of which you are aware and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in your possession, custody or control, and/or in the possession, custody or control of your former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

9.     "ESI" or "electronically stored information" has the meaning ascribed to it in Rules 16, 26, and 34(a) of the Civil Rules.

10.     "First Day Declaration" means the *Declaration of Kerem Ozkay in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, dated February 2, 2026, filed as Dkt. No. 16 in the Chapter 11 Case.

11.     "Lenders" means the DIP Lenders and the Prepetition Lenders and otherwise has the meaning ascribed to it in the First Day Declaration.

12.     "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association, a group of natural persons acting

3

in a collegial capacity (*e.g.*, as a committee, board of directors), an entity, including without limitations sole proprietorship, firm, association, company, partnership, joint venture corporation or division or subsidiary thereof, trust, estate, and other incorporated or unincorporated business.

13.     "Prepetition Lenders" has the meaning ascribed to it in the First Day Declaration.

14.     "Prepetition Loan Documents" has the meaning ascribed to it in the First Day Declaration.

15.     "Prepetition Secured Parties" has the meaning ascribed to it in the First Day Declaration.

16.     "You" or "Your" each means Fearless Capital Management, LLC and its present and former parents, subsidiaries, affiliates, directors, officers, members, managers, employees, agents, attorneys and representatives, and every other person acting on its or their behalf.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions, and for purposes of these Requests for Production, the following Instructions shall be followed:

1.     Rule 45 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9016, is hereby incorporated by reference and applies to each of the following instructions.

2.     All responses shall comply with the requirements of the Civil Rules and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.     If You object to any of these requests for production, state in writing with specificity the grounds of Your objections.  Any ground not stated shall be waived.  If You object to a particular portion of any request for production, You shall respond to any other portions of such request for production as to which there is no objection and state with specificity the grounds of the objection.

4

4.      References to "all," "any," and "each" shall each be construed as encompassing any and all.

5.      The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

6.      Plural words include the singular equivalent, and singular words include the plural equivalent.

7.      The term "and" includes the disjunctive "or," and "or" includes the conjunction "and."

8.      References to "including" means "including without limitation."

9.      Each request is to be construed and considered to act independently, and is not to be referenced to any other request for purposes of limitation.

10.     Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as, for example without limitation, Gmail or Yahoo.

11.     You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on

5

Your behalf.  You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes:  servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically stored Documents or ESI include any computerized data or content stored on electromagnetic media.  Without limitation, types of electronically stored Documents or ESI include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

12. Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence (the "Evidence Rules"), of each Document requested together with all non-identical copies and drafts of that Document.  If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

13. Documents not otherwise responsive to these Requests for Production should be produced:  (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests for Production; (b) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests for Production; or (c) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

14. Documents attached to each other should not be separated; separate Documents should not be attached to each other.

15. Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

16.     If any part of the following Requests for Production cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

## REQUESTS FOR PRODUCTION

1.     Documents and Communications concerning, reflecting, or constituting diligence You undertook in connection with financing You provided to CHTI.

2.     Your Communications with the Debtors, Affiliates, Non-Debtor Affiliates, or any of their respective directors, officers, members, employees or anyone acting on their behalf concerning the Prepetition Loan and Security Agreement dated as of November 14, 2025, the respective November 24, 2025, and January 20, 2026, amendments thereto.

3.     Documents and Communications concerning the Prepetition Loan and Security Agreement dated as of November 14, 2025, the respective November 24, 2025, and January 20, 2026, amendments thereto, and the negotiations concerning and drafts thereof.

4.     Documents concerning, reflecting, or constituting any first priority or other liens on CHTI's or other Debtors' assets.

5.     All Documents and Communications concerning the perfection of liens on the Debtors' assets.

6.     Documents sufficient to identify the valuation of collateral at each point in time provided under the loans You provided to CHTI.

7.     All Documents and Communications concerning or reflecting any analysis performed by You, or any other agent or third party on Your behalf, concerning the perfection of liens on the Debtors' assets, including without limitation any Carbon Health Clinic-level liens.

7

8. All Documents and Communications concerning any cancellation or reinstatement of any liens on the Debtors' assets, including without limitation any Carbon Health Clinic-level liens.

9. All Documents and Communications concerning the sale of Your interest in the Prepetition Loan to Future Solution Investments LLC, including without limitation the price at which the loan was conveyed and who You received the proceeds from (via CHTI or Future Solution Investments LLC).

10. All Documents sufficient to identify the "several banks and other financial institutions" as stated in the agreements, that are not You, which may have been a lender under Prepetition Loan and Security Agreement dated as of February 14, 2025, the respective June 3, 2025, July 15, 2025, and September 25, 2025 amendments thereto, while You were the Administrative and Collateral Agent.

11. All Documents and Communications concerning the purchase of Your interest in the Prepetition Loan from Hercules Capital, including without limitation the price at which the loan was conveyed and how the cash was conveyed (via You or CHTI).