United States Bankruptcy Court
Southern District of Texas

**ENTERED**

March 09, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>CARBON HEALTH TECHNOLOGIES, INC., et al.,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 26-90306 (CML)<br><br>(Jointly Administered) |

**ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN
TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

(Related Docket No. 109)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to remit and pay Taxes and Fees as they become due and owing in the ordinary course of business, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion;

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth.The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

[2] A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

4921-2057-8453.2 12854.00001

and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, but not directed, (a) to pay and honor or use tax credits to offset Taxes and Fees, including amounts owed on account of an Audit or Assessment, in the ordinary course of business without regard to whether such obligations accrued or arose before or after the Petition Date; *provided* that the Debtors shall not pay any Taxes or Fees before such Taxes and Fees are due to the applicable Authority; and (b) to seek an order from the Court requiring that any payment made on account of any "straddle" portion of the applicable Taxes and Fees be returned in the event that this Court determines such amount was not entitled to priority or administrative treatment under section 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code.

2. The Debtors are authorized, but not directed, to seek a refund or credit to the extent that the Debtors have overpaid any Tax or Fee, including amounts paid with respect to an Audit or Assessment.

3. The Debtors are authorized, but not directed, to pay any amounts that later come due as a result of any pending or future Audits in connection with their Taxes and Fees in the ordinary course of business.

4. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

5.      The Debtors shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information: (a) the names of the payee; (b) the nature of the payment; (c) the amount of the payment; (d) the category or type of payment; (e) the Debtor or Debtors that made the payment; (f) the payment date; and (g) the purpose of such payment. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases every twenty-eight (28) days beginning upon entry of this Order.

6.      Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing contained in the Motion or this Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim or finding that any particular claim is an administrative expense claim or other priority claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular

claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

7.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

8.      The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' Chapter 11 Cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Order.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10.      Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, authorizing or approving any postpetition debtor-in-possession financing or use of cash collateral for the Debtors (such orders, the "DIP Order") and any budget in connection with any such post-petition debtor-in-possession financing or use of cash collateral authorized herein. To the extent there is any inconsistency

between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed:  March 09, 2026

_____
Christopher Lopez
United States Bankruptcy Judge