**The Official Committee of Unsecured Creditors' Position Regarding the Plan**

The Official Committee of Unsecured Creditors (the "Committee") was appointed by the Office of the United States Trustee (a branch of the United States Department of Justice responsible for overseeing the administration of bankruptcy cases) and is comprised of six creditors of the Debtors.  As an estate fiduciary, the Committee represents and advocates for the interests of all unsecured creditors.  The Committee believes that the proposed Plan is **NOT** in the best interests of unsecured creditors and encourages unsecured creditors to vote to **REJECT** the proposed Plan.

In their Disclosure Statement, the Debtors assert that the "Plan is a straightforward 'absolute priority plan'" that "provides for claims to be paid in accordance with the priorities set forth in the Bankruptcy Code."  Combined Disclosure Statement and Plan at Art. I.A.  But the Plan may enable the holders of DIP Claims and Prepetition Secured Claims (*i.e.*, the secured lenders) to recover significantly *more* than the value of their claims (*i.e.*, a distribution of potentially *150% or more* of the value of their claims), while holders of unsecured claims, including victims of sexual abuse, receive *less than 1%* of value of their claims.

When they become the owners of the reorganized Debtors, the holders of the DIP Claims and Prepetition Secured Claims may be able to use the Debtors' tax assets (specifically, net operating losses, or "NOLs") as a significant driver of recovery and investment return.  None of that value will be provided to unsecured creditors under the Plan.

The Committee also has concerns over whether the Debtors' operating assets and intellectual property were adequately marketed, and whether potential bidders were afforded a fair opportunity to purchase certain of the Debtors' assets that were purportedly offered for sale.  Even with such concerns, certain bids received indicated the Debtors' operating assets had significant value, ~~yet the holders of the DIP Claims and Prepetition Secured Claims cancelled the auction in lieu of retaining the equity of the Debtors, likely because they value the estate (and the NOLs), greater than the values of the bids received~~.

In the Disclosure Statement, the Debtors also assert that the Plan "preserves, for the benefit of the Holders of General Unsecured Claims, certain Causes of Action that were not encumbered as of the Petition Date."  Combined Disclosure Statement and Plan at Art. I.A.   But the Plan includes ~~multiple~~ provisions that ~~appear to be intended to~~may facilitate the release of ~~"Avoidance Actions" and "Insider Claims."  The combined impact of these provisions may~~

~~provide the Debtors' insiders and other parties with a release (for no consideration) and diminish unsecured creditors' recoveries.~~<u>Causes of Action that were not encumbered as of the Petition Date</u>

For these~~,~~ and the other reasons ~~set forth in the Committee's objection filed on April 1, 2026, at Docket No. [___]~~, the Committee believes that the proposed Plan is **NOT** in the best interests of unsecured creditors and, accordingly, encourages unsecured creditors to vote to **REJECT** the proposed Plan.