**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Carbon Health Technologies, Inc.,[1] | Case No. 26-90306 (CML) |
| Debtors. | (Jointly Administered) |
| | Related Docket No. 452 |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
REQUEST FOR EXPEDITED HEARING ON MOTION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY
OF AN ORDER PURSUANT TO SECTIONS 1103(c) AND 1109(b) OF THE
BANKRUPTCY CODE GRANTING EXCLUSIVE LEAVE, STANDING, AND
AUTHORITY TO COMMENCE, PROSECUTE AND, IF APPROPRIATE, SETTLE
CERTAIN CAUSES OF ACTION ON BEHALF OF THE DEBTORS' ESTATES**

The Official Committee of Unsecured Creditors (the "Committee"), by and through its

counsel, respectfully submits this request (the "Request") for the entry of an order scheduling an

expedited hearing on the *Motion of the Official Committee of Unsecured Creditors for Entry of an*

*Order Pursuant to Sections 1103(c) and 1109(b) of the Bankruptcy Code Granting Exclusive*

*Leave, Standing, and Authority to Commence, Prosecute and, if Appropriate, Settle Certain*

*Causes of Action of Behalf of the Debtors' Estates* [Docket No. 452] (the "Standing Motion"). In

support of the Request, the Committee respectfully states as follows.

1.    On February 27, 2026, the Court entered the *Final Order (I) Authorizing the*

*Debtors to Obtain Post-Petition Secured Financing Pursuant to Section 364 of the Bankruptcy*

*Code on a Final Basis; (II) Authorizing the Debtors to Use Certain Cash Collateral; (III) Granting*

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth. The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

*Liens and Superpriority Administrative Expense Claims; (IV) Granting Adequate Protection to the Prepetition Secured Parties; (V) Modifying the Automatic Stay; and (VI) Granting Related Relief* [Dkt. No. 194] (the "Final DIP Order").[2]

2.      The Final DIP Order sets forth the procedures for the Committee to Challenge the Prepetition Lien and Claim Matters and provides, in relevant part, that "(A) if, prior to the expiration of the [April 17, 2026] Challenge Deadline, the Committee (1) files a motion seeking standing to bring a Challenge, which attaches one or more draft complaints that detail the alleged Challenges for which the Committee seeks standing to assert, and (2) seeks an expedited hearing before the Court brought on no more than twenty-eight (28) calendar days' notice, which hearing may be adjourned with the express written consent of the Prepetition Agent and the Committee, the expiration of the Challenge Period shall be tolled solely for the Committee solely with respect to the Challenges identified in such complaints until 5:00 p.m. (prevailing Central Time) on the date that is two business days after such standing motion is adjudicated by the Court, and (B) to the extent not previously heard, any such standing motion or related Challenge shall be heard simultaneously with the confirmation hearing on any chapter 11 plan proposed by the Debtors." Final DIP Order at § 11.1.

3.      On April 13, 2026, the Committee filed the Standing Motion that attached, as Exhibit B thereto, a draft adversary complaint detailing the Challenges for which the Committee seeks standing to assert.  To further comply with the Challenge requirements set forth in § 11.1 of the Final DIP Order, the Committee seeks an expedited hearing before the Court regarding the

_____

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Final DIP Order.

Standing Motion.  The Committee respectfully requests that the hearing be scheduled for no later than Monday, May 11, 2026.

WHEREFORE, based on the foregoing, the Committee requests that the Court (i) enter an order substantially in the form submitted herewith granting the relief requested herein; and (ii) grant such other and further relief as the Court deems necessary and appropriate.

Dated: April 16, 2026
New York, New York

**BROWN RUDNICK LLP**

By: */s/ Eric R. Goodman*
David J. Molton (admitted *pro hac vice*)
Eric R. Goodman (admitted *pro hac vice*)
D. Cameron Moxley (admitted *pro hac vice*)
Gerard T. Cicero (admitted *pro hac vice*)
Susan E. Sieger-Grimm (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email: dmolton@brownrudnick.com
Email: egoodman@brownrudnick.com
Email: cmoxley@brownrudnick.com
Email: gcicero@brownrudnick.com
Email: ssieger-grimm@brownrudnick.com

-and-

Michael W. Reining (admitted *pro hac vice*)
One Financial Center
Boston, MA  02111
Telephone: (617) 856-8200
Email: mreining@brownrudnick.com

*Counsel to the Official Committee of Unsecured Creditors*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in these bankruptcy cases on April 16, 2026.

*/s/ Eric R. Goodman*
Eric R. Goodman

3