**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CARBON HEALTH TECHNOLOGIES, INC., et al., | Case No. 26-90306 (CML) |
| Debtors. [1] | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING
THE TIME WITHIN WHICH TO REMOVE ACTIONS UNDER
28 U.S.C. § 1452 AND BANKRUPTCY RULE 9027**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully move the Court for an order extending the deadline by which the Debtors (or their estates) may remove actions under 28 U.S.C. § 1452 by ninety (90) days, from May 4, 2026 to and including August 3, 2026,[2] without prejudice to any party's right to seek further extensions.  In support of this motion (this "Motion"), the Debtors represent:

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth. The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

[2] Exactly 90 days is August 1, 2026, which falls on a Saturday.

4932-6484-3174.1 12854.00002

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested herein are section 1452 of title 28 of the United States Code (the "Judicial Code"), section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Bankruptcy Rules 9006(b) and 9027(a).

**General Background**

3.      On February 2, 2026 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

4.      On February 16, 2026, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"). *See* Docket No. 115.

5.      Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Kerem Ozkay, in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"),[3] which is incorporated by reference herein.

---

[3]   A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the First Day Declaration.

6. Since the Petition Date, the Debtors have worked diligently on a number of critical matters. In particular, the Debtors efforts have been hyper-focused on stabilizing operations, preparing and filing the Debtors' Schedules and Statements,[4] and negotiating with the Committee and the secured lender to propose a chapter 11 plan—all of which has been time-consuming processes for the Debtors and their professionals. The Debtors filed their proposed chapter 11 plan [Docket No. 431] (as may be amended or supplemented, the "Plan") on April 7, 2026.

7. Additionally, the Debtors and their professionals have been focused on, among other things:

- addressing numerous questions, concerns, and issues raised by employees, vendors, and other parties in interest;

- coordinating with the U.S. Trustee and the Committee to provide requested information on a variety of issues and comply with the reporting requirements under the Bankruptcy Code;

- having initial discussions with and responding to diligence requests from the Committee and the Debtors' key stakeholder groups;

- preparing for and attending hearings;

- obtaining relief that has enabled the Debtors to continue operating their business in the ordinary course, including obtaining approval of a number of "first day" motions, "second day" motions, and retention applications;

- working to a possible going concern sale of the Debtors business;

- analyzing leases and executory contracts for possible assumption or rejection;

- preparing and filing *Carbon Health Technologies, Inc. and Debtor Affiliates' Combined Disclosure Statement and Amended Plan of Reorganization* [Docket No. 431] (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "Combined Disclosure Statement and Plan");

- engaging in discussions regarding the Combined Disclosure Statement and Plan with stakeholders, including, but not limited to, Future Solution Investments LLC, in its

---

[4] The Debtors filed their *Schedules of Assets and Liabilities* [Docket Nos. 196-206, 208-225] (the "Schedules") and *Statement of Financial Affairs* [Docket Nos. 226-254] (collectively, the "Statements") on February 27, 2026.

3

respective capacities as Prepetition Agent and DIP Agent ("FSI"), and the Creditors' Committee; and

- participating in mediation with FSI and the Creditors' Committee to attempt to resolve the Creditors' Committee's objections to confirmation of the Debtors' Combined Disclosure Statement and Plan.

- Negotiating a settlement with the California Department of Justice;

- Negotiating a settlement the First Amendment to that certain Senior Secured Superpriority Debtor-in-Possession Financing Agreement, dated as of February 2, 2026 and filing an emergency motion to approve same.

8.     Furthermore, on March 3, 2026, the Debtors filed the *Notice of Deadlines for the Filing of (I) Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code* [Docket No. 266] (the "Bar Date Notice").

### The Actions

9.     The Debtors are currently involved in a number of civil actions[5] (individually, an "Action" and, collectively, the "Actions") commenced in various forums before the Petition Date. The Debtors continue to review their books and records and are in the process of determining whether to remove any Actions to a district court pursuant to section 1452 of the Judicial Code.

10.     It is also possible that the Debtors may become aware of Actions following review of proofs of claim filed in these Chapter 11 Cases, at which point the Debtors will need to analyze such potential Actions to determine whether to remove any such Actions. Consequently, the Debtors are seeking an extension of the Removal Period to provide them with time to decide whether to remove any such Actions.

11.     Since the Petition Date, the Debtors have worked diligently on a number of critical matters and have not yet decided which, if any, of the Actions they will seek to remove.

---

[5]     The Schedules and Statements identify at least thirty Actions pending against the Debtors as of the Petition Date.

4

Consequently, the Debtors are seeking an extension of the Removal Deadline (as defined herein) to provide sufficient time to decide whether to remove any such Actions.

## Relief Requested

12.     By this Motion, the Debtors seek entry of an order under Bankruptcy Rule 9006(b) extending, through August 3, 2026, the deadline by which the Debtors (or their estates, if these cases are converted to Chapter 7) may file notices of removal with respect to any proceedings eligible for removal under section 1452 of the Judicial Code (the "Removal Deadline"). The current deadline to file such notices, in accordance with Bankruptcy Rule 9027(a)(2), is May 4, 2026.[6] The Debtors further request that the order granting this Motion preserve the right of the estates to seek further extension of the period in which they may remove civil actions under Bankruptcy Rule 9027.

## Basis for Relief

13.     Section 1452 of the Judicial Code permits the removal of pending civil claims with respect to which the district courts have jurisdiction under section 1334 of the Judicial Code:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.  An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise . . . .

---

[6]     The Debtors are unaware of any actions filed after the Petition Date, so the presently theoretical deadline set forth in Bankruptcy Rule 9027(a)(3) need not be extended at this point. This Motion is filed before the expiration of the deadline in Bankruptcy Rule 9027(a)(2) and is, therefore, timely pursuant to Bankruptcy Rule 9006(b). *See also Procedures for Complex Cases in the Southern District of Texas*, § K.

14.     Bankruptcy Rule 9027(a)(2) establishes the deadline for filing notices of removal of Actions commenced before the Petition Date:

> If the claim or cause of action in a civil action is pending when a bankruptcy case is commenced, the notice of removal must be filed within the longest of these periods: (A) 90 days after the order for relief in the bankruptcy case; (B) if the claim or cause of action has been stayed under § 462, 30 days after entry of an order terminating the stay is entered; or (C) in a Chapter 11 case, 30 days after a trustee qualifies—but not later than 180 days after the order for relief.

15.     Bankruptcy Rule 9006(b)(1) further provides that the Court may—at any time and for cause—extend unexpired periods, including the removal period in Bankruptcy Rule 9027, with or without a motion or notice as long as the request to extend is made before the period (or previously extended period) expires.[7]

16.     It is well-settled that the Court is authorized under Bankruptcy Rule 9006 to enlarge the removal period provided under section 1452 of the Judicial Code and Bankruptcy Rule 9027.[8] Courts in this district and elsewhere have regularly granted the relief requested in this Motion in other cases.[9]

---

[7]    Fed. R. Bankr. P. 9006(b)(1),

[8]    *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating that a bankruptcy court's power to grant extension of removal deadline under Bankruptcy Rule 9006(b) is "clear"), *overruled on other grounds*, *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (stating that Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Electric Constr. Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (applying Rule 9006 to the request to extend the deadline under Rule 9027); *In re World Financial Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) ("Pursuant to Bankr. R. 9006(b), this court has the discretion to extend the filing period for an application for removal . . . .).

[9]    *See, e.g.*, *In re Athenex, Inc.*, Case No. 23-90295 (MI) (Bankr. S.D. Tex. Feb. 7, 2024); *In re Westmoreland Coal Co.*, Case No. 18-35672 (DRJ) (Bankr. S.D. Tex. Dec. 12, 2018); *In re Life Partners Holding, Inc.*, Case No. 15-40289-RFN (Bankr. N.D. Tex. Apr. 7, 2016); *In re Pilgrim's Pride Corp.*, Case No. 08-45664-DML (Bankr. N.D. Tex. Feb. 26, 2009); *In re Fort Worth Osteopathic Hosp., Inc.*, 406 B.R. 741, 747 n. 8 (Bankr. N.D. Tex. 2009) (noting that the time for removal under 9027(a)(2) is subject to enlargement under Bankruptcy Rule 9006(b)); *In re CDX Gas, LLC*, Case No. 08-37922 (LZP) (Bankr. S.D. Tex. March 31, 2009) (extending the debtors' removal deadline for 90 days); *In re Mirant Corp.*, Case No. 03-46590 (DML) (Bankr. N.D. Tex. Oct. 9, 2003) (extending the debtors' removal deadline through confirmation of a plan of reorganization).

17.     The extension sought will afford the Debtors—presently focused on administering and formulating an optimal resolution these cases—additional time to determine whether to remove any action and will ensure that valuable rights under section 1452 of the Judicial Code are not forfeited.  The Debtors' decision to seek removal of any particular Action depends on a number of factors, including: (a) the importance of the Action to the resolution of the Chapter 11 Cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding, which may allow a federal court to hear one or more aspects thereof; (d) the relationship between the Action and the Debtors' reorganization process, claims allowance process, and assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the applicable Action. As a result of the Debtors' focus on other matters associated with the Chapter 11 Cases, the Debtors are not yet in a position to undertake a thorough analysis of the Actions or develop a strategy with respect to removal of certain Actions.

18.     Additionally, absent the relief requested herein, the removal period will expire on May 4, 2026, during a critical stage in the Chapter 11 Cases. As such, the Removal Deadline should be extended to avoid prejudicing the rights of any liquidating trust. Thus, the Debtors believe that maintaining the ability to remove actions is essential to implementing their chapter 11 strategy, and extending the Removal Deadline will afford the Debtors sufficient time to decide whether to remove any such Actions.

19.     Importantly, the rights of other parties to the actions will not be prejudiced by the extension because any party to a removed action retains the right to seek remand of that action under section 1452 of the Judicial Code. The ultimate resolution of the Chapter 11 Cases is not yet certain, and the passing of a statutory deadline, which would either deprive the estates of their

rights to remove actions or force a hasty, ill-considered decision, would disserve the estates and their creditors.

20.     In light of these circumstances, the Debtors respectfully submit that good cause exists to grant the requested extension and extend the Removal Deadline by ninety (90) days, through and including August 3, 2026.

## Notice

21.     Notice of this Motion will be provided in accordance with the notice procedures and the Master Service List in use in the Chapter 11 Cases and is, therefore, sufficient under the circumstances, particularly because, as noted above, Bankruptcy Rule 9006(b) permits the Court to grant this Motion without notice.

## Conclusion

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form attached hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper under the circumstances.

Dated: May 1, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Theodore S. Heckel*

Maxim B. Litvak (SBT 24002482)
Theodore S. Heckel (SBT 24133488)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9407
mlitvak@pszjlaw.com
theckel@pszjlaw.com

-and-

Debra I. Grassgreen (admitted *pro hac vice*)
John W. Lucas (admitted *pro hac vice*)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Facsimile:  (415) 263-7010
dgrassgreen@pszjlaw.com
jlucas@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2026, a true and correct copy of the above and foregoing has been served on all parties that are registered to receive electronic transmission through this Court's CM/ECF filing system in these cases.

/s/ Theodore S. Heckel
Theodore S. Heckel