United States Courts
Southern District of Texas
FILED

MAY 05 2026

Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: **CARBON HEALTH TECHNOLOGIES, INC., et al.,** Debtors. | Chapter 11  Case No. 26-90306 (CML) (Jointly Administered) |

**MOTION OF MICHAEL BURRIS FOR ENTRY OF AN ORDER AUTHORIZING RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS**

Michael Burris ("Movant" or "Claimant"), a creditor, claimant, former employee, and party in interest in the above-captioned chapter 11 cases, respectfully moves (the "Motion") for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure authorizing the examination of the Debtors and production of focused documents and electronically stored information concerning Movant's post-petition administrative-expense claim, wage-and-hour claim components, reimbursement issues, termination-related and retaliation-related claim components, the Debtors' claim-reconciliation and plan-treatment position, and any reserve, payment, insurance, or preservation mechanism applicable to Movant's claims. In support of this Motion, Movant states as follows:

**I. INTRODUCTION**

1. This Motion seeks focused but comprehensive Rule 2004 discovery concerning post-petition employment-related liabilities that directly affect Movant's asserted administrative expense claim, the Debtors' claims reconciliation process, any reserve for Movant's claim, and the treatment and preservation of claims under the Debtors' Combined Disclosure Statement and Amended Plan of Reorganization.

2. Movant's claim arises from post-petition employment with Carbon Health Medical Group of Florida, P.A. and related Carbon Health entities, including alleged inaccurate or altered time records, meal-period violations, untimely payment of wages and wage-related amounts, delayed reimbursement of necessary business expenses, waiting-time penalties, protected complaints concerning wage-and-hour and reimbursement practices, and termination-related and retaliation-related claim components.

3. Movant has filed proofs of claim and a Limited Objection to Confirmation of the Plan. Movant has also prepared or filed a motion seeking allowance and payment of administrative-expense components under 11 U.S.C. § 503(b). The requested examination and production are necessary to determine the nature, amount, priority, treatment, reserve requirements, and potential resolution of Movant's claims before confirmation and before the Debtors seek final plan treatment or claim reconciliation that could affect Movant's asserted administrative-expense rights.

4. The Debtors' Plan defines "Administrative Expense Claim" to include rights to payment constituting costs or expenses of administration under sections 503(b), 507(a)(2), or 507(b), including the actual and necessary costs and expenses incurred after the Petition Date of preserving the Estates and operating the Debtors' business, and indebtedness or

obligations incurred or assumed by the Debtors in connection with the conduct of their business after the Petition Date. The Plan also identifies Administrative Expense Claims among the Required Effective Date Payments and establishes mechanisms that may affect reserves, excess cash, claim reconciliation, distributions, releases, injunctions, and post-confirmation claim administration.

5. The Debtors' liquidation materials project full payment of Administrative Claims and Transaction Costs under the Chapter 11 Plan, while projecting only a limited recovery for Commercial General Unsecured Claims. Discovery into how the Debtors evaluated, classified, reserved for, and proposed to pay Movant's asserted post-petition claim is therefore directly relevant to administration of the estate and consummation of the Plan.

6. The confirmation timetable creates urgency. The Disclosure Statement Order established a Plan Supplement deadline of May 6, 2026, a Combined Disclosure Statement and Plan objection deadline of May 13, 2026 at 4:00 p.m. (CT), a confirmation brief and evidence deadline of May 22, 2026 at 4:00 p.m. (CT), and a Confirmation Hearing scheduled for May 27-29, 2026 at 9:00 a.m. (CT). Movant needs the requested discovery before those deadlines to evaluate, prosecute, preserve, estimate, reserve, and, if appropriate, resolve his asserted administrative-expense and post-petition employment claims.

7. The requested discovery concerns the Debtors' post-petition acts, conduct, liabilities, systemic wage-and-hour practices, disclosed wage-and-hour litigation, claim reconciliation, administrative-expense treatment, financial condition as it relates to claim treatment and reserves, plan administration, insurance or indemnity issues, and matters that may affect administration of the estate. It is therefore within the core scope of Bankruptcy Rule 2004.

8. This Motion is supported by the Declaration of Michael Burris attached as Exhibit 2. Movant requests authority to examine one or more knowledgeable representatives of the Debtors and to obtain the documents and ESI identified in Schedule A attached hereto.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

10. This is a core proceeding under 28 U.S.C. § 157(b)(2), including matters concerning administration of the estate, allowance or disallowance of claims, priority and treatment of asserted administrative expenses, confirmation-related issues, and implementation of the Plan.

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

12. The statutory and procedural predicates for the relief requested are Bankruptcy Rule 2004 and the Court's inherent authority to control discovery and case administration in these chapter 11 cases. To the extent the Court determines that any pending contested matter is implicated, Movant alternatively requests comparable discovery authority under Bankruptcy Rules 9014, 7030, 7034, 7036, and 9016, as applicable, without waiver of Rule 2004 as the primary basis for relief.

## III. FACTUAL BACKGROUND

13. Movant is a former employee of Carbon Health Medical Group of Florida, P.A., a debtor in these jointly administered cases, and performed work during the post-petition period.

14. The Petition Date is February 2, 2026. Carbon Health Medical Group of Florida, P.A. is identified as a Physician Owned Debtor and as one of the Debtor entities in the Combined Disclosure Statement and Plan materials.

15. Movant contends that records in the Debtors' possession are relevant to meal periods that were recorded or inserted despite not being taken, delayed payment of final wages or wage-related amounts, delayed reimbursement of necessary business expenses, and later payments referencing missed meal periods and late reimbursements.

16. Movant further contends that he engaged in protected activity by objecting to inaccurate time records and improper reimbursement practices, including reimbursement practices affecting travel between assigned work locations.

17. In late February 2026, after the Petition Date, Movant verbally objected to reimbursement rules that Area Medical Director Paula was instructing employees to use. Several employees were present and heard Movant's objection. Movant does not currently know the names of all witnesses because the Debtors control the relevant schedules, time records, staffing records, clinic-assignment records, calendars, Area Medical Director visit records, and related operational records that identify who was present.

18. Carbon Health should not be permitted to use its control of those records to prejudice Movant's ability to identify witnesses to protected activity. The requested witness-identification records are directly relevant to protected activity, management knowledge, retaliation, the timing and motivation for subsequent adverse employment action, and the amount of Movant's unresolved post-petition administrative-expense and retaliation-related claim.

19. Within weeks of those complaints, Movant contends he was subjected to increased scrutiny, questioned regarding routine clinical decisions, and terminated post-petition.

20. Movant's narrow immediate payment issue includes an unpaid waiting-time penalty shortfall of approximately $1,528.70. That amount does not represent the full claim. The broader preserved claim includes retaliation-related damages, statutory remedies, emotional-distress damages, fee-shifting exposure, and other available relief, which support a reserve of not less than $250,000 unless the claim is fully allowed, paid, estimated, expressly preserved, or otherwise resolved before confirmation.

21. The Debtors' Plan and solicitation materials create a confirmation timeline under which claim treatment, administrative-expense payment, reserves, releases, injunctions, and post-confirmation claim procedures may materially affect Movant's rights if his asserted claim is not investigated and addressed promptly.

22. The Debtors are in possession of payroll records, timekeeping audit logs, HR records, expense reimbursement records, communications, termination materials, claim reconciliation records, plan-treatment materials, insurance or indemnity information, and

ESI that bear directly on the allowance, priority, amount, reserve, and treatment of Movant's claims.

23. Without the requested production, Movant will be forced to evaluate and litigate claim allowance, administrative priority, waiting-time penalties, termination-related and retaliation-related damages, plan treatment, reserve issues, and potential confirmation issues without the records uniquely controlled by the Debtors.

24. Carbon Health's own Disclosure Statement further confirms that, on or around June 3, 2025, individual plaintiffs filed a wage-and-hour class action in Los Angeles County Superior Court against Carbon Health Medical Group of Florida, P.A. (*Dukes et al. v. Carbon Health*). The disclosed complaint asserts claims including failure to provide rest periods and premiums, failure to provide meal periods and premiums, failure to maintain employment records, failure to pay wages timely, failure to pay all wages at separation, failure to indemnify employees for business expenses, wage-statement violations, and unfair business practices.

25. Movant's protected complaints and asserted administrative-expense claim concern overlapping categories of wage-and-hour compliance. This overlap is relevant to Carbon Health's notice, knowledge, motive, pretext, pattern or practice, claim valuation, and the need for discovery into timekeeping practices, meal-period premium records, payroll audit trails, final-wage practices, reimbursement practices, and communications concerning wage-and-hour compliance.

26. The requested discovery is also tied to the Debtors' pending assumption/assignment, sale-related, plan-supplement, and confirmation process. Movant's unresolved post-petition administrative-expense and retaliation-related claims should not be released, impaired, discharged, channeled, subordinated, or under-reserved without production, allowance, payment, estimation, express preservation, or an adequate reserve.

## IV. BASIS FOR RELIEF

27. Bankruptcy Rule 2004(a) authorizes the Court, on motion of any party in interest, to order the examination of any entity.

28. Bankruptcy Rule 2004(b) permits examination concerning the debtor's acts, conduct, property, liabilities, financial condition, matters affecting administration of the estate, and, in a chapter 11 case, matters relevant to the operation of the debtor's business and formulation or consummation of a plan.

29. Movant is a party in interest because he is a creditor and claimant whose asserted claims, administrative-expense treatment, reserve rights, and plan-treatment rights may be affected by these chapter 11 cases and by confirmation of the Plan.

30. Good cause exists for the requested examination and production because the requested records are necessary to evaluate:

   a.   the amount and allowance of Movant's asserted administrative expense claim;

b.    whether post-petition wage, meal-period, reimbursement, waiting-time, and termination-related liabilities arose in the ordinary course of the Debtors' business;

c.    whether the Debtors' records confirm or contradict the asserted violations;

d.    whether the Debtors' stated reasons for termination were pretextual or inconsistent with prior treatment of Movant and similarly situated employees;

e.    who witnessed Movant's late-February 2026 objection to reimbursement rules and what management knew before the later adverse employment action;

f.    whether the Debtors' own wage-and-hour litigation disclosures confirm notice, knowledge, motive, pattern-or-practice evidence, or pretext relevant to Movant's protected complaints and termination;

g.    whether the Debtors have properly reserved for, classified, reconciled, and proposed to treat Movant's claims under the Plan;

h.    whether the Plan, Confirmation Order, releases, injunctions, claim-resolution procedures, or distribution mechanics could affect Movant's pending administrative-expense claim or preserved post-petition termination-related and retaliation-related claims;

i.    whether insurance, indemnity, reserves, or other sources may respond to the termination-related components of the claim; and

j.    whether additional systemic timekeeping or reimbursement practices affected the amount, priority, or treatment of Movant's claim and related statutory exposure.

31. The Debtors' own Plan materials make this discovery directly relevant to confirmation and consummation. If Movant's asserted post-petition wage-related amounts are administrative expenses, the Plan's administrative-expense treatment and any reserve or effective-date payment mechanics are directly implicated.

32. Good cause also exists for targeted production because the Debtors control records needed to identify witnesses to Movant's protected activity and to test whether subsequent adverse employment action was connected to that protected activity. These documents are not speculative; they are ordinary-course timekeeping, staffing, scheduling, payroll, reimbursement, location, and management records that should be readily identifiable by the Debtors.

33. The requested discovery is proportional to the issues presented. Movant is not seeking generalized corporate discovery or classwide merits discovery. The requests are directed to employment, payroll, reimbursement, termination, claim reconciliation, plan-treatment, reserve, insurance, and ESI materials tied to Movant, similarly situated employees, the Debtors' handling of the asserted claim, and the specific wage-and-hour categories already disclosed in the Debtors' Plan materials.

34. To reduce burden, Movant proposes reasonable time limits: February 2, 2026 through the date of production for post-petition administrative-expense issues, and January 1, 2025 through the date of production for comparator, policy, systemic timekeeping, reimbursement, and retaliation-pretext issues where pre-petition baseline evidence is necessary to evaluate post-petition conduct, knowledge, causation, and pretext.

35. Movant further agrees that documents containing personal identifying information, protected health information, or confidential employee information may be redacted to remove unnecessary identifying details, provided that the Debtors preserve sufficient non-identifying information to show dates, positions, locations, decision-makers, reasons, amounts, timing, and treatment.

36. Movant does not seek privileged attorney-client communications or protected attorney work product. To the extent the Debtors withhold responsive documents on privilege grounds, Movant requests that the Debtors produce a privilege log identifying the date, author, recipients, general subject matter, and privilege asserted. Non-privileged factual communications should not be withheld merely because counsel was copied or because the communication concerns claim reconciliation, payroll, HR, reimbursement, or plan-treatment facts.

37. Because confirmation is imminent, Movant requests expedited production and examination procedures. Expedited Rule 2004 relief is appropriate here because the discovery bears on claim allowance, administrative priority, reserve treatment, potential confirmation objections, and possible consensual resolution before confirmation.

## V. REQUESTED EXAMINATION AND PRODUCTION PROCEDURE

38. Movant requests entry of an order authorizing the following:

   a. production of the documents and ESI identified in Schedule A within seven (7) calendar days after entry of the order, or such other expedited date as the Court directs;

   b. designation by the Debtors of one or more knowledgeable representatives under oath to testify concerning the topics in Schedule B;

   c. a Rule 2004 examination to occur remotely by videoconference within ten (10) calendar days after substantial completion of production, unless the parties agree otherwise;

   d. production in native format where necessary to preserve metadata, formulas, audit trails, revision history, timekeeping edits, approval history, or other system-generated information;

   e. production of emails, Slack messages, Microsoft Teams messages, HRIS records, payroll system records, expense system records, timekeeping system records, and other ordinary-course ESI from relevant custodians and systems;

    f.    production or identification of non-privileged claim-reconciliation, plan-treatment, reserve, and insurance/indemnity materials sufficient to show the Debtors' treatment of Movant's asserted claim; and

    g.    continuation of the examination if additional production reveals the need for narrowly tailored follow-up testimony or documents.

39. Movant requests that the Debtors be required to preserve all responsive documents and ESI pending final resolution of Movant's claims and any related contested matter, adversary proceeding, arbitration, claim objection, administrative-expense proceeding, or confirmation-related dispute.

## VI. RELIEF REQUESTED

40. WHEREFORE, Movant respectfully requests that the Court enter an order substantially in the form attached as Exhibit 1:

    a.    granting this Motion;

    b.    authorizing Movant to conduct a Rule 2004 examination of one or more knowledgeable representatives of the Debtors;

    c.    requiring the Debtors to produce the documents and ESI identified in Schedule A on an expedited basis;

    d.    requiring the Debtors to designate knowledgeable representatives to testify on the topics identified in Schedule B;

    e.    requiring a privilege log for withheld responsive materials;

    f.    requiring preservation of responsive records and ESI;

    g.    providing that nothing in the order waives Movant's right to seek allowance, payment, estimation, a reserve, a carveout, or other confirmation-related protection for his pending administrative-expense claim and preserved post-petition employment claims; and

    h.    granting such other and further relief as the Court deems just and proper.

Dated: April 29, 2026

Respectfully submitted,

/s/ Michael Burris

Michael Burris
26895 Aliso Creek Rd, Ste B1046
Aliso Viejo, CA 92656
m83burris@gmail.com
(949) 861-0497
Claimant, Pro Se

**SCHEDULE A**

**DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO BE PRODUCED**

Unless otherwise stated, the relevant period is January 1, 2025 through the date of production. For requests concerning administrative-expense treatment, post-petition payroll, post-petition reimbursement, post-petition termination, claim reconciliation, plan treatment, reserves, assumption/assignment, sale-related relief, confirmation issues, and preservation issues, the relevant period includes February 2, 2026 through the date of production. The term "Movant" means Michael Burris. The term "Debtors" includes Carbon Health Technologies, Inc., Carbon Health Medical Group of Florida, P.A., and any Debtor, non-Debtor affiliate, shared-services entity, payroll entity, HR entity, professional employer organization, management services organization, contractor, agent, representative, or vendor acting for or on behalf of the Debtors with respect to payroll, HR, timekeeping, reimbursement, employment, claims, insurance, plan treatment, or claim reconciliation.

Production should include emails, attachments, text messages, Slack messages, Microsoft Teams messages, HRIS records, payroll records, timekeeping records, expense-platform records, calendars, audit trails, metadata, spreadsheets, native files, system notes, approval histories, and other ESI. Where native files are needed to preserve formulas, audit trails, edit history, metadata, timekeeping changes, approval history, or system-generated information, production should be made in native format.

1. **Payroll, Wage, and Final-Pay Records.** All documents and ESI concerning Movant's wages, final wages, wage-related payments, meal-period premium payments, waiting-time penalty calculations, off-cycle payments, payroll corrections, pay statements, wage statements, pay codes, payment timing, payroll approvals, payroll exception reports, payroll audits, and final-payment processing.

2. **Timekeeping Records and Audit Trails.** All timekeeping records for Movant, including timecards, punches, meal-period entries, edit histories, audit logs, approval histories, supervisor changes, system-generated notes, exception reports, and records showing any insertion, deletion, correction, adjustment, approval, or rejection of time, meal periods, missed meal periods, or premium-pay entries.

3. **Meal-Period Records and Premium-Pay Records.** All records concerning Movant's meal periods, missed meal periods, meal-period waivers, premium-pay triggers, premium-pay approvals or denials, communications concerning meal-period compliance, and payroll records showing when any missed-meal premiums were calculated, approved, or paid.

4. **Reimbursement and Expense Records.** All records concerning Movant's expense reimbursements, mileage reimbursements, travel between assigned work locations, reimbursement submissions, approvals, denials, modifications, payment dates, payment delays, reimbursement policies, reimbursement exceptions, reimbursement communications, and any payroll or accounting records showing when reimbursement amounts were approved and paid.

5. **Reimbursement-Policy Instructions and Related Communications.** All documents and communications concerning reimbursement policies, expense-reimbursement rules, mileage rules, reimbursement approvals or denials, instructions by Area Medical Director Paula, or any changes, clarifications, exceptions, or enforcement of reimbursement rules communicated to employees from January 2026 through March 2026.

6. **Documents Sufficient to Identify Witnesses to Movant's Protected Activity.** All documents sufficient to identify employees, managers, Area Medical Directors, regional personnel, clinic personnel, or other Carbon Health representatives who were present at the Eastvale location during the late-February 2026 date and time when Movant verbally objected to reimbursement rules communicated by Area Medical Director Paula, including schedules, time records, time punches, staffing records, shift assignments, clinic-assignment records, calendars, Area Medical Director visit records, location records, payroll/timekeeping data, and communications identifying personnel present.

7. **Communications Concerning Movant's Protected Activity.** All non-privileged documents and communications concerning Movant's complaints, objections, questions, or concerns regarding timekeeping, meal periods, reimbursement, mileage, payroll, wage statements, final wages, or related employment practices, including communications among HR, payroll, operations, regional management, area medical directors, clinic leadership, legal, and any decision-makers.

8. **Termination and Adverse-Action Records.** All documents and communications concerning Movant's termination, separation, discipline, performance review, alleged performance concerns, clinical-decision review, increased scrutiny, investigation, termination approval, termination rationale, termination notices, HR review, legal review, final-pay processing, and any post-termination claim handling.

9. **Comparator and Consistency Records.** Documents sufficient to show how similarly situated employees were treated concerning timekeeping corrections, missed meal periods, reimbursement objections, mileage reimbursement, performance scrutiny, clinical-decision review, discipline, termination, final pay, and waiting-time penalties, with personal identifying information redacted where appropriate.

10. **Policies and Training Materials.** All policies, procedures, handbooks, guidance, training materials, manager instructions, payroll instructions, HR instructions, reimbursement rules, timekeeping rules, meal-period policies, final-pay policies, wage-statement policies, anti-retaliation policies, complaint-escalation policies, and separation procedures applicable to Movant or similarly situated employees.

11. **Wage-and-Hour Litigation and Compliance Materials.** Non-privileged documents sufficient to show the Debtors' knowledge of, response to, and remediation of wage-and-hour compliance issues overlapping with Movant's claims, including meal-period premiums, rest periods, timely payment of wages, final wages at separation, reimbursement of business expenses, wage statements, and employment-record maintenance, including non-privileged materials relating to the disclosed *Dukes et al.* wage-and-hour class action to the extent relevant to notice, knowledge, pattern or practice, claim valuation, claim reconciliation, or pretext.

12. **Claim Reconciliation and Administrative-Expense Treatment.** All non-privileged documents and communications concerning the Debtors' review, reconciliation, classification, objection, allowance, disallowance, estimation, payment, reserve, settlement, or proposed treatment of Movant's proof(s) of claim, administrative-expense request, Limited Objection, demand correspondence, or related employment claims.

13. **Plan Treatment, Reserves, and Confirmation Materials.** All non-privileged documents sufficient to show whether and how the Debtors intend to treat, pay, reserve for, estimate, preserve, release, discharge, enjoin, channel, assign, or otherwise affect Movant's asserted administrative-expense claim and preserved post-petition employment claims under the Plan, Plan Supplement, Confirmation Order, claim-resolution procedures, trust documents, distribution procedures, or post-confirmation claim-administration process.

14. **Assumption/Assignment, Sale, and Transaction Materials.** Non-privileged documents sufficient to show whether any assumption, assignment, sale, reorganization transaction, credit bid, wind-down structure, plan-administration structure, or successor structure affects the entity responsible for Movant's employment records, payroll obligations, reimbursement obligations, administrative-expense claim, employment claims, insurance rights, defense obligations, indemnity rights, or records preservation.

15. **Insurance, Indemnity, and Coverage Materials.** Insurance policies, declarations, schedules, endorsements, claims-made notices, reservation-of-rights correspondence, coverage charts, and non-privileged communications sufficient to identify any insurance, indemnity, employment-practices, employee-benefits, management-liability, workers' compensation, general-liability, umbrella, or other coverage potentially applicable to Movant's employment-related, wage-related, retaliation-related, termination-related, or claim-defense issues.

16. **Data Transfer, Records Preservation, and Post-Confirmation Custody.** Documents sufficient to identify the persons or entities that will retain custody, control, access, or responsibility for payroll, HR, timekeeping, reimbursement, claim-reconciliation, insurance, and employment records after confirmation or any sale, assignment, transfer, trust formation, plan-administration transition, or wind-down.

17. **Communications with Debtors' Counsel and Advisors Limited to Non-Privileged Facts.** Non-privileged factual documents and communications, including transmittals, factual spreadsheets, claim schedules, reserve schedules, factual summaries, and business records, concerning Movant's claim, administrative-expense treatment, payroll/reimbursement issues, termination, insurance, reserve, or plan-treatment status. Privileged legal advice may be withheld, subject to a privilege log.

18. **Preservation Notices and Litigation Holds.** Documents sufficient to show preservation notices, litigation holds, custodian lists, data-source identification, collection steps, and records-retention instructions concerning Movant's employment, payroll, timekeeping, reimbursement, termination, claim, or this Motion.

19. **Native Files and Audit Trails.** Native-format exports and audit trails from all relevant payroll, timekeeping, HRIS, scheduling, expense-reimbursement, ticketing, messaging, and document-management systems necessary to show edit history, approval history, dates, authors, recipients, system-generated timestamps, formulas, metadata, and change logs.

20. **Documents Relating to Payment or Settlement Offers.** All non-privileged documents and communications concerning any offer, proposal, approval, denial, authority, reserve, or internal analysis regarding payment of the $1,528.70 fixed waiting-time penalty shortfall or any broader settlement, reserve, estimation, or preservation of Movant's post-petition employment claims.

**SCHEDULE B**

**TOPICS FOR RULE 2004 EXAMINATION**

The Debtors should designate one or more representatives knowledgeable about the following topics. The examination may be conducted remotely by videoconference unless otherwise agreed or ordered.

1. Movant's employment, job duties, reporting structure, assigned locations, supervisors, area medical directors, regional leadership, and HR/payroll contacts.

2. Movant's timekeeping records, meal-period records, timecard edits, audit trails, missed-meal premiums, payroll approvals, pay statements, final-pay processing, and payment timing.

3. Movant's reimbursement submissions, mileage reimbursement, reimbursement rules, reimbursement approvals or denials, reimbursement payment timing, and any delay or dispute concerning business expenses.

4. The late-February 2026 reimbursement-rule objection, including who was present, what was communicated, who knew of the objection, what records identify witnesses, and how management or HR responded.

5. Communications among Paula, HR, payroll, regional leadership, operations, management, legal, or other decision-makers concerning Movant's reimbursement objections, timekeeping objections, wage-and-hour concerns, or related protected activity.

6. The decision to scrutinize, investigate, discipline, or terminate Movant after his protected complaints, including decision-makers, dates, reasons, documents reviewed, and consistency with treatment of similarly situated employees.

7. The Debtors' policies and practices concerning timekeeping, meal periods, missed-meal premiums, wage statements, final wages, waiting-time penalties, reimbursement, mileage, travel between assigned locations, complaint escalation, and retaliation prevention.

8. The disclosed wage-and-hour litigation and any non-privileged wage-and-hour compliance issues relevant to meal periods, final wages, reimbursement, wage statements, timely payment, and record maintenance.

9. The Debtors' claim reconciliation, classification, objection, allowance, estimation, payment, settlement, and reserve process for Movant's claim and administrative-expense components.

10. The Debtors' plan-treatment position regarding Movant's claim, including whether any portion is treated as an Administrative Expense Claim, Priority Non-Tax Claim, Commercial General Unsecured Claim, disputed claim, reserve item, or claim to be paid, estimated, preserved, or objected to.

11. The effect of the Plan, Plan Supplement, Confirmation Order, releases, injunctions, exculpation provisions, claim-resolution procedures, trust documents, distribution procedures, sale procedures, assumption/assignment procedures, and post-confirmation transition on Movant's claim and records access.

12. Any insurance, indemnity, employee-benefits, management-liability, employment-related, workers' compensation, general-liability, umbrella, or other potentially responsive coverage for Movant's claims or defense costs.

13. The Debtors' preservation, litigation hold, collection, custodian identification, ESI sources, and post-confirmation custody of payroll, HR, timekeeping, reimbursement, claim-reconciliation, and employment records relevant to Movant.

14. Any payment, settlement, partial-resolution, reserve, or estimation proposal concerning the $1,528.70 fixed waiting-time penalty shortfall or Movant's broader post-petition employment claims.

**EXHIBIT 1**

**PROPOSED ORDER**

**ORDER GRANTING MOTION OF MICHAEL BURRIS FOR ENTRY OF AN ORDER AUTHORIZING RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS**

Upon the Motion of Michael Burris for Entry of an Order Authorizing Rule 2004 Examination and Production of Documents (the "Motion"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that Movant is a party in interest; and the Court having found that good cause exists for the relief granted herein; and after due deliberation and sufficient cause appearing, it is ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. Movant is authorized pursuant to Bankruptcy Rule 2004 to examine one or more knowledgeable representatives of the Debtors concerning the topics set forth in Schedule B to the Motion.

3. The Debtors shall produce the documents and electronically stored information identified in Schedule A to the Motion within seven (7) calendar days after entry of this Order, or by such other date as the Court may direct.

4. The Debtors shall designate one or more knowledgeable representatives to testify concerning the topics set forth in Schedule B to the Motion. The examination shall occur remotely by videoconference within ten (10) calendar days after substantial completion of production unless the parties agree otherwise or the Court orders otherwise.

5. Where native format is necessary to preserve metadata, formulas, audit trails, edit histories, timekeeping changes, approval history, system-generated information, or other relevant ESI, the Debtors shall produce such materials in native format or in another format that preserves the same information.

6. The Debtors may redact personal identifying information, protected health information, or confidential employee information not necessary to the issues, provided the production preserves sufficient non-identifying information to show dates, positions, locations, decision-makers, reasons, amounts, timing, and treatment.

7. The Debtors are not required to produce privileged attorney-client communications or attorney work product. To the extent responsive documents are withheld on privilege grounds, the Debtors shall provide a privilege log identifying the date, author, recipients, general subject matter, and privilege asserted.

8. The Debtors shall preserve all documents and ESI responsive to Schedule A pending final resolution of Movant's claims and any related contested matter, adversary proceeding, arbitration, claim objection, administrative-expense proceeding, confirmation-related dispute, or appeal.

9. Nothing in this Order adjudicates the allowance, priority, amount, merits, or treatment of Movant's claims. Nothing in this Order waives Movant's right to seek allowance, payment, estimation, a reserve, carveout, express preservation, or other confirmation-related protection for his pending administrative-expense claim and preserved post-petition employment claims.

10. The Court retains jurisdiction to interpret and enforce this Order.

Signed: _____, 2026


UNITED STATES BANKRUPTCY JUDGE


**EXHIBIT 2**

**DECLARATION OF MICHAEL BURRIS IN SUPPORT OF MOTION FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS**

I, Michael Burris, declare as follows:

1. I am the Movant in the Motion of Michael Burris for Entry of an Order Authorizing Rule 2004 Examination and Production of Documents. I submit this declaration in support of that Motion.

2. I am a former employee of Carbon Health Medical Group of Florida, P.A. and related Carbon Health entities. I performed work during the post-petition period after the February 2, 2026 Petition Date.

3. I have filed claim materials and a Limited Objection to Confirmation preserving post-petition administrative-expense components, wage-related penalties, reimbursement issues, and termination-related and retaliation-related damages.

4. My immediate fixed payment issue includes an unpaid waiting-time penalty shortfall of approximately $1,528.70. That amount is not the full value of my claim. My broader preserved claim includes retaliation-related damages, statutory remedies, emotional-distress damages, fee-shifting exposure, and other available relief arising from post-petition events.

5. Based on records in my possession, I contend that there were issues concerning time records, meal-period entries, meal-period premium payment timing, delayed final wage or wage-related payments, delayed reimbursement of necessary business expenses, and later payments referencing missed meal periods and late reimbursements.

6. I objected to inaccurate time records and improper reimbursement practices, including reimbursement practices affecting travel between assigned work locations.

7. In late February 2026, after the Petition Date, I verbally objected to reimbursement rules that Area Medical Director Paula was instructing employees to use. Several employees were present and heard my objection.

8. I do not currently know the names of all witnesses to that objection because Carbon Health controls the schedules, time records, staffing records, shift assignments, clinic-assignment records, calendars, Area Medical Director visit records, and other operational records that would identify who was present at the relevant time and location.

9. Within weeks of my complaints and objections, I was subjected to increased scrutiny, questioned regarding routine clinical decisions, and terminated post-petition.

10. I need the requested records to identify witnesses, determine what management knew, evaluate the timing and reason for the adverse action, test the Debtors' stated reasons for termination, calculate my claim, and address claim priority, claim treatment, reserve, insurance, and preservation issues before confirmation.

11. The Debtors control payroll, timekeeping, HR, reimbursement, scheduling, claim-reconciliation, plan-treatment, reserve, insurance, and ESI records that are directly relevant to my claim and that I cannot obtain without Court-authorized production.

12. I am not seeking privileged legal advice or protected attorney work product. I am seeking ordinary-course business records, payroll records, HR records, reimbursement records,

timekeeping audit trails, claim-treatment materials, and non-privileged factual communications relevant to my claim and the Plan's treatment of that claim.

13. I understand the Confirmation Hearing is scheduled for May 27-29, 2026 and that related plan deadlines occur before then. Without expedited production, I will be forced to address confirmation, claim allowance, administrative priority, reserve, and preservation issues without records uniquely controlled by the Debtors.

14. I request that the Court authorize the Rule 2004 examination and document production described in the Motion, including production of documents sufficient to identify the witnesses to my late-February 2026 protected activity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on April 29, 2026, at Aliso Viejo, California.

/s/ Michael Burris
Michael Burris


**CERTIFICATE OF SERVICE**

I certify that on April 29, 2026, I caused a true and correct copy of the foregoing Motion of Michael Burris for Entry of an Order Authorizing Rule 2004 Examination and Production of Documents, including Schedule A, Schedule B, Exhibit 1, and Exhibit 2, to be served by electronic mail and/or first-class mail on the parties listed below and on any additional parties required by the Court's procedures or applicable notice requirements.


**Clerk of the Court**
United States Bankruptcy Court
Southern District of Texas- Houston Division
515 Rusk Street, Suite 3516
Houston, TX 77002

**Counsel to the Debtors and Debtors in Possession**
Pachulski Stang Ziehl & Jones LLP
Attn: Debra I. Grassgreen, Maxim B. Litvak, John W. Lucas, Theodore S. Heckel
700 Louisiana Street, Suite 4500
Houston, TX 77002
dgrassgreen@pszjlaw.com; mlitvak@pszjlaw.com; jlucas@pszjlaw.com; theckel@pszjlaw.com

**Counsel to the Debtors and Debtors in Possession**
Morgan, Lewis & Bockius LLP
Attn: Andrew J. Gallo
One Federal Street
Boston, MA 02110-1726
andrew.gallo@morganlewis.com

Morgan, Lewis & Bockius LLP
Attn: Jason Alderson
101 Park Avenue
New York, NY 10178-0060
jason.alderson@morganlewis.com

**United States Trustee**
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002

**Claims and Noticing Agent**
Kroll Restructuring Administration LLC
Carbon Health Claims Processing Center
FDR Street, PO Box 5293
Brooklyn, NY 10150-9998

**Movant**
Michael Burris
26895 Aliso Creek Rd, Ste B1046
Aliso Viejo, CA 92656
m83burris@gmail.com

/s/ Michael Burris
Michael Burris

**Michael Burris**
26895 Aliso Creek Rd, Ste B1046
Aliso Viejo, CA 92656
m83burris@gmail.com
(949) 861-0497

April 30, 2026

**Clerk of Court**
United States Bankruptcy Court
Southern District of Texas – Houston Division
515 Rusk Street
Houston, TX 77002

United States Courts
Southern District of Texas
FILED

MAY 05 2026

Nathan Ochsner, Clerk of Court

Re: **In re Carbon Health Technologies, Inc., et al.**
Case No. **26-90306 (CML)**
Chapter 11 — Jointly Administered

Dear Clerk of Court:

Enclosed for filing please find my **Pro Se Motion for Examination and Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004** in the above-captioned Chapter 11 case.

I am a pro se claimant and creditor in these jointly administered cases. This motion seeks limited Rule 2004 examination and document production regarding post-petition wage, reimbursement, payroll, timekeeping, HR, termination, retaliation-related, and administrative-expense claim issues relevant to my pending claim and related filings.

Please file the enclosed motion and certificate of service in the above-captioned bankruptcy case.

I respectfully request that the Court consider the motion in connection with the upcoming confirmation process and the related pending matters concerning treatment, preservation, and potential allowance of my post-petition administrative-expense and employment-related claims.

Thank you for your assistance.

Respectfully submitted,

**Michael Burris**
Pro Se Claimant / Creditor