**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CARBON HEALTH TECHNOLOGIES, INC., et al., | Case No. 26-90306 (CML) |
| Debtors. [1] | (Jointly Administered) |

**DEBTORS' WITNESS AND EXHIBIT LIST**

Carbon Health Technologies, Inc. and certain of its affiliates (collectively, the "Debtors")

hereby submit the following *Debtors' Witness and Exhibit List* (the "Witness and Exhibit List")

with respect to the hearing scheduled on May 20, 2026 at 10:00 a.m. (CT) in the above-captioned

bankruptcy cases (the "Cases") pending before the Honorable Christopher M. Lopez.

**WITNESS LIST**

The Debtors may call the following witnesses:

1.      Robert Warshauer, Director;

2.      Any witness listed, offered, or called by any other party; and

3.      Any witness required for rebuttal or impeachment.

**EXHIBIT LIST**

| Exhibit No. | Description | Offered | Objection | Admitted | Disposition After Hearing |
|---|---|---|---|---|---|
| 1. | Settlement [Docket No. 510-3] | | | | |
| 2. | Any exhibits listed, designated, or offered by any other party. | | | | |
| 3. | Any exhibits necessary for rebuttal. | | | | |

---

[1]   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth.The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

| Exhibit No. | Description | Offered | Objection | Admitted | Disposition After Hearing |
|---|---|---|---|---|---|
| 4. | Any pleading or other document filed with the Court on the docket of the Cases and related adversary proceedings | | | | |

The Debtors reserve the right to modify, amend or supplement this Witness and Exhibit List at any time.  The Debtors reserve the right to ask the Court to take judicial notice of pleadings, orders, transcripts and/or documents filed in or in connection with these Cases, to offer rebuttal exhibits, and to supplement or amend this Witness and Exhibit List at any time prior to the May 20, 2026 hearing.  Designation of any exhibit above does not waive any objections the Debtors may have to any exhibit listed on any other party's exhibit list.

Dated: May 18, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Maxim B. Litvak*

Maxim B. Litvak (SBT 24002482)
Theodore S. Heckel (SBT 24133488)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9407
mlitvak@pszjlaw.com
theckel@pszjlaw.com

-and-

Debra I. Grassgreen (admitted *pro hac vice*)
John W. Lucas (admitted *pro hac vice*)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Facsimile:  (415) 263-7010
dgrassgreen@pszjlaw.com
jlucas@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on May 18, 2026, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Maxim B. Litvak*
Maxim B. Litvak

# EXHIBIT 1

ROB BONTA
Attorney General of California
NELI N. PALMA
Senior Assistant Attorney General
DAVID JONES
Supervising Deputy Attorney General
DARCIE TILLY (SBN 239715)
DANNY LO (SBN 265279)
Deputy Attorneys General
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6634
 Fax:  (916) 731-2119
 E-mail:  Danny.Lo@doj.ca.gov

*Attorneys for Plaintiff, the People of the State of California*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>CARBON HEALTH TECHNOLOGIES, Inc., et al.,<br><br>Defendants. | Case No.<br><br>[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION |

Plaintiff, the People of the State of California ("**Plaintiff**" or "**People**"), through its attorney, Rob Bonta, Attorney General of the State of California, by Senior Assistant Attorney General Neli Palma, Supervising Deputy Attorney General David Jones, and Deputy Attorneys General Darcie Tilly and Danny Lo; and Defendants Carbon Health Technologies, Inc., a Delaware Corporation, Carbon Health Alpha Medical Group of California, P.C., a California professional corporation, Caron Health Alpha Primary Care of California, P.C., a California Professional Corporation, Carbon Health East Bay Medical Group, P.C., a California Professional Corporation, Carbon Health East Bay Primary Care, P.C., a California Professional Corporation, Carbon Health Medical Group of California, P.C., a California Professional Corporation, Carbon Health Medical Group of

FINAL JUDGMENT AND PERMANENT INJUNCTION
-1-

Florida, P.A., a Florida Professional Service Corporation, Carbon Health Medical Group of Sunnyvale, Inc., a California Professional Corporation, Carbon Health Primary Care of California, P.C., a California Professional Corporation, Carbon Health South Bay Medical Group, P.C., a California Professional Corporation, Carbon Health South Bay Primary Care, P.C., a California Professional Corporation, Djavaherian Medical Practice, PLLC, a California Professional Limited Liability Company, and Treat Medical, Inc., a California Professional Corporation (collectively, the "**Carbon Heath Entities**"); and Eren Bali, an individual, ("**Mr. Bali**" and together with the Carbon Heath Entities, the "**Defendants**" and collectively with the People, the "**Parties**"), have stipulated (the "**Stipulation**") that this Final Judgment and Injunction ("**Judgment**") may be entered as a compromise of disputed claims and defenses, without trial or adjudication of any issue of fact or law, and without Defendants admitting any liability or wrongdoing, and with Plaintiff and Defendants having waived their right to appeal any issue of fact or law arising from the allegations addressed by this Judgment. The Court having considered the matter and the attached Stipulation and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED and DECREED AS FOLLOWS:

1. This Court has jurisdiction over the allegations and subject matter of the People's complaint (the "**Complaint**") filed in this action (the "**Action**"); and the parties to this Action; venue is proper in this County; and this Court has jurisdiction to enter this Judgment and to enforce its provisions.

2. This Judgment is applicable to each Defendant and to each of their subsidiaries and agents, successors and assigns, and any corporation, limited liability company, partnership, or any other legal entity or organization which is controlled, owned, managed, licensed, operated, or administered by Defendants, which is acting on behalf of any Defendant, and which directly, or indirectly, controls, manages, and/or owns any medical clinic in California.

<u>INJUNCTION</u>

3. Under Business and Professions Code sections 17203 and 17535, Defendants are hereby permanently enjoined from the following:

a. Engaging in the corporate practice of medicine as prohibited by Business and Professions Code sections 2052, subd. (a) and 146, subd. (a), including, but not limited to, the following:

    i. Having a management services agreement that grants the management services organization complete authority over advertising, payor negotiations, selection of medical equipment, and the hiring, firing, and compensation of licensed medical professionals;

    ii. Granting a management services organization any ownership interest in a professional corporation, including through an assignable option agreement which grants the management services organization the right to acquire such ownership interests for its own account;

    iii. A revolving credit agreement that requires affiliated professional corporations to seek financing exclusively from the management services organization at an above market rate, provided that the management company will be permitted to take a first priority lien in certain of the affiliated professional corporation's assets with conventional lender restrictions;

b. Using unfair consumer contracts as prohibited by Civil Code section 1770, subd. (a)(19), and in breach of the covenant of good faith and fair dealing as defined by California Civil Jury Instruction (CACI) 325, including, but not limited, to the following:

    i. Failing to advise patients in a clear and conspicuous manner of the agreement to automatic charging of credit cards and debit cards; and

    ii. Changing the timing of automatic charging of credit cards and debit cards without appropriate advance notice to patients of such changes to the terms of the automatic charging policy.

c. Improperly billing patients and insurance companies as prohibited by California and Federal laws and regulations, including, but not limited, to the following:

FINAL JUDGMENT AND PERMANENT INJUNCTION

-3-

i. Charging patients who have health maintenance organization (HMO) coverage more than their copay, deductible, and coinsurance in violation of Health and Safety Code section 1379, subd. (c);

ii. Collecting or attempting to collect sums not owed by the patients in violation of Civil Code section 1788.17;

iii. Billing debit cards with less than 10 days' notice to the patient in violation of 12 C.F.R. sections 205.10 & 1005.10 and their official interpretations (Regulation E);

iv. Taking funds from patient credit cards or debit cards without permission in violation of Penal Code sections 484, subd. (a) and 484e, subd. (c);

v. Accessing patient credit card or debit card information without permission to bill in violation of Penal Code sections 502 subds. (c)(1) & (2);

vi. Submitting incorrect billing codes for reimbursement to insurance companies in violation of Insurance Code sections 550, subds. (a)(6) & (7); and

vii. In addition, Defendants shall not fail to ensure that patients may contact, in a convenient manner, customer service agents who will assist patients in promptly resolving billing issues.

d. Making or causing to be made, false or misleading statements, or any other false advertising as prohibited by Business and Professions Code section 17500, including, but not limited, to the following:

i. Misrepresenting the in-network status of Carbon Health Entities' clinics as they relate to patient insurance or health plans; and

ii. Misrepresenting that out-of-network patients will pay in-network rates for services.

## MONETARY RELIEF

4. Upon entry of this Judgment, (a) a civil penalty in the total amount of $4,400,000.00 will be an allowed claim against the Carbon Health Entities in their Bankruptcy Cases as (i) a

prepetition general unsecured claim in the in the amount of $4,025,000.00 (the "**General Unsecured Claim**") and (ii) an administrative expense claim, pursuant to section 503(b) of the Bankruptcy Code, in the amount of $375,000.00 (the "**Administrative Claim**"); and (b) a civil penalty in the amount of $100,000.00 against Mr. Bali (the "**Civil Penalty**"). The Administrative Claim and the Civil Penalty will be paid in full by the Carbon Health Entities and Mr. Bali, respectively, within three (3) business days of the Plan Effective Date (as defined by the Stipulation). Payment of the Administrative Claim and the Civil Penalty shall be made by wire transfer to the California Attorney General's Office pursuant to instructions provided by the People.

## OTHER TERMS

5. Under no circumstances shall this Judgment or the name of the Office of the Attorney General or any of its employees or representatives be used by Defendants in connection with any selling, advertising, or promotion of products or services, or as an endorsement or approval of Defendants' acts, practices or conduct of business.

6. Nothing in this Judgment shall be construed as relieving Defendants of the obligation to comply with all state and federal laws, regulations, and rules, nor shall any of the provisions of this Judgment be deemed to be permission to engage in any acts or practices prohibited by such laws, regulations, and rules.

7. No court costs, if any, shall be taxed upon the Attorney General. To the extent there are any court costs associated with the filing of this Judgment, Carbon Health Entities shall pay all such court costs.

8. This Judgment shall not be construed to waive any claims of sovereign immunity of the State of California may have in any action or proceeding.

9. If any portion of this Judgment is held invalid by operation of law, the remaining terms of this Judgment shall not be affected and remain in full force and effect.

10. The Parties agree that this judgment does not entitle them to seek or to obtain attorneys' fees as a prevailing party under any statute, regulation, or rule, and the Parties further waive any right to attorneys' fees that may arise under such statute, regulation, or rule.

11. This Court retains jurisdiction over this Judgment for the purpose of enabling any

party to this Judgment with or without the prior consent of the other party to apply to the Court at any time for enforcement of compliance.

12.     Defendants shall cooperate in good faith with the People in any investigation concerning Defendants' compliance with this Judgment.

13.     This Judgment shall have a res judicata effect and shall constitute a full, final, and binding settlement and release, to the fullest extent permitted by law, of claims Plaintiff has or could have brought against Defendants arising out of or in connection with the factual allegations set forth in (a) the letter from the Plaintiff dated, February 10, 2026; or (b) addressed by the terms of this Judgment. This Release has no effect or impact on any potential or actual claims brought by any payer, including any Consumer, to Defendants, or as described in Paragraph 14 below.

14.     This Judgment does not apply to, resolve, estop, adjudicate, preclude, or bar any claims for civil, criminal, or administrative liability that any person or entity, including Defendants, has or may have to the State's Medicaid Program (Cal. Welfare & Inst. Code §§ 14000, *et seq.*, 14200 *et seq.*; 42 U.S.C. Chapter 7 Subchapter XIX), including any such liability to the State's Medicaid Program arising from "managed care entities" as defined by 42 U.S.C. § 1396u-2(a)(1)(B).

15.     All parties have waived their right to appeal, and this Judgment shall take effect immediately upon the Effective Date of the Stipulation.

16.     The clerk is ordered to enter this Judgment forthwith.

**IT IS SO ORDERED**, this __ day of _____, 2026.

_____

Judge of the Superior Court