**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CARBON HEALTH TECHNOLOGIES, INC., et al., | Case No. 26-90306 (CML) |
| Debtors. [1] | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING**
**TIME PERIOD WITHIN WHICH THE DEBTORS MUST ASSUME OR**
**REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), (a) extending the time under section 365(d)(4)(A) of title 11 of the United States Code (the "Bankruptcy Code"), by which each Debtor may assume or reject unexpired leases of nonresidential real property (collectively, the "Unexpired Leases," and such deadline, the

---

[1]  A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth. The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

"365(d)(4) Deadline") until the earlier of (i) the date that is ninety (90) days after the current

365(d)(4) Deadline of June 2, 2026 (*i.e.*, through and including August 31, 2026) and (ii) such

other date set forth in the Plan (defined below), if implemented;[2] and (b) granting related relief.[3]

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core

proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant

to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry

of a final order by the Court.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 365(d)(4) Bankruptcy Code

and Bankruptcy Rule 9006.

## General Background

5.      On February 2, 2026 (the "Petition Date"), the Debtors each commenced with this

Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The

Debtors are authorized to continue to operate their business and manage their properties as debtors

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or

examiner has been appointed in the Chapter 11 Cases.

---

[2] Notwithstanding anything to the contrary, the Debtors are not seeking a determination that any particular lease, contract, instrument, or other document constitutes an unexpired lease of nonresidential real property subject to the provisions of section 365(d)(4) of the Bankruptcy Code and all parties' rights are reserved with respect to such determination.

[3] Pursuant to paragraph 30 of the Procedures for Complex Cases in the Southern District of Texas, the deadline for the Debtors to remove actions is extended until the Court rules on this Motion.

6. On February 16, 2026, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"). *See* Docket No. 115.

7. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Kerem Ozkay, in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"),[4] which is incorporated by reference herein.

8. Since the Petition Date, the Debtors have worked diligently on a number of critical matters. In particular, the Debtors' efforts have been hyper-focused on stabilizing operations. Along with that, on March 4, 2026, the Debtors filed *Carbon Health Technologies, Inc. and Debtor Affiliates' Combined Disclosure Statement and Plan of Reorganization* (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time [Docket No. 274] (the "Combined Disclosure Statement and Plan"). On April 1, 2026, the Debtors filed *Carbon Health Technologies, Inc. and Debtor Affiliates' Combined Disclosure Statement and Plan of Reorganization* [Docket No. 412] (the "Modified Plan"). On April 7, 2026, the Debtors filed *Carbon Health Technologies, Inc. and Debtor Affiliates' Combined Disclosure Statement and Amended Plan of Reorganization* [Docket No. 431] (the "Amended Plan"). On April 8, 2026, the Court entered the *Order (I) Granting Interim Approval of the Adequacy of Disclosures in the Combined Disclosure Statement and Plan; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots; and (V) Granting Related Relief* [Docket No. 440] (the "Solicitation Procedures Order"). The Debtors solicited the Plan in accordance with the

---

[4] A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the First Day Declaration.

Solicitation Procedures Order and the Court established May 13, 2026, at 4:00 p.m. Central Time as the deadlines for voting and objecting to the Plan.  On May 15, 2026, the Debtors filed *Carbon Health Technologies, Inc. and Debtor Affiliates' Combined Disclosure Statement and Second Amended Plan of Reorganization* [Docket No. 635] (the "Second Amended Plan").  On May 13, 2026, the Debtors filed the *Notice of (I) Settlement Term Sheet Among the Debtors, Committee, DIP Lender, and Prepetition Secured Lenders Regarding Plan, (II) Proposed Extension of Voting Deadline, and (III) Scheduling of Confirmation Hearing on the Plan* (the "Term Sheet") [Docket No. 621], which *inter alia*, scheduled the Confirmation Hearing for May 29, 2026 (the "Confirmation Hearing").  The Term Sheet represents global resolution regarding the Debtors' restructuring among the Committee, Future Solution Investments, LLC, in its respective capacities as the DIP Agent ("FSI"), the Prepetition Agent, DIP Lenders, and Prepetition Lenders. Additionally, the Term Sheet extended the deadline by which Holders of Claims in Class 6 and/or Class 7 (as of the Voting Record Date) may vote to accept or reject the Second Amended Plan to May 22, 2026, at 4:00 p.m. Central Time.

## The Debtors' Unexpired Leases

9.      As part of the Debtors' pre-petition business, certain of the Debtors are parties to certain Unexpired Leases of nonresidential real property that are subject to potential assumption or rejection under sections 365 or 1123 of the Bankruptcy Code. It is necessary to preserve the Debtors' ability to assume and assign the Unexpired Leases in order to maximize value for the Debtors, their estates, and creditors.

10.     The Debtors' decision regarding whether to assume or reject any particular Unexpired Lease depends on a number of different factors, including an assessment as to whether assumption or rejection is consistent with the Debtors' overall restructuring objectives. The

Debtors, advised by their professionals, have been and will continue to analyze the Unexpired Leases that the Debtors may choose to assume, assume and assign, or reject prior to the deadline for assumption or rejection pursuant to section 365(d)(4) of the Bankruptcy Code.  Importantly, the 365(d)(4) Deadline is currently set to expire on June 2, 2026, which is a couple days after the scheduled Confirmation Hearing. If the Confirmation Hearing is continued, or if it exceeds the hearing time allotted by the Court, the extension of the 365(d)(4) Deadline will expire and an extension will be necessary.

11.     During the course of these Chapter 11 Cases, the Debtors have been evaluating their portfolio of executory contracts and Unexpired Leases and attendant real properties. To this end, on March 6, 2026, the Debtors filed a notice of proposed assumption and assignment of executory contracts and unexpired leases [Docket No. 289].  On April 8, 2026, the Court entered an Order [Docket No. 439] rejecting 19 unexpired leases.  On April 16, 2026, the Debtors filed a notice of proposed assumption and assignment of executory contracts and unexpired leases [Docket No. 478]. On April 20, 2026, the Debtors filed a supplemental notice of proposed assumption and assignment of executory contracts and unexpired leases [Docket No. 495].  On April 29, 2026, the Debtors filed a motion to reject 129 unexpired leases and executory contacts [Docket No. 527]. On May 5, 2026, the Debtors filed a motion to reject certain unexpired leases and executory contracts with CSC Leasing Co. [Docket No. 574].  On May 15, 2026, the Court entered an Order authorizing the assumption and assignment of the Debtors' San Antonio Center Clinic Lease [Docket No. 633].  On May 19, 2026, the Court entered an Order authorizing the Debtors to reject the CVS Contracts [Docket No. 644].

12.     Additionally, and among other things, section XII.A. of the Plan provides that all of the Debtors' Unexpired Leases will be deemed rejected upon entry of the Confirmation Order,

unless previously assumed or rejected or unless a particular Unexpired Lease is the subject of a pending motion to assume or reject as of the Plan's effective date.

13.     Accordingly, the Debtors believe that it would be premature to assume or reject the remaining Unexpired Leases at this time and an extension is necessary.

## Basis for Relief

14.     Section 365(d)(4) of the Bankruptcy Code provides, in pertinent part:

> an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—(i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4)(A). Thus, absent the relief requested herein, Unexpired Leases that are not assumed within the initial statutory period and that are not the subject of a motion to assume such Unexpired Lease will be deemed rejected.

15.     A court may extend the period for up to 90 days on the motion of the debtor or lessor for cause. 11 U.S.C. § 365(d)(4)(B). In determining whether cause exists to extend the time to assume or reject unexpired leases of nonresidential real property, courts have considered the following non-exhaustive factors:

a.     whether the lease is the debtor's primary asset;

b.     whether the debtor has had sufficient time to intelligently appraise its financial situation and the potential value of its assets in terms of the formulation of a plan of reorganization;

c.     whether the lessor continues to receive rent for the use of the property;

d.     whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

e.     whether the case is exceptionally complex and involves a large number of leases;

f.       whether the debtor has failed or is unable to formulate a plan when it has had sufficient time to do so; and

g.       any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

*See, e.g.*, *In re Am. Healthcare Mgt., Inc.*, 900 F.2d 827, 833 (5th Cir. 1990) (discussing the factors relevant to section 365(d)(4) analysis of whether "cause" exists to extend the time to assume or reject unexpired leases); *In re Panaco, Inc.*, No. 02-47811-H3-11, 2002 WL 31990368, at *5 (Bankr. S.D. Tex. Dec. 10, 2002) (citing similar factors); *S. St. Seaport Ltd. P'ship* v. *Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761–62 (2d Cir. 1996) (same).

16.       The Debtors submit that sufficient "cause" exists to extend the deadline under section 365(d)(4) for up to 90 days, through and including the earlier of (i) effective date of the Plan and (ii) August 31, 2026. The Debtors have made substantial progress in these undoubtedly complex chapter 11 cases. Specifically, the Debtors and their professionals have focused their attention on, among other things:

- addressing numerous questions, concerns, and issues raised by employees, vendors, and other parties in interest;

- coordinating with the U.S. Trustee and the Committee to provide requested information on a variety of issues and comply with the reporting requirements under the Bankruptcy Code;

- having initial discussions with and responding to diligence requests from the Committee and the Debtors' key stakeholder groups;

- preparing for and attending hearings;

- obtaining relief that has enabled the Debtors to continue operating their business in the ordinary course, including obtaining approval of a number of "first day" motions, "second day" motions, and retention applications;

- working to a possible going concern sale of the Debtors business;

- analyzing leases and executory contracts for possible assumption or rejection;

- preparing and filing a notice of deadlines for filing proofs of claim;

- preparing and filing the Combined Disclosure Statement and Plan, the Modified Plan, the Amended Plan; and the Second Amended Plan;

- engaging in discussions regarding the Combined Disclosure Statement and Plan with stakeholders, including, but not limited to, the Committee, FSI, the Prepetition Agent, DIP Lenders, and Prepetition Lenders;

- participating in mediation with FSI and the Committee to attempt to resolve the Committee's objections to confirmation of the Debtors' Combined Disclosure Statement and Plan;

- negotiating settlement with RPT Realty, L.P.;

- negotiating settlement with the California Department of Justice;

- negotiating a settlement of the First Amendment to that certain Senior Secured Superpriority Debtor-in-Possession Financing Agreement, dated as of February 2, 2026 and filing an emergency motion to approve same; and

- negotiating settlement of the Second Amended Plan with the Committee, FSI, the Prepetition Agent, DIP Lenders, and Prepetition Lenders.

17. Additionally, and described above, the Debtors are in the process of effectuating an orderly wind down process. As part of this process, the Debtors anticipate utilizing the Leased Premises as part of these efforts and rejecting such premises once they are no longer needed for the Debtors wind down efforts, provided that the Debtors do not determine that a particular Unexpired Lease could have additional value for the Debtors' estates if assumed or assumed and assigned during these Chapter 11 Cases. Additionally, certain of the Leased Premises may be required for the transition services contemplated by the Sale Order, such that the Debtors are not yet in a position to reject those Unexpired Leases.

18. Given the Debtors' efforts to date to evaluate and address their Unexpired Leases during these Chapter 11 Cases, which remain ongoing, their ongoing efforts to address their portfolio of Unexpired Leases in the most value maximizing means possible, and the overall

fluidity of these Chapter 11 Cases, the Debtors require the maximum time available to them under applicable law.  Moreover, the terms of the Plan provide for the rejection of remaining Unexpired Leases upon entry of the Confirmation Order.  Given the timing of the current deadline to assume or reject Unexpired Leases, the pending Confirmation Hearing, and the Debtors' ongoing wind down efforts, the additional time permitted under the Bankruptcy Code is necessary and appropriate under the circumstances.

19.     Accordingly, the Debtors submit that the factors relevant to the Court's analysis establish that cause exists to extend the section 365(d)(4) deadline.

### Automatic Extension under Complex Chapter 11 Case Procedures

20.     Pursuant to Section K, paragraph 30 of the *Procedures for Complex Cases in the Southern District of Texas*, the time by which the Debtors may assume or reject unexpired leases of nonresidential real property shall automatically be extended until the Court rules on this motion, without the necessity for the issuance or entry of an order extending the time.

### Reservation of Rights

21.     Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code, or (iii) an admission with respect to whether any of the Debtors' contracts or leases is an unexpired lease of nonresidential real property within the meaning of section 365(d) of the Bankruptcy Code.

### Notice

22.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local

Rules, and is sufficient under the circumstances. The Debtors will provide notice to the Counterparties, and parties-in interest, including on the Debtors' Master Service List.

## Conclusion

**WHEREFORE**, the Debtors request that the Court enter the Order granting the relief requested herein and such other and further relief as the Court deems just and proper under the circumstances.

Dated: May 22, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Maxim B. Litvak*

Maxim B. Litvak (SBT 24002482)
Theodore S. Heckel (SBT 24133488)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9407
mlitvak@pszjlaw.com
theckel@pszjlaw.com

-and-

Debra I. Grassgreen (admitted *pro hac vice*)
John W. Lucas (admitted *pro hac vice*)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Facsimile:  (415) 263-7010
dgrassgreen@pszjlaw.com
jlucas@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on May 22, 2026, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Maxim B. Litvak*

Maxim B. Litvak