United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 12, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CARBON HEALTH TECHNOLOGIES, INC., *et al.*, | Case No. 26-90306 (CML) |
| Debtors.[1] | (Jointly Administered) |

**ORDER APPROVING OMNIBUS CLAIMS OBJECTIONS PROCEDURES AND THE FILING OF OMNIBUS CLAIMS OBJECTIONS**

(Related Docket No. 767)

Upon the Motion[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors" and after the effective date [Docket No. 784] the "Reorganized Debtors") for entry of an order (this "Order"), (a) approving the Objection Procedures attached hereto as **Exhibit 1**, (b) authorizing the Reorganized Debtors to assert objections to Claims (including requests for payment of administrative claims) in an omnibus format pursuant to Bankruptcy Rule 3007(c) and Local Rule 3007-1 (each, an "Omnibus Objection"), all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estate, their creditors, and other parties in interest; and this Court having found that the notice of the Motion

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth. The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

[2] A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is hereby **GRANTED** as set forth herein.

2. Pursuant to Bankruptcy Rule 3007(c), Local Rule 3007-1, and Complex Case Procedure M, the Reorganized Debtors and/or META Advisors LLC, in its capacity as trustee of the Carbon Health Litigation Trust and QSF Administrator of the Abuse Claims QSF (the "Carbon Health Litigation Trust"), may file Omnibus Objections that include objections to Claims (including any administrative expense request or motion) on any basis provided for in Bankruptcy Rule 3007(d) and/or the Additional Grounds.

3. The Reorganized Debtors and/or the Carbon Health Litigation Trust are authorized to file and prosecute any Omnibus Objections in accordance with the Objection Procedures attached hereto as **Exhibit 1**, which are hereby approved in every respect, and in accordance with the procedural safeguards set forth in Bankruptcy Rule 3007(e).

4. The form of Objection Notice attached hereto as **Exhibit 2** is approved.

5. The Reorganized Debtors and/or the Carbon Health Litigation Trust are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order, the Motion, or the Objection Procedures shall be deemed: (a) an admission as to the validity of any Claim against a Debtor entity and/or the Carbon Health Litigation Trust; (b) a waiver of the Debtors', Reorganized Debtors', and/or the Carbon Health

Litigation Trust's rights to dispute or seek an estimation of any Claim on any grounds; (c) a promise or requirement to pay any Claim; (d) an implication or admission that any particular Claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular Claim is an administrative expense Claim or other priority Claim; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', the Reorganized Debtors', or any other party in interest's (including but not limited to the Carbon Health Litigation Trust's) rights under the Bankruptcy Code or any other applicable law; or (h) a concession that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

7. Any order sustaining an Omnibus Objection to Claims that is filed in accordance with this Order and the Objection Procedures constitutes a final order as if an individual objection had been filed for each Claim pursuant to Bankruptcy Rule 3007(f).

8. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. This Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: November 12, 2026

Christopher Lopez
United States Bankruptcy Judge

# Exhibit 1

## Objection Procedures

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CARBON HEALTH TECHNOLOGIES, INC., *et al.*, | Case No. 26-90306 (CML) |
| Debtors. | (Jointly Administered) |

**PROCEDURES FOR FILING OMNIBUS CLAIMS OBJECTIONS**

1. Grounds for Omnibus Objection. In addition to those grounds expressly set forth in 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Reorganized Debtors and/or META Advisors LLC, in its capacity as trustee of the Carbon Health Litigation Trust and QSF Administrator of the Abuse Claims QSF (the "Carbon Health Litigation Trust") may file omnibus objections (each, an "Omnibus Objection") to proofs of claim, including administrative expense claims (collectively, "Claims"), on the grounds (collectively, the "Additional Grounds") that such Claims, in whole or in part:

a. are inconsistent with the Debtors' books and records;

b. fail to specify the asserted claim amount (or only list the claim amount as "unliquidated," "unknown," or "undetermined");

c. seek recovery of amounts for which the Debtors are not liable

d. are incorrectly or improperly classified;

e. are filed against non-Debtors or against multiple Debtors;

f. fail to specify a Debtor against whom the claim is asserted;

g. have been withdrawn by informal writing (including email) between the Debtors and the claimant, but have not been formally withdrawn; *provided* that a copy of such informal writing be filed concurrently with the Omnibus Objection;

h. fail to specify sufficiently the basis for the Claim or provide sufficient supporting documentation therefor; or

i. seek priority in an amount that exceeds the maximum amount under section 507 of the Bankruptcy Code.

2. Form of Omnibus Objection. Each Omnibus Objection will be numbered consecutively, regardless of basis.

a. describe the basic nature of the objection;

b. inform creditors that their rights may be affected by the objection.

c. identify the hearing date, if applicable, any deadline for responding to the Omnibus Objection, and related information.

3. Supporting Documentation. Each Omnibus Objection may be accompanied by an affidavit or declaration that provides a factual basis for the objection to the Claims, including from a party with knowledge of the Debtors' books and records and the manner in which they are maintained that states that the affiant or the declarant has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the Claim.

4. Claims Exhibits. An exhibit listing the Claims that are subject to the particular Omnibus Objection will be attached thereto. Each exhibit will include only the Claims to which there is a common basis for the Omnibus Objection. Claims for which there is more than one basis for the Omnibus Objection may be referenced on each exhibit applicable thereto. Including a Claim on one exhibit will not constitute a waiver of the Debtors', Reorganized Debtors', and/or the Carbon Health Litigation Trust's right to object to the Claim on an additional basis or bases. The exhibits will include, without limitation, the following information alphabetized by claimant:

a. the Claims that are the subject of the Omnibus Objection and, if applicable, the proof of claim number related thereto from the claims register;

b. the asserted amount of the Claim;

c. the grounds for the objection(s); and

d. other information, as applicable, including: (i) the proposed classification of any Claims that the Debtors and/or the Carbon Health Litigation Trust seeks to reclassify; (ii) the reduced claim amounts of any Claims that the Debtors and/or the Carbon Health Litigation Trust seek to reduce; or (iii) the surviving Claims if the Debtors and/or the Carbon Health Litigation Trust seek to disallow duplicates.

5. Objection Notice. Each Omnibus Objection will be accompanied by a customized objection notice, substantially in the form attached to the *Order Approving Omnibus Claims Objections Procedures and the Filing of Substantive Omnibus Claims Objections* ("Procedures Order") as **Exhibit 2** (the "Objection Notice"), tailored, as appropriate, to address a particular creditor, Claim, or objection, which will:

a. describe the basic nature of the objection;

b. inform creditors that their rights may be affected by the objection;

c. describe the procedures for filing a written response (each, a "Response") to the objection, including all relevant dates and deadlines related thereto;

d. identify the hearing date, if applicable, and related information; and

e. describe how copies of proof of claim, the Omnibus Objection, and other pleadings filed in the cases may be obtained.

6. Service of Omnibus Objection. Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimant party set forth on the proof of claim or their respective attorney of record, (b) the U.S. Trustee, and (c) parties that have filed a request for service of papers under Bankruptcy Rule 2002.

7. Omnibus Hearings. Each Omnibus Objection shall be set for hearing no less than thirty (30) days after service of the Omnibus Objection (each, a "Hearing"). In the Reorganized

Debtors' and/or the Carbon Health Litigation Trust's discretion, and after notice to the affected claimant, the Reorganized Debtors and/or the Carbon Health Litigation Trust may adjourn the Hearing on the Omnibus Objection to a subsequent hearing date. For Claims subject to an Omnibus Objection and with respect to which either (a) no Response is filed in accordance with the proposed response procedures, (b) no appearance is made at the Hearing, or (c) a Response is filed in accordance with the proposed response procedures but such Response is resolved prior to the Hearing, the Reorganized Debtors and/or the Carbon Health Litigation Trust may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to such Claim. The Hearing with respect to a contested Claim for which (a) a Response is filed in accordance with the proposed response procedures but such Response is not resolved prior to the Hearing, and (b) the claimant appears at the Hearing, may be heard at the Hearing and treated as a status conference or adjourned. If a contested Claim cannot be resolved and a hearing is determined to be necessary, the Reorganized Debtors and/or the Carbon Health Litigation Trust shall file with the Court and serve on the affected claimant a notice of Hearing (the date of which shall be determined in consultation with the affected claimant).

8. Contested Matter. Each Claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to such Claim. The Reorganized Debtors may, in their sole discretion and in accordance with other orders of this Court, and the provisions of the Bankruptcy Code and Bankruptcy Rules, settle the priority, amount, and validity of such contested claims without any further notice to or action, order, or approval of the Court.

**RESPONSES TO OMNIBUS OBJECTIONS**

9. Parties Required to File a Response. Any party who disagrees with an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein and to appear at the Hearing. If a claimant whose claim is subject to an Omnibus Objection does not timely file and serve a Response in compliance with the procedures below or fails to appear at the Hearing, the Court may grant the objection with respect to such Claim without further notice to the claimant.

10. Response Contents. Each Response must contain the following (at a minimum):

a. a caption stating the name of the Court, the names of the Debtors, the case number, the Omnibus Objection to which the Response is directed, the name of the claimant, and if applicable, the Claim number(s) related thereto from the public claims register;

b. a concise statement setting forth the reasons why the Court should not grant the objection with respect to such claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c. a copy of other documentation or other evidence of the Claim, to the extent not already included with the filed Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided* however that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; and, provided, further, that the claimant shall disclose to counsel for the Reorganized Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its claim, subject to appropriate confidentiality constraints;

d. a declaration or other statement of a person with personal knowledge of the relevant facts that support the Response; and

e. the following contact information for the responding party:

(i) the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; and

(ii) the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the responding claimant's behalf.

11. Filing and Service of the Response. A Response will be deemed timely only if it is filed with the Court and served so that it is *actually received* by 5:00 p.m. (prevailing Central Time) on the day that is thirty (30) calendar days from the date the Omnibus Objection is served (the "Response Deadline") by the following parties (the "Notice Parties"), as applicable:

| **Counsel to the Debtors or Reorganized Debtors** | **United States Trustee** |
|---|---|
| Pachulski Stang Ziehl & Jones LLP<br>700 Louisiana Street, Suite 4500<br>Houston, TX 77002<br>Attn: Maxim B. Litvak, Theodore S. Heckel, and John W. Lucas | Office of the United States Trustee<br>515 Rusk Street, Suite 3516<br>Houston, TX 77002<br>Attn: Ha Nguyen |
| **Co-Counsel to the Carbon Health Litigation Trust** | |
| **ASK LLP**<br>Jason C. DiBattista, Esq.<br>Brigette McGrath, Esq.<br>William H. Thomas, Esq.<br>2600 Eagan Woods Drive, Suite 400<br>St. Paul, Minnesota 55121<br>Telephone: (651) 406-9665<br>Facsimile: (651) 406-9676<br>jdibattista@askllp.com<br>bmcgrath@askllp.com<br>wthomas@askllp.com<br><br>-and-<br><br>Marianna Udem, Esq.<br>60 East 42nd Street, 46th Floor<br>New York, New York 10165<br>Telephone: (212) 267-7342<br>Facsimile: (212) 918-3427<br>mudem@askllp.com | |

12. Discovery. If the Reorganized Debtors and/or the Carbon Health Litigation Trust determine that discovery is necessary in advance of a Hearing on an Omnibus Objection, the Reorganized Debtors and/or the Carbon Health Litigation Trust will serve notice on the affected

claimant or its counsel of record that the scheduled Hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda for the hearing, or may be provided by separate notice. In accordance with Local Rule 3007-1(d), the first hearing on any Omnibus Objection that is contested with respect to a particular Claim will not be an evidentiary hearing and there is no need for any witnesses to appear at such hearing unless otherwise ordered by the Court in accordance with Local Rule 3007-1(d).

13. Failure to Respond. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at any Hearing. **Absent reaching an agreement with the Reorganized Debtors and/or the Carbon Health Litigation Trust resolving the Omnibus Objection, failure to timely file and serve a Response as set forth herein or to appear at the Hearing may result in the Court granting the Omnibus Objection without further notice or hearing.** Upon entry of an order sustaining an Omnibus Objection, affected creditors or their counsel will be served with such order.

14. Reply to a Response. The Reorganized Debtors and/or the Carbon Health Litigation Trust shall be permitted to file a reply to any Response no later than two (2) business days before the Hearing with respect to the relevant Omnibus Objection.

## MISCELLANEOUS

15. Additional Information. Copies of these procedures, the Motion, the Order, or any other pleadings filed in these Chapter 11 Cases are available at no cost at the Debtors' restructuring website at https://restructuring.ra.kroll.com/carbonhealth. You may also obtain copies of any of the pleadings filed in these Chapter 11 Cases for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public

Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.

## RESERVATION OF RIGHTS

16. **NOTHING IN ANY OMNIBUS OBJECTION IS INTENDED OR SHALL BE DEEMED TO CONSTITUTE (A) AN ADMISSION AS TO THE VALIDITY OF ANY CLAIM AGAINST A DEBTOR ENTITY; (B) A WAIVER OF ANY RIGHT OF ANY DEBTOR, THE DEBTORS, THE REORGANIZED DEBTORS, AND/OR THE CARBON HEALTH LITIGATION TRUST TO DISPUTE ANY CLAIM ON ANY GROUNDS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE; (C) A PROMISE OR REQUIREMENT TO PAY ANY CLAIM; (D) AN IMPLICATION OR ADMISSION THAT ANY PARTICULAR CLAIM IS OF A TYPE SPECIFIED OR DEFINED IN THIS MOTION OR ANY ORDER GRANTING THE RELIEF REQUESTED BY THIS MOTION OR IN ANY OMNIBUS OBJECTION OR ANY ORDER SUSTAINING THE OMNIBUS OBJECTION; (E) A REQUEST OR AUTHORIZATION TO ASSUME ANY CONTRACT OR LEASE PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE; OR (F) A WAIVER OF ANY RIGHT OF ANY DEBTOR OR THE DEBTORS AND/OR THE CARBON HEALTH LITIGATION TRUST UNDER THE BANKRUPTCY CODE OR ANY OTHER APPLICABLE LAW.**

**Exhibit 2**

**Objection Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>CARBON HEALTH TECHNOLOGIES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-90306 (CML)<br><br>(Jointly Administered) |

**NOTICE OF OMNIBUS OBJECTION**
**TO FILED PROOFS OF CLAIM AND DEADLINE**
**BY WHICH A RESPONSE MUST BE FILED WITH THE BANKRUPTCY COURT**

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW, RECLASSIFY, OR REDUCE THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**A HEARING HAS BEEN SET ON THIS OBJECTION ON __ AT __ IN COURTROOM 402, LOCATED AT 515 RUSK AVENUE, HOUSTON, TX 77002. PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION. AUDIO COMMUNICATION WILL BE BY THROUGH THE COURT'S DIAL-IN NUMBER AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ'S CONFERENCE ROOM NUMBER IS 590153. VIDEO COMMUNICATION WILL BE THROUGH THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE. THE MEETING CODE IS "JUDGELOPEZ." CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LOPEZ'S HOME PAGE, SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS, AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

**PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession, (collectively, the "Debtors" and after the effective date [Docket No. 784] the "Reorganized Debtors"),

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/CarbonHealth. The location of Carbon Health Technologies, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 500 East Remington Drive, Suite 20, Sunnyvale, CA 94087.

and/or the Carbon Health Litigation Trust, as applicable, are objecting to your claim(s) by the attached omnibus objection (the "Objection").

**YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE ATTACHED EXHIBIT AND SCHEDULES ATTACHED TO THE OBJECTION. PLEASE TAKE NOTICE THAT, AS A RESULT OF THE OBJECTION, YOUR CLAIM(S) MAY BE DISALLOWED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

## IMPORTANT INFORMATION REGARDING THE OBJECTION

Grounds for the Objection. By this Objection, the Reorganized Debtors and/or the Carbon Health Litigation Trust, as applicable, seek to disallow/expunge/ reclassify/reduce your claim(s) listed in **Exhibit A** attached hereto, on the grounds that the claims are [__________]. The claims subject to the Objection may also be found on the schedules attached to the Objection, a copy of which is provided with the notice.

Objection Procedures. On _____, 2026, the Court entered an order [Docket No. __] approving procedures for filing and resolving omnibus objections to claims asserted against the Debtors in these cases (the "Objection Procedures"). Please review the Objection Procedures to ensure your response to the Objection, if any, is timely and correctly filed and served.

## RESOLVING THE OBJECTION

Consensual Resolution. To facilitate consensual resolution of the Objection, certain of the Reorganized Debtors' personnel and advisors will be available to discuss and potentially resolve the Objection to disputed claims without the need for filing a formal response or attending a hearing. Please contact, as applicable: (i) John W. Lucas or Gail S. Greenwood of Pachulski Stang Ziehl & Jones LLP, counsel to the Debtors, by emailing jlucas@pszjlaw.com and ggreenwood@pszjlaw.com, or calling (415) 263-7000; or (ii) William Thomas of ASK LLP, co-counsel to the Carbon Health Litigation Trust, by emailing wthomas@askllp.com, or calling (651) 289-3847, within twenty (20) days of the date of this notice. Please have your proof(s) of claim and any related material available for discussion.

Parties Required to File a Response. If you disagree with, or are not able to consensually resolve, the Objection with respect to your claim(s), you must file a response (each a "Response") with the Court in accordance with the procedures described below and appear at the Hearing (as defined herein).

Response Contents. Each Response must contain the following (at a minimum):

a. a caption stating the name of the Court, the names of the Debtors, the case number, the Objection to which the Response is directed, the name of the claimant, and if applicable, the Claim number(s) related thereto from the public claims register;

b. a concise statement setting forth the reasons why the Court should not grant the Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Objection;

c. a copy of other documentation or other evidence of the Claim, to the extent not already included with the filed Claim, upon which the claimant will rely in opposing the Objection; *provided* however that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; and, provided, further, that the claimant shall disclose to counsel for the Reorganized Debtors and/or the Carbon Health Litigation Trust, as applicable, all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

d. a declaration or other statement of a person with personal knowledge of the relevant facts that support the Response; and

e. the following contact information for the responding party:

(i) the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Reorganized Debtors and/or the Carbon Health Litigation Trust, as applicable, should serve a reply to the Response, if any; and

(ii) the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Objection on the responding claimant's behalf.

Filing and Service of the Response. Your Response must be filed with the Court and served so that it is *actually received* **by 5:00 p.m. (prevailing Central Time) on [______], 2026** (the "Response Deadline") by the following parties (the "Notice Parties"), as applicable:

| **Counsel to the Debtors or Reorganized Debtors** | **United States Trustee** |
|---|---|
| Pachulski Stang Ziehl & Jones LLP<br>700 Louisiana Street, Suite 4500<br>Houston, TX 77002<br>Attn: Maxim B. Litvak, Theodore S. Heckel, and John W. Lucas | Office of the United States Trustee<br>515 Rusk Street, Suite 3516<br>Houston, TX 77002<br>Attn: Ha Nguyen |

| **Co-Counsel to the Carbon Health Litigation Trust** | |
|---|---|
| **ASK LLP**<br>Jason C. DiBattista, Esq.<br>Brigette McGrath, Esq.<br>William H. Thomas, Esq.<br>2600 Eagan Woods Drive, Suite 400<br>St. Paul, Minnesota 55121<br>Telephone: (651) 406-9665<br>Facsimile: (651) 406-9676<br>jdibattista@askllp.com<br>bmcgrath@askllp.com<br>wthomas@askllp.com<br><br>-and-<br><br>Marianna Udem, Esq.<br>60 East 42nd Street, 46th Floor<br>New York, New York 10165<br>Telephone: (212) 267-7342<br>Facsimile: (212) 918-3427<br>mudem@askllp.com | |

Failure to Respond. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at any Hearing. **Absent reaching an agreement with the Reorganized Debtors and/or the Carbon Health Litigation Trust resolving the Omnibus Objection, failure to timely file and serve a Response as set forth herein or to appear at the Hearing may result in the Court granting the Objection without further notice or hearing.** Upon entry of an order sustaining an Objection, affected creditors will be served with such order.

## HEARING ON THE OBJECTION

Date, Time, and Location. A hearing ("Hearing") on the Objection will be held on [______], 2026, at [_________] prevailing Central Time, before the Honorable Christopher M. Lopez, United States Bankruptcy Judge for the Southern District of Texas, in Courtroom 402 of the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Avenue, Houston, TX 77002. The hearing may be adjourned to a subsequent date in the Court's or the Debtors' discretion. **You must attend the Hearing if you disagree with the Objection and have filed a Response.** Contested Claims for which (a) a Response is filed in accordance with the response procedures, but not resolved prior to the Hearing, and (b) the claimant appears at the Hearing, may be heard at the Hearing and treated as a status conference or adjourned. If a subsequent hearing is determined to be necessary, the Reorganized Debtors and/or the Carbon Health Litigation Trust shall file with the Court and serve on the affected claimant a notice of hearing (the date of which shall be determined in consultation with the affected claimant).

Participation at the Hearing. **You may participate in the Hearing via audio or video connection, as described in the first page of this notice.**

Discovery. If the Reorganized Debtors and/or the Carbon Health Litigation Trust determine that discovery is necessary in advance of a Hearing on the Objection, the Reorganized Debtors and/or the Carbon Health Litigation Trust will serve notice on the affected claimant and its counsel of record that the scheduled Hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda for the hearing, or may be provided by separate notice.

## ADDITIONAL INFORMATION

Copies of the Objection Procedures or any other pleadings filed in these cases are available at no cost at the Debtors' restructuring website at https://restructuring.ra.kroll.com/carbonhealth. You may also obtain copies of any of the pleadings filed in these Chapter 11 Cases for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. **Please do not contact the Court to discuss the merits of any claim or any Objection.**

## RESERVATION OF RIGHTS

**NOTHING IN ANY OMNIBUS OBJECTION IS INTENDED OR SHALL BE DEEMED TO CONSTITUTE (A) AN ADMISSION AS TO THE VALIDITY OF ANY CLAIM AGAINST A DEBTOR ENTITY; (B) A WAIVER OF ANY RIGHT OF ANY DEBTOR, THE DEBTORS, THE REORGANIZED DEBTORS, AND/OR THE CARBON HEALTH LITIGATION TRUST TO DISPUTE ANY CLAIM ON ANY GROUNDS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE; (C) A PROMISE OR REQUIREMENT TO PAY ANY CLAIM; (D) AN IMPLICATION OR ADMISSION THAT ANY PARTICULAR CLAIM IS OF A TYPE SPECIFIED OR DEFINED IN THIS MOTION OR ANY ORDER GRANTING THE RELIEF REQUESTED BY THIS MOTION OR IN ANY OMNIBUS OBJECTION OR ANY ORDER SUSTAINING THE OMNIBUS OBJECTION; (E) A REQUEST OR AUTHORIZATION TO ASSUME ANY CONTRACT OR LEASE PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE; OR (F) A WAIVER OF ANY RIGHT OF ANY DEBTOR OR THE DEBTORS AND/OR THE CARBON HEALTH LITIGATION TRUST UNDER THE BANKRUPTCY CODE OR ANY OTHER APPLICABLE LAW.**

Dated: _____, 2026

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ DRAFT*

Maxim B. Litvak (SBT 24002482)
Theodore S. Heckel (SBT 24133488)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
mlitvak@pszjlaw.com
theckel@pszjlaw.com

-and-

Debra I. Grassgreen (admitted *pro hac vice*)
John W. Lucas (admitted *pro hac vice*)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
dgrassgreen@pszjlaw.com
jlucas@pszjlaw.com

*Counsel to the Reorganized Debtors*

**EXHIBIT A**
**(Claims Subject to Objection)**

| Date Filed | Claimant | Claim No. | Debtor | Asserted Amount | Basis for Objection | Proposed Treatment | Surviving Claim No. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |